UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EASTWOOD ENTERPRISES, LLC
individually and on behalf of all others
similarly situated,

   Plaintiffs,

v.                Case No. 8:07-cv-1940-T-24 MSS
                    **LEAD CASE**

TODD S. FARHA, ET AL.,

   Defendants.
_____

GLENN HUTTON, individually and on
behalf of all others similarly situated,

   Plaintiffs,

v.                Case No. 8:07-cv-1993-T-24 TBM

WELLCARE HEALTH PLANS, INC., ET AL.,

   Defendants.
_____/

### ORDER

   This cause comes before the Court on four competing motions for consolidation of cases and appointment of lead plaintiff filed by: Fuller & Thaler (Doc. No. 10), Central States, Southeast and Southwest Areas Pension Fund ("Central States") (Doc. No. 16), the Public Pension Funds ("the PPF Group") (Doc. No. 22), and Robert DeMario (Doc. No. 19). The parties have filed responses and reply briefs. As explained below, the Court grants the PPF Group's motion to consolidate the cases, to appoint it as lead plaintiff, and to approve their selection of lead counsel.

**I. Background**

This case arises from allegations concerning violations of the federal securities laws by WellCare Health Plans, Inc. ("WellCare").  Movants purchased the securities of Defendant WellCare during the period of November 4, 2004 through October 24, 2007.  It is alleged that during that time-frame, Defendants disseminated materially false and misleading information to investors about WellCare's financial condition that artificially inflated WellCare's stock price.

**II. Procedure for Appointing a Lead Plaintiff**

The Private Securities Litigation Reform Act ("PSLRA") establishes the procedure for appointing a lead plaintiff in class actions arising under the Securities Act.  The plaintiff who files the initial action must publish notice to the class within twenty days after filing the complaint, informing the class members of their right to file a motion for appointment of lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  The PSLRA provides a rebuttable presumption that the most adequate person to serve as lead plaintiff is the person or group of people that: (1) has filed the complaint or made a motion to be appointed lead plaintiff; (2) the court determines has the largest financial interest in the relief sought by the class; and (3) satisfies the requirements of Federal Rule of Civil Procedure 23[1].  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof that the presumptively most adequate plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

---

[1]With regards to the issue of whether the person or group of people satisfy the requirements of Federal Rule of Civil Procedure 23, the Court focuses its analysis on the typicality and adequacy requirements of Rule 23.  See Fischler v. AmSouth Bancorporation, No. 96-1567-Civ.-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb 6,1997).

## III.  Appointment of Lead Plaintiff

The motions for appointment of lead plaintiff were filed by Fuller & Thaler, Central States, the PPF Group, and Robert DeMario.  Robert DeMario's financial interest in the relief sought by the class is substantially less than the other three movants.  As such, his motion for appointment as lead plaintiff is denied.

At the outset, it appears that the PPF Group (a group made up of five funds[2]) is the presumptively most adequate lead plaintiff.  The PPF Group filed a motion to be appointed lead plaintiff, and it satisfies the typicality and adequacy requirements of Rule 23.  Specifically, the PPF Group has suffered similar injuries as a result of the same course of conduct by Defendants and has claims based on the same legal issues as the rest of the class.  Additionally, the Court finds that the PPF Group will fairly and adequately represent the class, because it has common interests with the rest of the class and a willingness to vigorously prosecute the action.  The Court notes that each fund that makes up the PPF Group has had experience as serving as a lead plaintiff in the past, and the funds making up the PPF Group are sophisticated institutional investors with a real financial interest in the litigation.

Furthermore, there is no dispute that the PPF Group has the largest financial interest in the relief sought by the class, as its losses are more than two times as large as Fuller & Thaler's loss (approximately $3.3 million) or Central States' loss (between $3.5 and $4 million).[3]

---

[2]The PPF Group consists of (1) New Mexico State Investment Council, (2) Public Employees Retirement Association of New Mexico, (3) Teachers' Retirement System of Louisiana, (4) Policemen's Annuity and Benefit Fund of Chicago, and (5) Public School Teachers Pension & Retirement Fund of Chicago.

[3]Fuller & Thaler also disputes the purported class period, and thus the loss calculation, put forth by the PPF Group.  Specifically, Fuller & Thaler contends that the period should be May 8, 2006 through October 24, 2007, while the PPF Group uses the period of November 4,

However, the other movants dispute whether the PPF Group is presumptively the most adequate plaintiff under the PSLRA, because it has the largest financial interest due to the aggregation of the financial losses of the five funds that make up the group. Central States and Fuller & Thaler argue that the Court should disregard the PPF Group because the group formed solely to aggregate their losses and attain lead plaintiff status. The Court disagrees.

District courts within the Eleventh Circuit have allowed aggregation of a group's loss in order to determine whether the group is the presumptively most adequate plaintiff. See Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc., 2007 WL 170556, at *2 (M.D. Fla. Jan. 18, 2007); Newman v. Eagle Building Technologies, 209 F.R.D. 499, 503-04 (S.D. Fla. 2002). In Newman, the court cited the Third Circuit case of In re Cedent Corp. Litigation, 264 F.3d 201, 266 (3d Cir. 2001), and stated the following:

> This Court does not find it appropriate to limit aggregation when the PSLRA specifically allows for a group of persons to serve as lead plaintiff. There is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves. Instead, the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as the lead plaintiff. Following the PSLRA, this Court focuses not on the composition of the [proposed group], but rather on whether the [proposed group] is adequate to serve as lead plaintiff.

Newman, 209 F.R.D. at 503-04.

