## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EASTWOOD ENTERPRISES, LLC
Individually and on Behalf of All Others
Similarly Situated,

                            Plaintiffs,

          vs.

TODD S. FARHA, PAUL L. BEHRENS,
THADDEUS BEREDAY, and
WELLCARE HEALTH PLANS, INC.,

                            Defendants.

CASE NO. 8:07-cv-1940-T-VMC-EAJ

## DEFENDANT WELLCARE HEALTH PLANS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant WellCare Health Plans, Inc. ("WellCare"), for its Answer to Plaintiffs'

Consolidated Class Action Complaint ("Complaint"), dated October 31, 2008, responds to the

averments in the numbered paragraphs of the Complaint as follows:

1.      Paragraph 1 purports to describe certain of Plaintiffs' claims, and no response is

required.  To the extent a response is required, the allegations of paragraph 1 are denied.

2.      WellCare admits the allegations of the first sentence of paragraph 2.

WellCare denies sufficient knowledge to admit or deny the allegations of the second and

third sentences of paragraph 2 and on that basis denies those allegations.  WellCare denies

the fourth sentence of paragraph 2, except states that its stock closed at $37.95 per share on

February 14, 2005 and at $42.67 per share on October 25, 2007.  WellCare denies the

allegations of the last sentence of paragraph 2, except to state that, to the extent those

allegations rely on the contents of documents, WellCare refers to those documents for their

full and complete contents and denies any allegations inconsistent therewith. In so doing, here and throughout this Answer, WellCare does not necessarily admit to the truth of the contents of such documents.

3.    WellCare denies the allegations of paragraph 3, except to state that, under certain of its Medicaid contracts, it has been required, at times, to expend a minimum percentage of premiums on eligible medical expense, and to the extent that it has expended less than the minimum percentage of the premiums on eligible medical expense, it has been required to refund all or some portion of the difference between the minimum and its actual allowable medical expense.

4.    WellCare denies the allegations of paragraph 4.

5.    WellCare denies the allegations of paragraph 5, except states that, with respect to certain Florida and Illinois Medicaid contracts, WellCare included some ineligible medical expenses in its premium refund calculations which understated the amount of the refunds, and, between 2004 and 2007, this resulted in WellCare retaining approximately $46.5 million in premiums that should have been, and ultimately were, refunded.

6.    WellCare denies the allegations of paragraph 6.

7.    WellCare denies the allegations of the first sentence of paragraph 7, except to state that WellCare, on January 26, 2009, restated its financial statements for its fiscal years ended December 31, 2004, 2005, and 2006, for the three month period ended March 31, 2007, and for the three and six month period ended June 30, 2007 in its 2007 Form 10-K (the "Restatement"), and WellCare refers to the Restatement for its full and complete contents and denies any allegations inconsistent therewith. WellCare lacks sufficient information to

admit or deny the allegations of the second sentence of paragraph 7 and on that basis denies those allegations.  To the extent the allegations of the third and fourth sentences of paragraph 7 rely upon the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 7 are denied.

8.    To the extent the allegations of paragraph 8 rely upon the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 8 are denied.

9.    To the extent the allegations of paragraph 9 rely upon the content of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 9 are denied.

10.    WellCare denies the allegations of the first sentence of paragraph 10, except to state that a search warrant was executed on October 24, 2007 at WellCare's Tampa headquarters.  WellCare denies knowledge sufficient to admit or deny the remaining allegations of paragraph 10 and on that basis denies those allegations, except to state that, during the search, agents seized computers and documents.

11.    WellCare denies the allegations of paragraph 11, except to state that the closing price of WellCare stock on October 23, 2007 was $122.27 per share, and the closing price on October 25, 2007 was $42.67 per share.

12.    To the extent that the allegations of the first, third, fourth, and fifth sentences of paragraph 12 rely upon the contents of Gregory West's ("West's") plea agreement, WellCare refers to the plea agreement for its full and complete contents, denies any allegations inconsistent therewith, and denies the remaining allegations of those sentences. WellCare denies the allegations of the second sentence of paragraph 12, except to state that West, a former WellCare employee, pleaded guilty to a single count of conspiracy to commit health care fraud on December 21, 2007. WellCare lacks knowledge sufficient to admit or deny the allegations of the sixth or seventh sentences of paragraph 12 and on that basis denies those allegations.

13.    WellCare lacks knowledge sufficient to admit or deny the allegations of paragraph 13 and on that basis denies those allegations.

14.    WellCare denies the first sentence of paragraph 14. To the extent the allegations of the second and third sentences of paragraph 14 rely on the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith. WellCare denies the allegations of the fourth sentence of paragraph 14, except refers to its January 31, 2008 Form 8-K and the separation agreements of Todd S. Farha ("Farha"), Paul L. Behrens ("Behrens"), and Thaddeus Bereday ("Bereday"), attached to that Form 8-K as Exhibits 10.1, 10.2, and 10.3, for their full and complete contents and denies any allegations inconsistent therewith. WellCare denies the allegations of the last sentence of paragraph 14.

15.    To the extent that the allegations of paragraph 15 rely upon the contents of WellCare's July 21, 2008 Form 8-K, WellCare refers to that document for its full and

complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 15 are denied.

16. To the extent that the allegations of the first three sentences of paragraph 16 rely upon the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. WellCare denies knowledge sufficient to admit or deny the allegations of the last sentence of paragraph 16 and on that basis denies those allegations.

17. To the extent that the allegations of paragraph 17 rely upon the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith. WellCare denies the remaining allegations of paragraph 17.

18. WellCare lacks knowledge sufficient to admit or deny the allegations of the first sentence of paragraph 18 and on that basis denies those allegations. WellCare denies the allegations of the second sentence of paragraph 18, except to state that, on September 3, 2008, it received executed amendments to contracts between the State of Florida, Agency for Health Care Administration and HealthEase of Florida, Inc. and WellCare of Florida, Inc., respectively, which reduced the premium rates payable under the contracts by approximately 3% effective September 1, 2008, amended the benefits to be offered by the plans effective January 1, 2009 and reduced the maximum enrollment levels effective September 1, 2008. WellCare denies the allegations of the third sentence of paragraph 18 except to state that WellCare's closing stock price on October 23, 2007 was $122.27 per share and $24.19 per share at closing on October 31, 2008. WellCare denies the allegations of the last sentence of paragraph 18.

19.    Paragraph 19 purports to describe certain of Plaintiffs' claims, and no response is required.  To the extent that any response is required, the allegations in paragraph 19 are denied.

20.    Paragraph 20 asserts legal conclusions, and no response is required.  To the extent a response is required, the allegations of paragraph 20 are denied.

21.    Paragraph 21 asserts legal conclusions, and no response is required.  To the extent a response is required, the allegations of paragraph 21 are denied, except WellCare admits that its headquarters are located in Tampa, Florida.

22.    Paragraph 22 asserts legal conclusions, and no response is required.  To the extent a response is required, the allegations of paragraph 22 are denied.

23.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 23, and on that basis denies those allegations.

24.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 24, and on that basis denies those allegations.

25.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 25, and on that basis denies those allegations.

26.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 26, and on that basis denies those allegations.

27.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 27, and on that basis denies those allegations.

28.    The first sentence of paragraph 28 purports to describe certain of Plaintiffs' claims and no response is required.  WellCare admits the allegations of the second sentence of paragraph 28.

29.     WellCare denies that it was founded in 1985 and otherwise admits the remaining allegations of paragraph 29, except to state that WellCare was formerly known as "WellCare Holdings, LLC" and "WCG Health Management, Inc."