Likewise, in the case of In re Cedent Corp. Litigation, the court stated:

> [T]he goal of the Reform Act's lead plaintiff provision is to locate a person or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an active agent for the class, and a group is not entitled to presumptive lead plaintiff status unless it "otherwise satisfies" Rule 23, which in turn requires that it be able to "fairly and adequately protect the interests of the class." If the court determines that the way in which a group seeking to

---

2004 through October 25, 2007. Regardless of which period is used, the PPF Group's losses more than double Fuller & Thaler's losses.

> become lead plaintiff was formed or the manner in which it is constituted would preclude it from fulfilling the tasks assigned to a lead plaintiff, the court should disqualify that movant on the grounds that it will not fairly and adequately represent the interests of the class.
>
> We note at this juncture that we disagree with those courts that have held that the statute invariably precludes a group of "unrelated individuals" from serving as a lead plaintiff. The statute contains no requirement mandating that the members of a proper group be "related" in some manner; it requires only that any such group "fairly and adequately protect the interests of the class." We do not intimate that the extent of the prior relationships and/or connection between the members of a movant group should not properly enter into the calculus of whether that group would "fairly and adequately protect the interests of the class," but it is this test, not one of relatedness, with which courts should be concerned.

In re Cedent, 264 F.3d at 266-67. Other courts have come to similar conclusions. See, e.g., In re Orthodontic Centers of America, Inc., Securities Litigation, 2001 WL 1636846, at *5 (E.D. La. Dec. 18, 2001)(stating that there is no requirement in the PSLRA that a group have a pre-existing relationship before the group can be considered for appointment as lead plaintiff).

Central States and Fuller & Thaler also argue that given that the PPF Group has identified four law firms as representing some or all of the funds, it is clear that the PPF Group's decision to move for appointment as lead plaintiff is lawyer-driven. The Court finds that Central States and Fuller & Thaler have not shown that to be true. The members of the PPF Group have filed a joint declaration in which they detail their history together and their desire to join together to litigate this action. (Doc. No. 28). They further state that if appointed, they will "ensure, through supervision of [their] chosen qualified counsel, that the action is prosecuted for the benefit of the Class in an efficient and cost-effective manner" and that they would oversee counsel's prosecution of this action "to ensure that the case is handled efficiently and without duplication of work." (Doc. No. 28). Additionally, the Court notes that the PPF Group only seeks appointment of two law firms as lead counsel.

This Court is satisfied that the PPF Group is not lawyer-driven. Furthermore, the Court notes that given the number of members of the PPF Group, it may be able to "' more effectively withstand any supposed effort by the class counsel to seize control of the class claims.'" D'Hondt v. Digi International, Inc., 1997 WL 405668, at *3 (D. Minn. April 3, 1997).

Additionally, the Court notes that two members of the PPF Group, New Mexico State Investment Council and Public Employees Retirement Association of New Mexico, are closely related. They share overlapping management and representation; specifically, the New Mexico Treasurer sits on the boards of both entities, and both entities are represented in legal matters by the Office of the New Mexico Attorney General. The combined losses of these two entities surpasses the losses of Central States and Fuller & Thaler, which undermines the assertion that the five members of the PPF Group came together solely to attain lead plaintiff status.

Central States argues that if the Court is inclined to grant the PPF Group's motion, the Court should allow Central States to conduct discovery regarding the formation of the PPF Group in order to rebut the presumption that the PPF Group should be appointed as lead plaintiff. While the PSLRA does allow discovery relating to the appointment of a lead plaintiff, it only allows it in limited circumstances. Specifically, the PSLRA provides: "[D]iscovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv). The Court finds that Central States has not demonstrated a reasonable basis for finding that the PPF Group is incapable of adequately representing the class.

Accordingly, the Court finds that the PPF Group is the movant with the largest financial interest in the relief sought by the class and that it meets the requirements of Rule 23. Therefore, the Court will grant the PPF Group's motion and appoint it as lead plaintiff in this consolidated action.

## IV.  Appointment of Lead Counsel

The PSLRA vests the authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court has determined that the PPF Group should serve as lead plaintiff to represent the interests of the class in this consolidated action, and the PPF Group have selected the law firms of Bernstein Litowitz Berger & Grossman LLP and Labaton Sucharow LLP to serve as co-lead counsel for the class. The Court approves of their selection.

## V.  Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)  Fuller & Thaler's motion to be appointed as lead plaintiff (Doc. No. 10) is **DENIED**.

(2)  Central States' motion to be appointed as lead plaintiff (Doc. No. 16) is **DENIED**.

(3)  Robert DeMario's motion to be appointed as lead plaintiff (Doc. No. 19) is **DENIED**.

(4)  The Public Pension Funds's motion for consolidation and to be appointed lead plaintiff (Doc. No. 22) is **GRANTED**.

(5)  The Public Pension Funds are appointed to serve as Lead Plaintiffs.

(6) The Public Pension Funds' selection of counsel is approved, and Bernstein Litowitz Berger & Grossman LLP and Labaton Sucharow LLP are appointed as Lead Counsel for the class.

(7) Case number 8:07-cv-1993-T-24TBM is hereby consolidated with 8:07-cv-1940-T-24MSS. Case number 8:07-cv-1940-T-24MSS will be the lead case number, and all further pleadings will be filed therein.

(8) The Clerk is directed to **ADMINISTRATIVELY CLOSE** case number 8:07-cv-1993-T-24TBM.

(9) Lead Plaintiff is directed to file an amended complaint no later than 60 days after the date of this Order.

(10) Defendants are directed to file a response to the amended complaint no later than 60 days after the amended complaint is filed.

(11) If a motion to dismiss is filed, Lead Plaintiff is directed to file a response to such motion no later than 30 days after such motion is filed.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of March, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

8