30.     WellCare denies the allegations of paragraph 30, except to state that Farha was WellCare's Chief Executive Officer, President, and Chairman of the Board of Directors at various times during the Class Period; that Farha signed certain of WellCare's SEC filings and Sarbanes-Oxley certifications at various times during the period February 14, 2005 through October 25, 2007 (the "Class Period"); and that Farha resigned from WellCare in January 2008. WellCare lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 30, and on that basis denies those allegations.

31.     WellCare denies the allegations of paragraph 31, except to state that Behrens was WellCare's Chief Financial Officer and a Senior Vice President of WellCare at various times during the Class Period; that Behrens signed certain of WellCare's SEC filings and Sarbanes-Oxley certifications at various times during the Class Period; and that Behrens resigned from WellCare in January 2008. WellCare lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 31, and on that basis denies those allegations.

32.     WellCare denies the allegations of paragraph 32, except to state that Bereday was WellCare's Senior Vice President, General Counsel, and Secretary at various times during the Class Period; that Bereday was, at various times during the Class Period, WellCare's Chief Compliance Officer and was responsible for WellCare's Trust Program; and that Bereday resigned from WellCare in January 2008. WellCare lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 32, and on that basis denies those allegations.

33.     The first sentence of paragraph 33 purports to describe certain of Plaintiffs' claims, and no response is required.  WellCare denies the remaining allegations of paragraph 33, except to state that, prior to their respective resignations, one or more of Farha, Behrens, and Bereday participated in WellCare's management and were involved in WellCare's day-to-day operations, including some aspects of its accounting and reporting functions, had access to information concerning WellCare's business operations and financial statements, and that Farha and Behrens signed certain of WellCare's SEC filings which included WellCare financial statements.

34.     Paragraph 34 states legal conclusions, to which no response by WellCare is required.  To the extent any response is required, the allegations are denied.

35.     Paragraph 35 states legal conclusions, to which no response by WellCare is required.  To the extent any response is required, the allegations are denied, except to state that WellCare common stock was traded on the New York Stock Exchange between February 14, 2005 and October 25, 2007.

36.     Paragraph 36 states legal conclusions, to which no response by WellCare is required.  To the extent any response is required, the allegations are denied.

37.     Paragraph 37 states legal conclusions, to which no response by WellCare is required.  To the extent any response is required, the allegations are denied.

38.     Paragraph 38 states legal conclusions, to which no response by WellCare is required.  To the extent any response is required, the allegations are denied.

39.     Paragraph 39 states legal conclusions, to which no response by WellCare is required.  To the extent any response is required, the allegations are denied.

40.     WellCare admits the allegations of paragraph 40.

41.     WellCare admits the allegations of the first two sentences of paragraph 41. WellCare denies the allegations of the last sentence of paragraph 41, except states that, at various times during the alleged Class Period, WellCare, through its licensed subsidiaries, operated Medicaid plans in Florida, New York, Connecticut, Illinois, Indiana, Missouri, Georgia, and Ohio.

42.     WellCare admits the allegations of paragraph 42.

43.     WellCare admits the first sentence of paragraph 43.  WellCare denies the second and third sentences of paragraph 43, except to state that  "capitation reimbursement" is a form of payment whereby HMOs and other providers are paid a fixed amount for each enrolled beneficiary or member receiving benefits from that HMO or provider, and that some of WellCare's Medicaid payments to physicians during the alleged Class Period were made on a capitated basis.

44.     WellCare denies the allegations of paragraph 44, except states that WellCare contracts with health care providers for the provision of health care services to its members, and that, at various times during the alleged Class Period, most of WellCare's Medicaid and Medicare payments to providers were made on a fee-for-service basis.

45.     WellCare denies the allegations of paragraph 45, except states that WellCare's net income, as originally reported, was approximately $49.25 million as of December 31, 2004 and was approximately $139.18 million as of December 31, 2006; WellCare's total enrollment increased from 747,000 to 2,258,000 between December 31, 2004 and December 31, 2006; and WellCare's stock price was $19.53 on July 1, 2004 and $122.27 on October 23, 2007.

46.     To the extent that the allegations of paragraph 46 rely upon the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 46 are denied.

47.     To the extent that the allegations of paragraph 47 rely upon the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 47 are denied.

48.     To the extent that the allegations of paragraph 48 rely upon the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 48 are denied.

49.     To the extent that the allegations of paragraph 49 rely upon the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 49 are denied.

50.     To the extent that the allegations of paragraph 50 rely upon the content of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.   The remaining allegations of paragraph 50 are denied, except WellCare states that its stock price on October 23, 2007 closed at $122.27 per share.

51.     WellCare denies the allegations of the first sentence of paragraph 51, except states that it received roughly $46.5 million under certain Florida Medicaid and Florida Healthy Kids Corporation program contracts and WellCare's Medicaid contract with the Illinois Department of Health and Family Services which it should not have retained and which it has returned.  The second sentence of paragraph 51 purports to describe certain of

plaintiffs claims, and no response is required.  To the extent a response is required, the allegations of the second sentence of paragraph 51 are denied.

52.    WellCare denies the allegations of paragraph 52, except to state that the term "medical loss ratio" has sometimes been used in the health insurance industry to refer to the percentage of revenues from health insurance premiums which a health insurer spends to pay for medical services covered by a given plan, that the ratio is used for a variety of purposes in the industry, and that a health insurer having a high medical loss ratio (all other things being equal) is spending a higher percentage of its premium revenues on providing medical services.

53.    WellCare denies the allegations of paragraph 53 and refers to WellCare's financial statements for its fiscal 2004, 2005, 2006 years, the first quarter of 2007, and the Restatement for their full and complete contents with respect to WellCare's net income, revenue, and profit margin for each period.

54.    To the extent that the allegations of paragraph 54 rely on the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 54 are denied.

55.    WellCare denies the allegations of paragraph 55, except to state that, at various times within the alleged Class Period, WellCare derived a material amount of its revenues from its business in Florida.

56.    To the extent that the allegations of paragraph 56 rely on the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 56 are denied.

57.    To the extent that the allegations of paragraph 57 rely on the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.  To the extent that the allegations of paragraph 57 assert legal conclusions, no response is required.  To the extent a response is required, those allegations and all of the remaining allegations of paragraph 57 are denied.

58.    To the extent that the allegations of paragraph 58 rely on the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.  To the extent that the allegations of paragraph 58 assert legal conclusions, no response is required.  To the extent a response is required, those allegations and all of the remaining allegations of paragraph 58 are denied.

59.    WellCare denies the allegations of paragraph 59, except to state that, with respect to certain Florida and Illinois Medicaid contracts, WellCare included some ineligible medical expenses in its premium refund calculations which understated the amount of the refunds; that, as a result, WellCare retained premiums to which it was not entitled; and that the retention of those premiums resulted, in part, in WellCare's statements of its net income and earnings per share-diluted for its fiscal years ended December 31, 2004, 2005, 2006, and the first and second quarters of 2007 being misstated in amounts which are detailed in WellCare's Restatement.  WellCare denies the remaining allegations of paragraph 59.

60.    WellCare denies the allegations of paragraph 60.

61.    WellCare denies the allegations of paragraph 61.

62.    WellCare denies the allegations of paragraph 62.

63.    WellCare admits that West has pleaded guilty to one count of conspiracy to commit health care fraud, refers to the contents of West's plea agreement and related documents for their full and complete contents, and denies any allegations inconsistent therewith.  WellCare lacks sufficient knowledge to admit or deny the allegations of the second sentence of paragraph 63, and on that basis denies those allegations.

64.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 64, and on that basis denies those allegations.

65.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 65, and on that basis denies those allegations.

66.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 66, and on that basis denies those allegations.

67.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 67, and on that basis denies those allegations.

68.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 68, and on that basis denies those allegations.

69.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 69, and on that basis denies those allegations.

70.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 70, and on that basis denies those allegations.

71.    WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 71, and on that basis denies those allegations.

72.    WellCare denies the allegations of the first sentence of paragraph 72, except states that it received roughly $46.5 million under certain Florida Medicaid and Florida Healthy Kids Corporation program contracts and WellCare's Medicaid contract with the Illinois Department of Health and Family Services which it was not legally entitled to retain and which it has returned, and that the retention of that money increased reported income in varying amounts in different periods as set forth in the Restatement.  The last sentence of paragraph 72 asserts a legal conclusion, to which no response is required.  To the extent a response is required, the allegations of the last sentence of paragraph 72 are denied.

73.    WellCare denies the allegations of paragraph 73, except states that, to the extent that the chart provided in paragraph 73 relies on the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.

74.    WellCare denies the first sentence of paragraph 74.  To the extent that the allegations of the second sentence of paragraph 74 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 74 are denied.

75.    To the extent that the allegations of paragraph 75 rely on the contents of documents, WellCare refers the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 75 are denied.

76.    Paragraph 76 asserts legal conclusions and no response is required.  To the extent a response is required, the allegations of paragraph 76 are denied.

77.     The first sentence of paragraph 77 asserts a legal conclusion and no response is required.  To the extent a response is required, WellCare denies the allegations of the first sentence of paragraph 77.  WellCare denies the allegations of the second sentence of paragraph 77.

78.     To the extent that the allegations of paragraph 78 rely on the contents of documents and regulations, WellCare refers the documents and regulations for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 78 are denied.

79.     To the extent that the allegations of paragraph 79 rely on the contents of regulations, WellCare refers to the regulations for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 79 are denied.

80.     WellCare denies the allegations of paragraph 80.

81.     WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 81, and on that basis denies those allegations.

82.     WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 82, and on that basis denies those allegations.

83.     WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 83, and on that basis denies those allegations.

84.     WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 84, and on that basis denies those allegations.

85.     WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 85, and on that basis denies those allegations.

86.     WellCare lacks sufficient knowledge to admit or deny the allegations of paragraph 86, and on that basis denies those allegations.

87.     To the extent that the allegations of paragraph 87 rely on the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 87 are denied.

88.     To the extent that the allegations of paragraph 88 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 88 are denied.

89.     To the extent that the allegations of paragraph 89 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 89 are denied.

90.     To the extent that the allegations of paragraph 90 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 90 are denied.

91.     To the extent that the allegations of paragraph 91 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 91 are denied.

92.     To the extent that the allegations of paragraph 92 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 92 are denied.

93.     WellCare denies the allegations of the first two sentences of paragraph 93, except states that Mr. Sattaur resigned from WellCare on April 6, 2007, and that Mr. Sattaur departed to

pursue other opportunities. To the extent that the last sentence of paragraph 93 relies on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

94.    To the extent that the allegations of paragraph 94 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 94 are denied.

95.    WellCare denies the allegations of paragraph 95, except states that WellCare's stock price closed at $93.44 per share on April 24, 2007, and that it closed at $86.50 per share on April 27, 2007; that WellCare announced its first quarter earnings on April 30, 2007; and that WellCare increased its guidance for year-end 2007 from a range of $4.10–$4.20 to $4.65–$4.75.

96.    To the extent that the allegations of paragraph 96 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 96 are denied.

97.    WellCare admits that a conference call took place on May 8, 2007, refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 97 to the extent that they are inconsistent with the transcript. The remaining allegations of paragraph 97 are denied.

98.    WellCare denies the allegations of paragraph 98, except to state that the price of its stock was $82.82 per share at the market's close on May 7, 2007, and that it was $90.16 per share at the market's close on May 8, 2007.

99.     To the extent that the allegations of paragraph 99 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 99 are denied.

100.    To the extent that the allegations of paragraph 100 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 100 are denied.

101.    To the extent that the allegations of paragraph 101 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 101 are denied.

102.    WellCare admits that a conference call took place on May 8, 2007, refers to the transcript of that conference call for its full and complete contents, and denies any allegations of paragraph 102 inconsistent therewith.  The remaining allegations of paragraph 102 are denied.

103.    WellCare denies the allegations of paragraph 103, except to state that the Senate's Special Committee on Aging held a hearing on May 16, 2007 at which representatives of WellCare testified.  WellCare refers to the transcript of that hearing for its full and complete contents and denies any allegations of paragraph 103 inconsistent therewith.

104.    WellCare denies the first sentence of paragraph 104.  To the extent that the allegations of the second sentence of paragraph 104 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  WellCare denies the third and fourth sentences of paragraph 104, except to state that Gary Bailey testified before the House Subcommittee on Oversight and

Investigations on June 26, 2007, and WellCare refers to the transcript of that testimony for its full and complete contents. The remaining allegations of paragraph 104 are denied.

105. To the extent that the allegations of paragraph 105 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 105 are denied.

106. WellCare denies the allegations of the first and second sentences of paragraph 106, except to state that a search warrant was executed by state and federal officials on October 24, 2007 at WellCare's Tampa headquarters. WellCare denies knowledge sufficient to admit or deny the remaining allegations of paragraph 106 and on that basis denies those allegations.

107. To the extent that the allegations of paragraph 107 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 107 are denied, except to state that, during the search, agents seized computers and documents.

108. To the extent that the allegations of paragraph 108 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 108 are denied.

109. WellCare lacks knowledge sufficient to either admit or deny the allegations of paragraph 109, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 109 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

110.    WellCare denies the allegations of paragraph 110, except to state that trading in WellCare stock on the New York Stock Exchange was halted at 10:59 a.m. on October 24, 2007; WellCare's closing share price on October 23, 2007 was $122.27, and its closing price on October 25 was $42.67; and that WellCare's market capitalization declined from $5.1 billion at market close on October 23, 2007 to $1.8 billion at market close on October 25, 2007.  WellCare lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 110, and on that basis denies those allegations.

111.    WellCare denies the first sentence of paragraph 111.  To the extent that the remaining allegations of paragraph 111 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegation of paragraph 111 are denied.

112.    To the extent that the allegations of paragraph 112 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegation of paragraph 112 are denied.

113.    WellCare denies the allegations of paragraph 113, except states that WellCare was served with five subpoenas subsequent to October 24, 2007, refers to those subpoenas for their full and complete contents, and denies any allegations inconsistent therewith.

114.    WellCare denies the first three sentences of paragraph 114, except to state that West, a former WellCare employee, pled guilty to a single count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 on December 21, 2007, and that West, while at WellCare, had been a Finance Analysis Project Manager in the Company's Financial Medical Economics Department before 2007.  WellCare lacks sufficient knowledge to admit or deny the

allegations in the fourth sentence of paragraph 114, and therefore denies those allegations. With respect to the allegations in the fifth and sixth sentences of paragraph 114, WellCare refers to West's plea agreement for its full and complete contents and denies those allegations to the extent they are inconsistent with the plea agreement. The remaining allegations of paragraph 114 are denied.

115.    To the extent that the allegations of paragraph 115 rely on West's plea agreement, WellCare refers to West's plea agreement for its full and complete contents and denies those allegations to the extent they are inconsistent therewith. The remaining allegations of paragraph 115 are denied.

116.    WellCare denies the first sentence of paragraph 116, except states that West's plea agreement does not identify any WellCare officers who directed West. WellCare admits that a conference call took place on November 2, 2005, refers to the transcript of that conference call for its full and complete contents, and denies any allegations of paragraph 116 inconsistent therewith. The remaining allegations of paragraph 116 are denied.

117.    WellCare refers to the transcript of the hearing at which West pled guilty for its full and complete contents and denies any allegations of paragraph 117 inconsistent therewith. The remaining allegations of paragraph 117 are denied.

118.    To the extent that the allegations of paragraph 118 rely on the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 118 are denied.

119.    To the extent that the allegations of paragraph 119 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 119 are denied.

120.    To the extent that the allegations of paragraph 120 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations  inconsistent therewith.  The remaining allegations of paragraph 120 are denied.

121.    WellCare denies the allegations of paragraph 121, except to state that in November 2007, WellCare approved a special cash retention bonus to WellCare personnel who were employed on October 31, 2007 and who remained employed at WellCare through December 31, 2008, and that Farha, Behrens, and Bereday, who entered separation agreements with WellCare on January 25, 2008, were ineligible for the retention bonus.

122.    To the extent that the allegations of paragraph 122 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 122 are denied.

123.    To the extent that the allegations of paragraph 123 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 123 are denied.

124.    WellCare denies the allegations of paragraph 124.

125.    To the extent that the allegations of paragraph 125 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 125 are denied.

126.    To the extent that the allegations of paragraph 126 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 126 are denied.

127.    To the extent that the allegations of paragraph 127 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 127 are denied.

128.    To the extent that the allegations of paragraph 128 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations  inconsistent therewith.  The remaining allegations of paragraph 128 are denied.

129.    To the extent that the allegations of paragraph 129 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 129 are denied.

130.    WellCare denies the allegations of paragraph 130, except to state that, on September 3, 2008, it received executed amendments to contracts between the State of Florida, Agency for Health Care Administration and HealthEase of Florida, Inc. and WellCare of Florida, Inc., respectively, which reduced the premium rates payable under the contracts by approximately 3% effective September 1, 2008, amended the benefits to be offered by the plans effective January 1, 2009 and reduced the maximum enrollment levels effective September 1, 2008.

131.    To the extent that the allegations of paragraph 131 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations  inconsistent therewith.  The remaining allegations of paragraph 131 are denied.

132.    To the extent the allegations of paragraph 132 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.    WellCare incorporates its responses to paragraphs 76–80 of the Complaint by reference as if fully stated herein.  The remaining allegations of paragraph 132 are denied.

133.    WellCare denies the allegations of paragraph 133.

134.    Paragraph 134 purports to describe certain of Plaintiffs' claims, and no response is required.  To the extent a response is required, the allegations of paragraph 134 are denied.

135.    To the extent the allegations of paragraph 135 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 135 are denied.

136.    To the extent the allegations of paragraph 136 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 136 are denied.

137.    To the extent the allegations of paragraph 137 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 137 are denied.

138.    To the extent the allegations of paragraph 138 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 138 are denied.

139.    To the extent the allegations of paragraph 139 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 139 are denied.

140.    To the extent the allegations of paragraph 140 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 140 are denied.

141.    To the extent the allegations of paragraph 141 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 141 are denied.

142.    To the extent the allegations of paragraph 142 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.   WellCare incorporates its responses to paragraphs 76–80 of the Complaint as if fully set forth herein and denies the remaining allegations of paragraph 142.

143.    To the extent the allegations of paragraph 143 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 143 are denied.

144.    To the extent the allegations of paragraph 144 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 144 are denied.

145.    To the extent the allegations of paragraph 145 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 145 are denied.

146.    To the extent the allegations of paragraph 146 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 146 are denied.

147.    To the extent the allegations of paragraph 147 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 147 are denied.

148.    To the extent the allegations of paragraph 148 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  WellCare states that the price of its stock was $31.60 per share at the market's open on May 9, 2005, and that it was $33.40 per share at the market's close on May 10, 2005.  The remaining allegations of paragraph 148 are denied.

149.    To the extent the allegations of paragraph 149 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 149 are denied.

150.    To the extent the allegations of paragraph 150 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 150 are denied.

151.    To the extent the allegations of paragraph 151 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 151 are denied.

152.    To the extent the allegations of paragraph 152 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 152 are denied.

153.    To the extent the allegations of paragraph 153 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 153 are denied.

154.    To the extent the allegations of paragraph 154 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 154 are denied.

155.    To the extent the allegations of paragraph 155 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 155 are denied.

156.    To the extent the allegations of paragraph 156 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 156 are denied.

157.    To the extent the allegations of paragraph 157 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 157 are denied.

158.    To the extent the allegations of paragraph 158 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith, except states that the price of its stock was $31.35 per share at the

market's open on November 1, 2005, and that it was $35.33 per share at the market's close on November 2, 2005. The remaining allegations of paragraph 158 are denied.

159.     To the extent the allegations of paragraph 159 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 159 are denied.

160.     To the extent the allegations of paragraph 160 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 160 are denied.

161.     To the extent the allegations of paragraph 161 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 161 are denied.

162.     To the extent the allegations of paragraph 162 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 162 are denied

163.     To the extent the allegations of paragraph 163 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. WellCare incorporates its responses to paragraphs 76–80 and 140–141 of the Complaint as if fully set forth herein, and denies the remaining allegations of paragraph 163.

164.     To the extent the allegations of paragraph 164 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. WellCare states that the price of its stock was $39.01 per share at the

market's open on February 13, 2006, and that it was $41.50 per share at the market's close on February 14, 2006. The remaining allegations of paragraph 164 are denied.

165.    To the extent the allegations of paragraph 165 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 165 are denied.

166.    To the extent the allegations of paragraph 166 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 166 are denied.

167.    To the extent the allegations of paragraph 167 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 167 are denied.

168.    To the extent the allegations of paragraph 168 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 168 are denied.

169.    To the extent the allegations of paragraph 169 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 169 are denied.

170.    To the extent the allegations of paragraph 170 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. WellCare states that the price of its stock was $41.05 per share at the market's open on May 8, 2006, and that it was $45.38 per share at the market's close on May 10, 2006. The remaining allegations of paragraph 170 are denied.

171.     To the extent the allegations of paragraph 171 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 171 are denied.

172.     To the extent the allegations of paragraph 172 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 172 are denied.

173.     To the extent the allegations of paragraph 173 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 173 are denied.

174.     To the extent the allegations of paragraph 174 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 174 are denied.

175.     To the extent the allegations of paragraph 175 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  WellCare states that the price of its stock was $50.36 per share at the market's close on August 1, 2006, and that it was $51.45 per share at the market's close on August 3, 2006.  The remaining allegations of paragraph 175 are denied.

176.     To the extent the allegations of paragraph 176 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 176 are denied.

177.    To the extent the allegations of paragraph 177 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 177 are denied.

178.    To the extent the allegations of paragraph 178 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 178 are denied.

179.    To the extent the allegations of paragraph 179 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 179 are denied.

180.    To the extent the allegations of paragraph 180 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 180 are denied.

181.    WellCare incorporates its responses to paragraphs 76–80 of the Complaint as if fully set forth herein and otherwise denies the allegations of paragraph 181.

182.    To the extent the allegations of paragraph 182 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. WellCare states that the price of its stock was $58.75 per share at the market's close on October 31, 2006, and that it was $61.39 per share at the market's close on November 2, 2006. The remaining allegations of paragraph 182 are denied.

183.    To the extent the allegations of paragraph 183 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 183 are denied.

184.    To the extent the allegations of paragraph 184 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 184 are denied.

185.    To the extent the allegations of paragraph 185 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 185 are denied.

186.    To the extent the allegations of paragraph 186 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 186 are denied.

187.    To the extent the allegations of paragraph 187 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  WellCare incorporates its responses to paragraphs 76–80 and 140–141 of the Complaint as if fully set forth herein, and denies any remaining allegations of paragraph 187.

188.    To the extent the allegations of paragraph 188 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  WellCare states that the price of its stock was $76.50 per share at the market's close on February 12, 2007, and that it was $79.70 per share at the market's close on February 15, 2007.  The remaining allegations of paragraph 188 are denied.

189.    WellCare incorporates its responses to the allegations of paragraphs 88–91 of the Complaint as if fully stated herein, and otherwise denies the allegations of paragraph 189.

190.    To the extent the allegations of paragraph 190 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 190 inconsistent therewith.    The remaining allegations of paragraph 190 are denied.

191.    To the extent the allegations of paragraph 191 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 191 inconsistent therewith.    The remaining allegations of paragraph 191 are denied.

192.    WellCare denies the allegations of paragraph 192.

193.    WellCare denies the allegations of the first sentence of paragraph 193, except states that its closing price on April 24, 2007 was $93.44 per share and that it was $86.50 per share on April 27, 2007.  To the extent the remaining allegations of paragraph 193 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 193 inconsistent therewith.    The remaining allegations of paragraph 193 are otherwise denied.

194.    To the extent the allegations of paragraph 194 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 194 inconsistent therewith.    The remaining allegations of paragraph 194 are denied.

195.    To the extent the allegations of paragraph 195 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies

any allegations of paragraph 195 inconsistent therewith.   The remaining allegations of paragraph 195 are denied.

196.   To the extent the allegations of paragraph 196 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 196 inconsistent therewith.   The remaining allegations of paragraph 196 are denied.

197.   To the extent the allegations of paragraph 197 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 197 inconsistent therewith.   The remaining allegations of paragraph 197 are denied.

198.   WellCare admits that it held an earnings conference call on May 8, 2007, refers to the transcript of that call for its full and complete contents, and denies any allegations in paragraph 198 inconsistent with that transcript.

199.   WellCare admits that it held an earnings conference call on May 8, 2007, refers to the transcript of that call for its full and complete contents, and denies any allegations in paragraph 199 inconsistent with that transcript.

200.   WellCare admits that it held an earnings conference call on May 8, 2007, refers to the transcript of that call for its full and complete contents, and denies any allegations in paragraph 200 inconsistent with that transcript.

201.   To the extent the allegations of paragraph 201 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies

any allegations of paragraph 201 inconsistent therewith. The remaining allegations of paragraph 201 are denied.

202. To the extent the allegations of paragraph 202 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 202 inconsistent therewith. The remaining allegations of paragraph 202 are denied, except WellCare incorporates by reference its response to paragraph 101 of the Complaint as if fully set forth herein.

203. WellCare admits that it held an earnings conference call on May 8, 2007, refers to the transcript of that call for its full and complete contents, and denies any allegations in paragraph 203 inconsistent with that transcript.

204. To the extent the allegations of paragraph 204 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 204 inconsistent therewith. The remaining allegations of paragraph 204 are denied, except WellCare incorporates by reference its response to paragraphs 76–80 of the Complaint as if fully set forth herein.

205. To the extent the allegations of paragraph 205 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 205 inconsistent therewith. The remaining allegations of paragraph 205 are denied, except to state that the price of WellCare's stock opened at $82.08 per share on May 7, 2007 and closed at $90.16 per share on May 8, 2006 on volumes of 957,700 shares on May 7, 2007 and 3,154,400 shares on May 8, 2007.

206.    WellCare denies the allegations of paragraph 206, except to state that Congress held hearings on May 16, 2007 and June 26, 2007, refers to the testimony provided at each of those hearings for its full and complete contents, and deny any allegations inconsistent therewith.

207.    To the extent the allegations of paragraph 207 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 207 inconsistent therewith.   The remaining allegations of paragraph 207 are denied, except WellCare incorporates by reference its response to paragraphs 76–80 of the Complaint as if fully set forth herein.

208.    To the extent the allegations of paragraph 208 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 208 inconsistent therewith.   The remaining allegations of paragraph 208 are denied.

209.    To the extent the allegations of paragraph 209 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 209 inconsistent therewith.   The remaining allegations of paragraph 209 are denied.

210.    To the extent the allegations of paragraph 210 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 210 inconsistent therewith.   The remaining allegations of paragraph 210 are denied, except to state that Gary Bailey appeared on June 26, 2007 before the House of Representatives' Subcommittee on Oversight and Investigations, and refer to

his testimony there for its full and complete contents and deny any allegations inconsistent therewith.

211.    To the extent the allegations of paragraph 211 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 211 inconsistent therewith.    The remaining allegations of paragraph 211 are denied, except WellCare incorporates by reference its response to the allegations of paragraph 76–80 of the Complaint as if fully set forth herein.

212.    To the extent the allegations of paragraph 212 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 212 inconsistent therewith.    The remaining allegations of paragraph 212 are denied.

213.    To the extent the allegations of paragraph 213 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 213 inconsistent therewith.    The remaining allegations of paragraph 213 are denied.

214.    To the extent the allegations of paragraph 214 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 214 inconsistent therewith.    The remaining allegations of paragraph 214 are denied.

215.    To the extent the allegations of paragraph 215 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies

any allegations of paragraph 215 inconsistent therewith. The remaining allegations of paragraph 215 are denied.

216.    To the extent the allegations of the first and second sentences of paragraph 216 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of the second sentence of paragraph 216 inconsistent therewith. WellCare denies the allegations of the third sentence of paragraph 216, except to state that WellCare's stock closed at a price of $104.90 per share on August 1, 2007 and closed at $106.80 per share on August 2, 2007 on a volume of 1,820,500 shares on August 2, 2007.

217.    WellCare denies the allegations of the first sentence of paragraph 217. WellCare admits that its share price was $122.27 at the close of the market on October 23, 2007 and otherwise denies the allegations of the second sentence of paragraph 217. WellCare denies the allegations of the third sentence of paragraph 217, except to state that a number of federal and state officials executed a search warrant at WellCare's headquarters on October 24, 2007. WellCare denies the allegations of the last sentence of paragraph 217, except to state that it lacks sufficient knowledge to admit or deny whether Farha, Behrens, or Bereday were specifically targeted in the October 24, 2007 search of its headquarters and on that basis denies the allegation.

218.    WellCare denies the allegations of paragraph 218, except to state that its closing stock price on October 23, 2007 was $122.27 per share, and that its closing stock price on October 25, 2007 was $42.67 per share, and that 36,712,200 shares of WellCare stock traded on October 25, 2007.

219.    WellCare incorporates by reference its response to paragraphs 114–127 of the Complaint as if fully set forth herein and otherwise denies the allegations of paragraph 219.

220.    WellCare lacks sufficient knowledge to admit or deny the allegations contained in the first sentence of paragraph 220, and on that basis denies those allegations. WellCare denies the allegations of the second sentence of paragraph 220, except to state that WellCare stock has traded in a range from $6.23 per share to $56.43 per share since October 24, 2007.

221.    To the extent the allegations of paragraph 221 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 221 inconsistent therewith.    The remaining allegations of paragraph 221 are denied.

222.    WellCare denies the allegations of paragraph 222, except admits that it filed its Form 8-K dated July 21, 2008 before West's plea agreement became public.

223.    WellCare admits the allegations of the first three sentences of paragraph 223. The fourth sentence of paragraph 223 asserts legal conclusions and the fifth sentence purports to describe certain allegations which follow paragraph 223, and no response is required to either sentence.    To the extent a response is required to the allegations of the fourth or fifth sentences of paragraph 223, those allegations are denied.

224.    To the extent the allegations of the first sentence of paragraph 224 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 224 inconsistent therewith.    The remaining allegations of the first sentence of paragraph 224 are denied.    The second sentence of

paragraph 224 asserts a legal conclusion and requires no response.  To the extent a response is required, WellCare denies the allegations of the second sentence of paragraph 224.

225.    WellCare refers to FASB's Statement of Accounting Concepts No. 5 ("CON 5") for its full and complete contents and denies any allegations inconsistent therewith.

226.    WellCare refers to SEC Staff Accounting Bulletin No. 104 ("SAB 104") for its full and complete contents and denies any allegations inconsistent therewith.

227.    The first and last sentences of paragraph 227, state legal conclusions, to which no response is required.  To the extent a response is required, WellCare denies the allegations of the first and last sentences of paragraph 227.  To the extent the allegations of the second sentence of paragraph 227 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 227 inconsistent therewith.  The remaining allegations of the second sentence of paragraph 227 are denied.

228.    To the extent the allegations of paragraph 228 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 228 inconsistent therewith.   The remaining allegations of paragraph 228 are denied.

229.    To the extent the allegations of paragraph 229 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 229 inconsistent therewith.   The remaining allegations of paragraph 229 are denied.

230.    To the extent the allegations of the first sentence of paragraph 230 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The second sentence of paragraph 230 asserts a legal conclusion and requires no response; however, to the extent a response is required, WellCare denies the allegations of the second sentence of paragraph 230.

231.    WellCare refers to the FASB Statement of Financial Accounting Standards No. 5 ("FAS 5") for its full and complete contents and denies the allegations of paragraph 231 to the extent inconsistent therewith.

232.    WellCare denies the allegations of the first sentence of paragraph 232.  To the extent the allegations of the second and third sentences of paragraph 232 rely on the contents of documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.  The allegations of the fourth and fifth sentences of paragraph 232 state legal conclusions to which no response is required.  To the extent any response is required to the allegations of the fourth and fifth sentences of paragraph 232, those allegations are denied.

233.    WellCare refers to the Restatement and FASB Statement of Financial Accounting Standards No. 154 ("FAS 154") for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 233 are denied.

234.    WellCare refers to the Restatement and SEC Staff Accounting Bulletin No. 99 ("SAB 99") for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 234 are denied.

235.    WellCare refers to SEC Staff Accounting Bulletin No. 99 ("SAB 99") for its full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 235 are denied.

236.    WellCare refers to SEC Staff Accounting Bulletin No. 99 ("SAB 99") for its full and complete contents and denies any allegations inconsistent therewith.  WellCare incorporates by reference its response to paragraph 73 of the Complaint as if fully set forth herein.  The remaining allegations of paragraph 236 are denied.

237.    WellCare denies the allegations of paragraph 237.

238.    To the extent the allegations of paragraph 238 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 238 are denied.

239.    Paragraph 239 asserts a legal conclusion, to which not response is required. To the extent a response is required, the allegations of paragraph 239 are denied.

240.    WellCare incorporates by reference its responses to paragraphs 114–117 of the Complaint as if fully set forth herein.  To the extent that the allegations of paragraph 240 rely on West's guilty plea, WellCare refers to the guilty plea for its full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 240 are denied.

241.    WellCare incorporates by reference its responses to paragraphs 114–117 of the Complaint as if fully set forth herein.  To the extent that the allegations of paragraph 241 rely on West's guilty plea, WellCare refers to the guilty plea for its full and complete

contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 240 are denied, except to state that WellCare's Financial Medical Economics department was within Behrens's area of responsibility.

242. WellCare lacks sufficient information to admit or deny the allegations of paragraph 242 and on that basis denies those allegations. WellCare incorporates by reference its responses to paragraphs 63–71 of the Complaint as if fully set forth herein.

243. To the extent the allegations of paragraph 243 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 243 inconsistent therewith. The remaining allegations of paragraph 243 are denied, except WellCare incorporates by reference its response to paragraphs 118–127 of the Complaint as if fully set forth herein.

244. To the extent the allegations of paragraph 244 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of paragraph 244 inconsistent therewith. The remaining allegations of paragraph 244 are denied, except WellCare incorporates by reference its responses to paragraphs 92–105 of the Complaint as if fully set forth herein.

245. WellCare lacks sufficient information to admit or deny the allegations of paragraph 245 and on that basis denies those allegations, except to state that some of the compensation of Farha, Behrens, and Bereday was related to the performance of WellCare stock.

246. WellCare lacks knowledge or information sufficient to admit or deny the allegations of paragraph 246 and on that basis denies those allegations, except to state that

Farha, Behrens, and Bereday periodically filed Form 4s with the SEC (collectively the "Officers' Form 4s") in which they purported to report their transactions in WellCare stock, and WellCare refers to the Officers' Form 4s for their full and complete contents and denies any allegations of paragraph 246 inconsistent therewith.

247.    WellCare lacks knowledge or information sufficient to admit or deny the allegations of paragraph 247 and on that basis denies those allegations, except to state that Farha periodically filed Form 4s with the SEC (collectively the "Farha Form 4s") in which he purported to report his transactions in WellCare stock, and that WellCare refers to the Farha Form 4s for their full and complete contents and denies any allegations of paragraph 247 inconsistent with the Farha Form 4s.

248.    WellCare lacks knowledge or information sufficient to admit or deny the allegations of paragraph 248 and on that basis denies those allegations, except to state that Behrens periodically filed Form 4s with the SEC (collectively the "Behrens Form 4s") in which he purported to report his transactions in WellCare stock, and that WellCare refers to the Behrens Form 4s for their full and complete contents and denies any allegations of paragraph 248 inconsistent with the Behrens Form 4s.

249.    WellCare lacks knowledge or information sufficient to admit or deny the allegations of paragraph 249 and on that basis denies those allegations, except to state that Bereday periodically filed Form 4s with the SEC (collectively the "Bereday Form 4s") in which he purported to report his transactions in WellCare stock, and that WellCare refers to the Bereday Form 4s for their full and complete contents and denies any allegations of paragraph 249 inconsistent with the Bereday Form 4s.

250.    With respect to the allegations of the first and last sentences of paragraph 250, WellCare refers to the Officers' Form 4s for their full and complete contents and denies any of those allegations inconsistent with the Officers' Form 4s.  With respect to the second sentence of paragraph 250, WellCare admits that it issued its financial results for the second quarter of 2006 on August 4, 2006 and that WellCare restated its results for its fiscal years ended December 2004, 2005, and 2006, and for the first two quarters of 2007 in its Restatement, and otherwise denies the allegations of the second sentence of paragraph 250, except to incorporate its responses to paragraphs 171–175 of the Complaint by reference as if fully set forth herein.  WellCare denies the allegations of the third sentence of paragraph 250, except to state that its closing stock price on August 1, 2006 was $50.36 per share, and on August 11, 2006, it was $51.49 per share.  The remaining allegations of paragraph 250 are denied.

251.    WellCare admits that it issued its financial results for the third quarter of 2006 on November 3, 2006 and that those results were subsequently restated in the Restatement, and otherwise denies the allegations of the first sentence of paragraph 251, except to incorporate its responses to paragraphs 176–182 of the Complaint by reference as if fully set forth herein.  WellCare denies the allegations of the second sentence of paragraph 251, except to state that its closing stock price on October 31, 2006 was $58.75 per share and on November 15, 2006 was $62.35 per share.  With respect to the allegations of the last sentence of paragraph 251, WellCare refers to the Officers' Form 4s for their full and complete contents and denies any allegations inconsistent with those Form 4s.  The remaining allegations of paragraph 251 are denied.

252.    WellCare admits that it issued its financial results for the fourth quarter and year-end of 2006 on February 16, 2007, and that those results were subsequently restated in the Restatement, and otherwise denies the allegations of the first sentence of paragraph 252 except to incorporate its responses to paragraphs 183–188 of the Complaint by reference as if fully set forth herein.    With respect to the allegations of the second sentence of paragraph 252, WellCare denies those allegations, except to state that its closing stock price on February 12, 2007 was $76.50 and on February 21, 2007 was $81.08.    With respect to the allegations of the third sentence of paragraph 252, WellCare refers to the Officers' Form 4s for their full and complete contents and denies any allegations inconsistent with those Form 4s.    The remaining allegations of paragraph 252 are denied.

253.    WellCare denies the allegations of the first sentence of paragraph 253 and incorporates by reference its responses to paragraphs 193–205 of the Complaint as if fully set forth herein.    WellCare denies the allegations of the second sentence, except to state that WellCare stock closed at $80.59 per share on April 30, 2007 and $89.95 per share on May 10, 2007.    With respect to the allegations of the last sentence of paragraph 253, WellCare refers to the Officers' Form 4s for their full and complete contents and denies those allegations to the extent they are inconsistent with the Officers' Form 4s.    The remaining allegations of paragraph 253 are denied.

254.    WellCare refers to the Officers' Form 4s for their full and complete contents and denies the allegations of paragraph 254 to the extent they are inconsistent with the Officers' Form 4s.    The remaining allegations of paragraph 254 are denied.

255.    WellCare incorporates its response to paragraphs 247–249 of the Complaint by reference as if fully set forth herein, and otherwise denies the allegations of paragraph 255.

256.    To the extent the allegations of the first, third, and fourth sentences of paragraph 256 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of inconsistent therewith.    The allegations of the second sentence of paragraph 256 assert a legal conclusion, and no response is required; however, to the extent a response is required those allegations are denied.  The remaining allegations of paragraph 256 are denied.

257.    To the extent the allegations of paragraph 257 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of inconsistent therewith.  The remaining allegations of paragraph 257 are denied.

258.    To the extent the allegations of paragraph 258 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of inconsistent therewith.  The remaining allegations of paragraph 258 are denied.

259.    WellCare refers to the Officer Form 4s and the Farha Form 4s for their full and complete contents and denies any allegations in paragraph 259 inconsistent therewith. The remaining allegations of paragraph 259 are denied.

260.    WellCare refers to the Farha Form 4s for their full and complete contents and denies any allegations in paragraph 260 inconsistent therewith.  The remaining allegations of

paragraph 260 are denied, except that WellCare incorporates by reference its responses to paragraphs 135–148 and 159–164 of the Complaint as if fully set forth herein.

261.    WellCare refers to the Behrens Form 4s for their full and complete contents and denies any allegations in paragraph 261 inconsistent therewith.    The remaining allegations of paragraph 261 are denied.

262.    WellCare refers to the Bereday Form 4s for their full and complete contents and denies any allegations in paragraph 262 inconsistent therewith.    The remaining allegations of paragraph 262 are denied.

263.    To the extent the allegations of paragraph 263 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations in paragraph 263 inconsistent therewith.    The remaining allegations of paragraph 263 are denied.

264.    WellCare lacks knowledge sufficient to admit or deny the allegations of the first sentence of paragraph 264 and on that basis denies those allegations.    To the extent that the second sentence of paragraph 264 relies on documents, WellCare refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.    The remaining allegations of paragraph 264 are denied.

265.    To the extent the allegations of paragraph 265 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of inconsistent therewith.    The remaining allegations of paragraph 265 are denied.

266.    To the extent the allegations of paragraph 266 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of inconsistent therewith.  The remaining allegations of paragraph 266 are denied.

267.    To the extent the allegations of paragraph 267 rely on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations of inconsistent therewith.  The remaining allegations of paragraph 267 are denied.

268.    The allegations in the first, third, and fourth sentences of paragraph 268 assert legal conclusions, to which no response is required.  To the extent a response is required, those allegations are denied.  With respect to the allegations of the second sentence of paragraph 268, WellCare incorporates its responses to paragraphs 131–217 of the Complaint by reference as if fully set forth herein, and otherwise denies those allegations except to state that the price of WellCare's stock at market close on October 23, 2007 was $122.27 per share.

269.    WellCare denies the allegations of the first, second, and fourth sentences of paragraph 269.  WellCare denies the allegations of the third sentence of paragraph 269, except to state that the closing price of WellCare's stock on October 23, 2007 was $122.27 per share, and its closing price was $42.67 per share on October 25, 2007.

270.    The first and second sentences of paragraph 270 assert legal conclusions, and no response is required.  To the extent a response is required, those allegations are denied.

WellCare denies knowledge sufficient to admit or deny the allegations of the third sentence of paragraph 270 and on that basis denies those allegations.

271.    Paragraph 271 asserts legal conclusions, and no response is required.  To the extent a response is required, the allegations of paragraph 271 are denied.

272.    Paragraph 272 asserts legal conclusions, and no response is required.  To the extent a response is required, the allegations of paragraph 272 are denied.

273.    Paragraph 273 asserts legal conclusions, and no response is required.  To the extent a response is required, the allegations of paragraph 273 are denied.

274.    Paragraph 274 asserts legal conclusions, and no response is required.  To the extent a response is required, the allegations of paragraph 274 are denied.

275.    Paragraph 275 asserts legal conclusions, and no response is required.  To the extent a response is required, the allegations of paragraph 275 are denied.

276.    Paragraph 276 asserts legal conclusions, and no response is required.  To the extent a response is required, the allegations of paragraph 276 are denied.

277.    Paragraph 277 asserts legal conclusions, and no response is required.  To the extent a response is required, the allegations of paragraph 277 are denied.

278.    WellCare repeats and re-alleges its responses to paragraphs 1–277 as if fully set forth herein.

279.    Paragraph 279 purports to describe Plaintiffs' first claim, and no response is required.  To the extent that any response is required, the allegations in paragraph 279 are denied.

280.    WellCare denies the allegations of paragraph 280.

281.     The first sentence of paragraph 281 asserts legal conclusions, and no response is required.  To the extent a response is required, those allegations are denied.  To the extent the second sentence of paragraph 281 relies on the contents of documents, WellCare refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 281 are denied.

282.     Paragraph 282 asserts legal conclusions, and no response is required.  To the extent a response is required, those allegations are denied.

283.     WellCare denies the allegations of paragraph 283.

284.     WellCare denies the allegations of paragraph 284.

285.     The allegations in paragraph 285 are not directed against WellCare, and accordingly require no response from WellCare.  To the extent any allegation contained in paragraph 285 might be construed as directed against WellCare, such allegation is denied.

286.     The first sentence of paragraph 286 asserts legal conclusions, and no response is required.  To the extent a response is required, those allegations are denied.  WellCare denies the allegations of the second sentence of paragraph 286.

287.     Paragraph 287 asserts legal conclusions, and no response is required.  To the extent a response is required, those allegations are denied.

288.     Paragraph 288 asserts legal conclusions, and no response is required.  To the extent a response is required, those allegations are denied.

289.     Paragraph 289 asserts legal conclusions, and no response is required.  To the extent a response is required, those allegations are denied.

290.    WellCare repeats and re-alleges its responses to paragraphs 1–289 as if fully set forth herein.

291.    Paragraph 291 purports to describe Plaintiffs' second claim, and no response is required.  To the extent that any response is required, the allegations in paragraph 291 are denied.

292.    The allegations in paragraph 292 are not directed against WellCare, and accordingly require no response from WellCare.  To the extent any allegation contained in paragraph 292 might be construed as directed against WellCare, such allegation is denied.

293.    The allegations in paragraph 293 are not directed against WellCare, and accordingly require no response from WellCare.  To the extent any allegation contained in paragraph 293 might be construed as directed against WellCare, such allegation is denied.

294.    The allegations in paragraph 294 are not directed against WellCare, and accordingly require no response from WellCare.  To the extent any allegation contained in paragraph 294 might be construed as directed against WellCare, such allegation is denied.

295.    The allegations in paragraph 295 are not directed against WellCare, and accordingly require no response from WellCare.  To the extent any allegation contained in paragraph 295 might be construed as directed against WellCare, such allegation is denied.

296.    WellCare repeats and re-alleges its responses to paragraphs 1–295 as if fully set forth herein.

297.    Paragraph 297 purports to describe Plaintiff's third claim, and no response is required.  To the extent that any response is required, the allegations in paragraph 297 are denied.

298.     The allegations in paragraph 298 are not directed against WellCare, and accordingly require no response from WellCare.  To the extent any allegation contained in paragraph 298 might be construed as directed against WellCare, such allegation is denied.

299.     The allegations in paragraph 299 are not directed against WellCare, and accordingly require no response from WellCare.  To the extent any allegation contained in paragraph 299 might be construed as directed against WellCare, such allegation is denied.

300.     The allegations in paragraph 300 are not directed against WellCare, and accordingly require no response from WellCare.  To the extent any allegation contained in paragraph 300 might be construed as directed against WellCare, such allegation is denied.

301.     The allegations in paragraph 301 are not directed against WellCare, and accordingly require no response from WellCare.  To the extent any allegation contained in paragraph 301 might be construed as directed against WellCare, such allegation is denied.

302.     WellCare denies that Plaintiffs are entitled to relief as alleged in paragraph 302.

303.     WellCare admits that Plaintiffs request a jury trial as alleged in paragraph 303.

304.     WellCare denies each and every allegation in the Complaint not expressly admitted above.

### PRAYER FOR RELIEF

WellCare denies that Plaintiffs, on their own behalf and/or on behalf of any putative class, are entitled to any relief, including the relief enumerated in the Complaint.

### DEFENSES

Without assuming the burden of proof on any matters where that burden rests with Plaintiffs, WellCare asserts the following defenses:

## FIRST DEFENSE

The Complaint fails to state a claim against WellCare upon which relief can be granted.

## SECOND DEFENSE

The Complaint fails to comply with the pleading requirements of the Private Securities Litigation Reform Act ("PSLRA").

## THIRD DEFENSE

The Complaint fails to plead its claims against WellCare with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

Plaintiffs' claims against WellCare are barred, in whole or in part, by Plaintiffs' own fault, unclean hands, laches, undue delay, waiver, or estoppel.

## FIFTH DEFENSE

Plaintiffs' claims against WellCare are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs lack standing to pursue the claims against WellCare.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to hold WellCare liable for statements made or actions taken by entities other than WellCare, who were not acting as authorized agents of WellCare and to further WellCare's interests.

## EIGHTH DEFENSE

To the extent that any of the allegedly false or misleading statements by WellCare were forward-looking statements, Plaintiffs' claims are barred, in whole or in part, because such statements are protected by the Safe Harbor provisions of the PSLRA, and/or by the bespeaks caution doctrine.

## NINTH DEFENSE

The claims alleged in the Complaint are barred, in whole or in part, to the extent that they seek to impose upon WellCare disclosure obligations that are inconsistent with, or in excess of, those imposed pursuant to the federal securities laws, including the Securities Exchange Act of 1934, and the rules and regulations promulgated thereunder by the Securities and Exchange Commission.

## TENTH DEFENSE

Plaintiffs are not entitled to recover from WellCare to the extent that their claims are premised on the alleged acts or scienter of any person who purportedly served as an employee or agent of WellCare and who may not be held liable under Section 10(b) of the Securities Exchange Act of 1934 with respect to such acts or scienter.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs benefitted in any manner from the allegedly inflated market price of WellCare securities.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they would have purchased WellCare securities even with full knowledge of the facts that they allege were

misrepresented or omitted.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot prove reliance upon any alleged misrepresentation or omission contained in any of the public filings and other public statements that WellCare allegedly made which are at issue.

### FOURTEENTH DEFENSE

Plaintiffs are not entitled to any recovery from WellCare because the actions or inactions of WellCare were not the sole or partial cause of any decision by Plaintiffs to purchase WellCare securities.

### FIFTEENTH DEFENSE

Plaintiffs' claims against WellCare are barred, in whole or in part, to the extent that any facts they now contend were concealed from or misrepresented to them in the public filings, and other public statements that WellCare allegedly made which are at issue had been publicly disclosed prior to Plaintiffs' alleged purchase of WellCare securities.

### SIXTEENTH DEFENSE

Plaintiffs are not entitled to any recovery from WellCare because any increase or decrease in the market value of Plaintiffs' WellCare securities were the result of market or other factors and not the alleged wrongful conduct on the part of WellCare.

### SEVENTEENTH DEFENSE

Plaintiffs are not entitled to any recovery from WellCare because no act or omission by WellCare was a cause in fact or the proximate cause of any damage Plaintiffs allegedly suffered.

## EIGHTEENTH DEFENSE

Plaintiffs are not entitled to any recovery from WellCare because the actions or inactions of WellCare were not the sole or partial cause of any damages or loss Plaintiffs allegedly suffered.

## NINETEENTH DEFENSE

Plaintiffs are not entitled to any recovery from WellCare because the actions or inactions of WellCare were not the sole proximate cause, or the joint proximate cause, of any damages or loss Plaintiffs allegedly suffered.

## TWENTIETH DEFENSE

Plaintiffs' claims against WellCare are barred, in whole or in part, because the injuries, if any, sustained by them as alleged in the Complaint were not caused by WellCare but were instead caused by the actions or inactions of other persons and/or entities over whom WellCare had no control or by economic, market, or other events that were outside WellCare's control. These actions, inactions, and events were intervening or superseding causes of the alleged injuries.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they assumed the risks disclosed in the public filings, and other public disclosures made by WellCare that are at issue and those risks came to fruition to cause Plaintiffs' alleged losses. Plaintiffs who purchased with knowledge of these risks, or knowledge of adverse events at WellCare, likewise assumed the risks that there would be further deterioration in the price or value of WellCare's securities, such that their damages are not recoverable as a matter of law.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Securities Exchange Act of 1934, or any other applicable rule or regulation promulgated thereunder.

## TWENTY-THIRD DEFENSE

In the event that WellCare is found liable for any damages pursuant to Plaintiffs' claim under Section 10(b) of the Securities Exchange Act, WellCare is not jointly and severally liable for the conduct of any other defendant or for damages caused by any other defendant or person.

## TWENTY-FOURTH DEFENSE

Plaintiffs are not entitled to attorneys' fees under any act or theory upon which the Plaintiffs' claims are based.

## TWENTY-FIFTH DEFENSE

WellCare reserves the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation.

## TWENTY-SIXTH DEFENSE

WellCare hereby adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant to the extent that WellCare may share in such a defense.

WHEREFORE, WellCare prays for judgment as follows:

1.    Dismissal with prejudice of the Plaintiffs' Consolidated Class Action Complaint in its entirety;

2.    For such other relief as this Court deems just and proper, including but not limited to, an award of reasonable attorneys' fees and disbursements incurred by WellCare in defending this action, plus interest on any sums awarded hereunder.

s/ S. Douglas Knox
Ronald S. Holliday
Florida Bar Number 612677
S. Douglas Knox
Florida Bar Number 849871
DLA PIPER LLP (US)
100 North Tampa St.
Suite 2200
Tampa, Florida 33602
Telephone: (813) 229-2211
Facsimile: (813) 229-1447

George H. Mernick, III (admitted *Pro Hac Vice*)
HOGAN & HARTSON, LLP
555 13th Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Counsel for Defendant WellCare Health Plans, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send an electronic notice to all counsel of record who are registered to receive electronic notices.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  NONE.

s/ S. Douglas Knox
Attorney