**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EASTWOOD ENTERPRISES, LLC
Individually and on Behalf of all Others Similarly
Situated,

        Plaintiff,

  v.

TODD S. FARHA, PAUL L. BEHRENS,
THADDEUS BEREDAY, AND WELLCARE
HEALTH PLANS, INC.,

        Defendants,

  and

WELLCARE HEALTH PLANS, INC.,

        Nominal Defendant.         /

CASE NO:  8:07-cv-1940-T-33EAJ
(Consolidated)

**DEFENDANT TODD S. FARHA'S ANSWER TO THE
CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant Todd S. Farha ("Farha"), by his attorneys, answers Plaintiff's Consolidated

Class Action Complaint (the "Complaint") by denying the unnumbered allegations contained on

pages 1-2 of the Complaint as well as any table of contents and headings and subheadings.

Moreover, except as admitted explicity in this answer, all of the allegations of the Complaint are

denied.  With respect to the allegations contained in the numbered paragraphs, Farha answers as

follows:

    1.     Denies the allegations of Paragraph 1 of the Complaint.

    2.     Denies the allegations of Paragraph 2 of the Complaint, except admits that

allegations contained in the first sentence of that paragraph.

    3.     Denies the allegations of Paragraph 3 of the Complaint.

    4.     Denies the allegations of Paragraph 4 of the Complaint.

5.     Denies the allegations of Paragraph 5 of the Complaint.

6.     Denies the allegations of Paragraph 6 of the Complaint.

7.     Denies the allegations contained in Paragraph 7 of the Complaint, except denies knowledge and information sufficient to form a belief as to allegations concerning the alleged stock sales of defendants Behrens and Bereday; denies knowledge and information to form a belief as to the allegations contained in the fourth sentence of this paragraph.

8.     Denies the allegations contained in Paragraph 8 of the Complaint, except admits that Farha denied the suggestions of impropriety raised by analysts concerning purported misuse of WellCare Health Plans, Inc.'s ("WellCare" or the "Company") reinsurance subsidiary.

9.     Denies the allegations contained in Paragraph 9.

10.     Denies the allegations of Paragraph 10 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations contained in the third and fourth sentences of that paragraph.

11.     Denies the allegations of Paragraph 11 of the Complaint and respectfully refers the Court to the publicly reported stock prices reported during the period alleged in this paragraph.

12.     Denies the allegations contained in Paragraph 12 of the Complaint, except admits that a former WellCare employee plead guilty to conspiracy, respectfully refers the Court to the public record for the complete contents thereof, and denies knowledge or information sufficient to form a belief as to the truth concerning the allegations contained in sentences six and seven of that paragraph.

13.     Denies the allegations contained in Paragraph 13 of the Complaint.

14.     Denies the allegations contained in Paragraph 14 of the Complaint, except admits that in January 2008 the Company, among other things, announced that a Special Committee of

the Board of Directors of WellCare issued a preliminary report and respectfully refers the Court to that announcement for the complete contents thereof.

15.     Denies the allegations contained in Paragraph 15 of the Complaint, except admits that WellCare issued a press release and filed a Form 8-K with the United States Securities Exchange Commission (the "SEC") on July 21, 2008 and respectfully refers the Court to the full text of the press release and Form 8-K on file with the SEC for the complete recitation of their contents.

16.     Denies the allegations contained in Paragraph 16 of the Complaint, except admits that WellCare filed a Form 8-K with the SEC on July 21, 2008 and respectfully refers the Court to the full text of that Form 8-K on file with the SEC for the complete recitation of its contents.

17.     Denies the allegations contained in Paragraph 17 of the Complaint, except denies knowledge or information upon which to admit or deny the allegations contained in the second sentence of that paragraph.

18.     Denies the allegations contained in Paragraph 18 of the Complaint, except denies knowledge or information upon which to admit or deny the allegations contained in the first and second sentences of that paragraph.

19.     Paragraph 19 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph, except admits that the Complaint purports to assert claims under Section 10(b), 20(a) and 20A of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5, 17 C.F.R. §240.10b-5.

20.     Paragraph 20 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

21.     Paragraph 21 of the Complaint contains conclusions of law to which no response is required.  To extent a response is required, Farha denies the allegations of this paragraph, except admits that WellCare maintained its principle place of business in this District.

22.     Paragraph 22 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

23.     Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 23 of the Complaint, except denies that the lead plaintiff purchased shares of WellCare common stock at artificially inflated prices or suffered damages as a result of the purported violations of the Exchange Act alleged in the Complaint.

24.     Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 24 of the Complaint, except denies that the lead plaintiff purchased shares of WellCare common stock at artificially inflated prices or suffered damages as a result of the purported violations of the Exchange Act alleged in the Complaint.

25.     Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 25 of the Complaint, except denies that the lead plaintiff purchased shares of WellCare common stock at artificially inflated prices or suffered damages as a result of the purported violations of the Exchange Act alleged in the Complaint.

26.     Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 26 of the Complaint, except denies that the lead plaintiff purchased shares of WellCare common stock at artificially inflated prices or suffered damages as a result of the purported violations of the Exchange Act alleged in the Complaint.

27.     Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 27 of the Complaint, except denies that the lead plaintiff purchased

shares of WellCare common stock at artificially inflated prices or suffered damages as a result of the purported violations of the Exchange Act alleged in the Complaint.

28.     Denies the allegations of Paragraph 28 of the Complaint, except admits that the Court issued an Order dated March 11, 2008 and respectfully refers the Court to that order for the complete recitation of its contents.

29.     Denies the allegations of Paragraph 29 of the Complaint, except admits that WellCare is a Delaware corporation, with its principal place of business at 8725 Henderson Road, Renaissance One, Tampa, Florida; and denies knowledge or information sufficient to form a belief as to the allegations of the second sentence of that paragraph.

30.     Denies the allegations of Paragraph 30 of the Complaint, except admits that Farha was the CEO, President and Chairman of WellCare during the time of the purported Class Period and that Farha resigned these positions in January 2008.

31.     Denies the allegations of Paragraph 31 of the Complaint, except admits that defendant Paul L. Behrens served as WellCare's CFO and Senior Vice President during the time of the purported Class Period and that Behrens resigned from WellCare in January 2008, and denies knowledge or information sufficient to form a belief as to the allegations contained in the third and fourth sentences of that paragraph.

32.     Denies the allegations of Paragraph 32 of the Complaint, except admits that defendant Thaddeus Bereday served as WellCare's General Counsel, Chief Compliance Officer and Senior Vice President during the time of the purported Class Period and that Bereday resigned from WellCare in January 2008, and denies knowledge or information sufficient to form a belief as to the allegations contained in the third and fourth sentences of that paragraph.

33.    Denies the allegations of Paragraph 33 of the Complaint, except admits that the Complaint refers to defendants Farha, Behrens and Bereday collectively as the "Officer Defendants."

34.    Paragraph 34 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

35.    Paragraph 35 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph, except admits that WellCare common stock was traded on the New York Stock Exchange (the "NYSE") during the period of the purported class period.

36.    Paragraph 36 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

37.    Paragraph 37 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

38.    Paragraph 38 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

39.    Paragraph 39 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

40.    Admits the allegations of Paragraph 40 of the Complaint.

41.    Paragraph 41 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph, except denies knowledge or information sufficient to form a belief as to the where WellCare is presently operating Medicaid plans.

42.    Paragraph 42 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph,

except denies knowledge or information sufficient to form a belief as to the where WellCare is presently operating Medicare prescription drug plans.

43.    Paragraph 43 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph, except denies knowledge or information sufficient to form a belief as to the current dealings between WellCare and the federal and state governments.

44.    Paragraph 44 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph, except denies knowledge or information sufficient to form a belief as to the current dealings between WellCare and individual health care providers or WellCare's customers.

45.    Denies the allegations contained in Paragraph 45 of the Complaint, admits that federal and state law enforcement agencies executed a search warrant on WellCare in October 2007; admits WellCare publicly reported its financial information via periodic filings with the SEC and respectfully refers the Court to the financial information reported by WellCare in its filings with the SEC and the publicly reported stock prices for the full contents thereof.

46.    Denies the allegations contained in Paragraph 46 of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the "analyst expectations" attributed to unidentified analysts cited in the Complaint, and respectfully refers the Court to the full text of WellCare's quarterly earnings press releases for the earnings per share that WellCare reported from the fourth quarter of 2004 until the second quarter of 2007.

47.    Denies the allegations of Paragraph 47 of the Complaint, except admits that WellCare issued guidance on a periodic basis, denies knowledge and information sufficient to form a belief as to the truth of the undefined "analyst expectations" and "consensus expectations" referred to in the Complaint, and respectfully refers the Court to the full text of

WellCare's quarterly earnings press releases for earnings guidance and earnings per share that WellCare reported for the time period alleged in this paragraph.

48.    Denies the allegations of Paragraph 48 of the Complaint, except admits that Credit Suisse issued a report on WellCare on May 9, 2005, admits that CIBC World Markets issued reports on WellCare on August 4, 2005 and February 14, 2006, and respectfully refers the Court to the complete contents thereof.

49.    Denies the allegations of Paragraph 49 of the Complaint, except admits that WellCare issued earnings guidance each quarter in 2006; admits that WellCare periodically reported its financial performance in filings with the SEC; admits that CIBC issued reports about WellCare on August 2, 2006 and November 1, 2006 and respectfully refers the Court for the complete text of WellCare's earnings releases, SEC filings and the CIBC reports for the complete contents thereof.

50.    Denies the allegations of Paragraph 50 of the Complaint.

51.    Denies the allegations of Paragraph 51 of the Complaint.

52.    Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 52 of the Complaint.

53.    Denies the allegations of Paragraph 53 of the Complaint, except admits that WellCare reported approximately $1.4 billion of revenue in 2004; admits WellCare reported a profit margin of approximately 3.5%; admits that WellCare reported a profit margin of 2.7% in 2005; and admits that WellCare reported at profit margin of 2% in 2007.

54.    Denies the allegations of Paragraph 54 of the Complaint, except admits that WellCare filed a Form 10-K with the SEC for 2006, and respectfully refers the Court to that document for the complete contents thereof.

55.    Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 55 of the Complaint.

56.    Paragraph 56 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

57.    Paragraph 57 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

58.    Paragraph 58 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph, except admits that WellCare contracted with the Illinois government to provide health care to certain Medicaid recipients and respectfully refers the Court to that contract for the complete terms thereof.

59.    Denies the allegations of Paragraph 59 of the Complaint.

60.    Denies the allegations of Paragraph 60 of the Complaint.

61.    Denies the allegations of Paragraph 61 of the Complaint.

62.    Denies the allegations of Paragraph 62 of the Complaint.

63.    Denies the allegations of Paragraph 63 of the Complaint, except admits that one former WellCare employee pled guilty to a federal conspiracy count.

64.    Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 64 of the Complaint.

65.    Denies the allegations of Paragraph 65 of the Complaint, except denies knowledge or information upon which to admit or deny the allegations concerning CW 1 or what CW 1 purportedly stated.

66.    Denies the allegations of Paragraph 66 of the Complaint.

67.    Denies the allegations of Paragraph 67 of the Complaint.

68.    Denies the allegations of Paragraph 68 of the Complaint.

69.    Denies the allegations of Paragraph 69 of the Complaint.

70.    Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 70 of the Complaint.

71.    Denies the allegations of Paragraph 71 of the Complaint.

72.    Denies the allegations of Paragraph 72 of the Complaint.

73.    Denies the allegations of Paragraph 73 of the Complaint, except denies knowledge or information sufficient to form a belief concerning the "consensus expectations" or "consensus estimates" referenced in this paragraph and comparisons of WellCare's performance relative to those undefined estimates or expectations.

74.    Denies the allegations of Paragraph 74 of the Complaint.

75.    Denies the allegations of Paragraph 75 of the Complaint, except admits that WellCare filed a Form 10-K for 2006 with the SEC and respectfully refers the Court to that filing for the complete contents thereof.

76.    Paragraph 76 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of Paragraph 76 of the Complaint.

77.    Denies the allegations of Paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of Paragraph 78 of the Complaint.

79.    Paragraph 79 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of Paragraph 79 of the Complaint.

80.    Denies the allegations of Paragraph 80 of the Complaint.

81.    Denies the allegations of Paragraph 81 of the Complaint.

82.    Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 82 of the Complaint, except denies the allegations contained in the first and sixth sentences of that paragraph.

83.    Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 83 of the Complaint.

84.    Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 84 of the Complaint.

85.    Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 85 of the Complaint.

86.    Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 86 of the Complaint.

87.    Denies the allegations contained in Paragraph 87 of the Complaint, except admits that in December 2007 the *St. Petersburg Times* published a story about WellCare and respectfully refers the Court to that story for the complete contents thereof.

88.    Denies the allegations of Paragraph 88 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what the unnamed analysts may have noticed or questioned with respect to WellCare; and admits that Farha denied any suggestion of impropriety by WellCare.

89.    Denies the allegations of Paragraph 89 of the Complaint, except admits that Credit Suisse issued a report on WellCare dated March 9, 2007 and respectfully refers the Court to that report for the complete contents thereof.

90.    Denies the allegations of Paragraph 90 of the Complaint, except admits that CIBC World Markets issued a report on WellCare dated March 12, 2007 and respectfully refers the Court to the full text of that report for the complete recitation of its contents.

91.    Denies the allegations of Paragraph 91 of the Complaint, except admits that Goldman Sachs issued a report on the Company dated April 4, 2007 and respectfully refers the Court to the full text of that report for the complete recitation of its contents.

92.    Denies the allegations of Paragraph 92 of the Complaint, except admits WellCare denied any allegations raised by the analysts contained in paragraphs 89-91 of the Complaint; admits that the *Tampa Tribune* published a story regarding WellCare dated April 11, 2007 and respectfully refers the Court to the full text of the story for the complete recitation of its contents.

93.    Denies the allegations of Paragraph 93 of the Complaint, except admits that the Company announced on April 12, 2007 the resignation of the President of WellCare's Florida operations; admits that Stifel Nicolaus issued a report about WellCare and respectfully refers the Court to the full text of the Company announcement and the Stifel Nicolaus report for the complete recitation of their contents.

94.    Denies the allegations of Paragraph 94 of the Complaint.

95.    Denies the allegations of Paragraph 95 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning the undefined "consensus estimates" referred to in that paragraph; admits WellCare announced its quarterly earnings for the first quarter of 2007 on April 30, 2007; admits that WellCare announced an update to its 2007 earnings guidance on May 7, 2007; and respectfully refers the Court to the Company's announcements for the complete recitation of their contents.

96.    Denies the allegations of Paragraph 96 of the Complaint, except admits that Credit Suisse issued a report on WellCare dated May 8, 2007 and respectfully refers the Court to the full text of that report for the complete contents thereof.

97.    Denies the allegations of Paragraph 97 of the Complaint, except admits WellCare held a conference call on May 8, 2007 and respectfully refers the Court to the transcript of that call of or a recitation of contents of that call.

98.    Denies the allegations of Paragraph 98 of the Complaint.

99.    Denies knowledge or information upon which to admits or deny the allegations contained in Paragraph 99 of the Complaint.

100.   Denies the allegations of Paragraph 100 of the Complaint, except admits that Farha denied that WellCare was engaged in any illegal marketing practices.

101.   Denies the allegations of Paragraph 101 of the Complaint, except admits that the *New York Times* published a story that mentioned WellCare dated May 6, 2007; denies knowledge or information sufficient to form a belief as to the truth concerning the purported statements alleged in the fifth sentence that paragraph; and respectfully refers the Court to the full text of the *New York Times* story for the complete recitation of its contents.

102.   Denies the allegations of Paragraph 102 of the Complaint, except admits that WellCare held a conference call on May 8, 2007 and respectfully refers the Court to the transcript of that conference call for the contents thereof.

103.   Denies the allegations of Paragraph 103 of the Complaint, except admits that a WellCare Vice President appeared at a hearing of the Senate's Special Committee on Aging on behalf of the Company and respectfully refers the Court to the transcript of that hearing.

104.   Denies the allegations of Paragraph 104 of the Complaint.

105.   Denies the allegations of Paragraph 105 of the Complaint.

106.   Denies the allegations of Paragraph 106 of the Complaint, except admits that on October 24, 2007, federal and state law enforcement agents executed a search warrant on WellCare's offices and denies knowledge or information upon which to admit or deny the allegations concerning the intent of law enforcement personnel in timing the execution of the search warrant upon WellCare.

107.   Denies the allegations of Paragraph 107 of the Complaint, except denies knowledge or information upon which to admit or deny the allegations concerning information that was seized or targeted during the execution of the search warrant.

108.   Denies the allegations of Paragraph 108 of the Complaint, except admits there was a search warrant that purported to authorize the search of WellCare's office; denies knowledge or information upon which to admit or deny the allegations concerning information that was seized during the execution of the search warrant; and respectfully refers the Court to the search warrant for its complete contents.

109.   Denies knowledge or information upon which to admit or deny the allegations contained in Paragraph 109 of the Complaint, except admits that on October 25, 2007 Wachovia Capital Markets issued a report concerning WellCare and respectfully refers the Court to that report for the for the complete recitation of its contents.

110.   Denies the allegations of Paragraph 110 of the Complaint, except admits that WellCare stock was traded on the NYSE; admits the sales price of WellCare stock is publicly reported by the NYSE; admits that the NYSE temporarily suspended trading on WellCare stock on October 24, 2007; and respectfully refers the Court to the published trading data for a complete and accurate recitation of trading prices of WellCare stock during the times alleged in this paragraph of the Complaint.

111.   Denies the allegations of Paragraph 111 of the Complaint, except admits that Wachovia issued a report about WellCare dated October 25, 2007; admits that the *St. Petersburg Times* and *The Tampa Tribune* published stories about WellCare dated October 25, 2007; admits the *Wall Street Journal* published a story about WellCare; and respectfully refers the Court to that report and those stories for a complete and accurate recitation of their contents.

112.   Denies the allegations of Paragraph 112 of the Complaint, except admits that on October 26, 2007, the Connecticut Attorney General announced that his office had been conducting an investigation of WellCare and respectfully refers the Court to the announcement of the Connecticut Attorney General's office for the complete recitation of its contents.

113.   Denies the allegations of Paragraph 113 of the Complaint, except denies knowledge or information upon which to admit or deny the allegations concerning subsequent government subpoenas received by the Company, the scope thereof or the focus of any investigation of a governmental law enforcement agency.

114.   Denies the allegations of Paragraph 114 of the Complaint, except denies knowledge or information upon which to admit or deny the allegations concerning the allegations attributed to CW 10 in that paragraph; admits that Greg West entered into a plea agreement; and respectfully refers the Court to the plea agreement for the complete recitation of their contents.

115.   Denies the allegations of Paragraph 115 of the Complaint, except admits that West entered into a plea agreement and respectfully refers the Court to the plea agreement for the complete recitation of its contents.

116.   Denies the allegations of Paragraph 116 of the Complaint, except admits that there was a WellCare conference call on November 2, 2005 and respectfully refers the Court to the transcript of the call for a recitation of the matters covered therein.

117.   Denies the allegations of Paragraph 117 of the Complaint, except admits that there was a hearing held in which West plead guilty and respectfully refers the Court to the transcript of that proceeding for a complete recitation of events at that hearing.

118.   Denies the allegations of Paragraph 118 of the Complaint, except admits that the SEC began an investigation of WellCare; admits that WellCare formed a Special Committee of directors; admits that WellCare filed a Form 8-K with the SEC on July 21, 2008 and respectfully refers the Court to the 8-K for the complete contents thereof.

119.   Denies the allegations of Paragraph 119 of the Complaint, except admits that WellCare filed a Form 8-K with the SEC on July 21, 2008 and respectfully refers the Court to the Form 8-K for the complete contents thereof.

120.   Denies the allegations of Paragraph 120 of the Complaint, except admits WellCare filed a Form 8-K with the SEC on July 21, 2008 and respectfully refers the Court to the 8-K for the complete contents thereof.

121.   Denies the allegations of Paragraph 121 of the Complaint.

122.   Denies the allegations of Paragraph 122 of the Complaint, except admits that WellCare made an announcement on January 25, 2008 and respectfully refers the Court to that announcement for the complete recitation of its contents.

123.   Paragraph 123 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph, except admits that there was an employment contract in effect between Farha and WellCare and respectfully refers the Court to that agreement for the complete recitation of its terms.

124.   Paragraph 124 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Farha denies the allegations of this paragraph.

125.   Paragraph 125 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph, except admits that there was a separation agreement entered into between Farha and WellCare and respectfully refers the Court to that agreement for the complete recitation of its terms.

126.   Denies the allegations of Paragraph 126 of the Complaint, except admits that WellCare filed a Form 8-K with the SEC on January 25, 2008 and respectfully refers the Court to that Form 8-K for the complete recitation of its contents.

127.   Denies the allegations of Paragraph 127 of the Complaint, except admits that WellCare filed a Form 8-K with the SEC on January 25, 2008 and respectfully refers the Court to that Form 8-K for the complete recitation of its contents.

128.   Denies the allegations of Paragraph 128 of the Complaint, except admits that WellCare filed a Form 8-K with the SEC on January 25, 2008 and respectfully refers the Court to that Form 8-K for the complete recitation of its contents.

129.   Denies the allegations of Paragraph 129 of the Complaint, except admits that Goldman Sachs issued a report about WellCare dated July 21, 2008 and respectfully refers the Court to the report for the complete recitation of its contents.

130.   Denies the allegations of Paragraph 130 of the Complaint, except denies knowledge or information upon which to admit or deny the allegations concerning the second sentence of that paragraph.

131.   Denies the allegations of Paragraph 131 of the Complaint, except admits that WellCare filed a Form 8-K with the SEC on January 25, 2008 and respectfully refers the Court to that Form 8-K for the complete recitation of its contents.

132.   To the extent that Paragraph 132 attempts to reincorporate Paragraphs 76-80 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 132 of the Complaint, except admits that WellCare filed a Form 8-K with the SEC on January 25, 2008 and respectfully refers the Court to that Form 8-K for the complete recitation of its contents.

133.   Denies the allegations of Paragraph 133 of the Complaint.

134.   Denies the allegations of Paragraph 134 of the Complaint.

135.   Denies the allegations of Paragraph 135 of the Complaint, except admits that the Company issued a press release on February 14, 2005 and respectfully refers the Court to that press release for the complete recitation of its contents.

136.   Denies the allegations of Paragraph 136 of the Complaint, except admits that WellCare filed a Form 10-K with the SEC on February 15, 2005; admits that Farha signed that Form 10-K; admits signing the quoted certification; and respectfully refers the Court to that Form 10-K for the complete recitation of its contents.

137.   Denies the allegations of Paragraph 137 of the Complaint.

138.   Denies the allegations of Paragraph 138 of the Complaint, except admits that WellCare filed a Form 10-K with the SEC on February 15, 2005 and respectfully refers the Court to that Form 10-K for the complete recitation of its contents.

139.   Denies the allegations of Paragraph 139 of the Complaint except admits that WellCare filed a Form 8-K with the SEC on January 25, 2008 and respectfully refers the Court to that Form 8-K for the complete recitation of its contents.

140.   Denies the allegations of Paragraph 140 of the Complaint, except admits that WellCare filed a Form 10-K with the SEC on February 15, 2005; admits that the Form 10-K

contained the quoted language describing the Trust Program; and respectfully refers the Court to that Form 10-K for the complete recitation of its contents.

141.   Denies the allegations of Paragraph 141 of the Complaint, except admits that WellCare had adopted a Trust Program and respectfully refers the Court to the text of the Trust Program the complete recitation of its contents.

142.   To the extent Paragraph 142 attempts to incorporate Paragraphs 76-80 of the Complaint, Farha incorporates his responses to those paragraphs as set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 142 of the Complaint.

143.   Denies the allegations of Paragraph 143 of the Complaint, except admits that Credit Suisse issued a report about WellCare date February 15, 2005; admits that Wachovia Capital Markets issued a report about WellCare dated February 14, 2005; and respectfully refers the Court to those reports for the complete recitation of their contents.

144.   Denies the allegations of Paragraph 144 of the Complaint, except admits that the Company issued a press release dated May 9, 2005 and respectfully refers the Court to that press release for the complete recitation of its contents.

145.   Denies the allegations of Paragraph 145 of the Complaint, except admits that the Company filed a Form 10-Q with the SEC on May 10, 2005; admits that Farha signed that 10-Q; and respectfully refers the Court to the Form 10-Q for the complete recitation of its contents.

146.   Denies the allegations of Paragraph 146 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

147.   Denies the allegations of Paragraph 147 of the Complaint.

148.   Denies the allegations of Paragraph 148 of the Complaint, except admits that Credit Suisse and Wachovia issued reports about WellCare dated May 9, 2005 respectfully refers the Court to that report for the complete recitation of their contents.

149.   Denies the allegations of Paragraph 149 of the Complaint, except admits that WellCare issued a press release dated August 3, 2005 and respectfully refers the Court to that press release for the complete recitation of its contents.

150.   Denies the allegations of Paragraph 150 of the Complaint, except admits that the Company filed a Form 10-Q with the SEC on August 4, 2005; admits that Farha signed that Form 10-Q; and respectfully refers the Court to the Form 10-Q for the complete recitation of its contents.

151.   Denies the allegations of Paragraph 151 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

152.   Denies the allegations of Paragraph 152 of the Complaint.

153.   Denies the allegations of Paragraph 153 of the Complaint, except admits that CIBC World Markets and Credit Suisse issued reports on WellCare on August 4, 2005, and respectfully refers the Court to those reports for the complete contents thereof.

154.   Denies the allegations of Paragraph 154 of the Complaint, except admits that WellCare issued a press release on November 1, 2005 and respectfully refers the Court to the press release for the complete recitation of its contents.

155.   Denies the allegations of Paragraph 155 of the Complaint, except admits that the Company filed a Form 10-Q with the SEC on November 2, 2005; admits that Farha signed that 10-Q and respectfully refers the Court to the Form 10-Q for the complete recitation of its contents.

156.   Denies the allegations of Paragraph 156 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

157.   Denies the allegations of Paragraph 157 of the Complaint.

158.   Denies the allegations of Paragraph 158 of the Complaint, except admits that CIBC World Markets and Credit Suisse issued reports on WellCare dated November 1, 2005; admits Legg Mason issued a report on WellCare dated November 2, 2005; and respectfully refers the Court to those reports for the complete contents thereof.

159.   Denies the allegations of Paragraph 159 of the Complaint, except admits that WellCare issued a press release dated February 13, 2006 and respectfully refers the Court to the press release for the complete recitation of its contents.

160.   Denies the allegations of Paragraph 160 of the Complaint, except admits that WellCare filed a Form 10-K with the SEC on February 14, 2006; admits that Farha signed that 10-K; admits that Farha signed a certification in the form alleged in Paragraph 136 of the Complaint; and respectfully refers the Court to that Form 10-K for the complete recitation of its contents.

161.   Denies the allegations of Paragraph 161 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

162.   Denies the allegations of Paragraph 162 of the Complaint.

163.   To the extent Paragraph 163 attempts to incorporate Paragraphs 76-80 and Paragraphs 140-141 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph

163 of the Complain, except admits that WellCare had adopted a Trust Program and respectfully refers the Court to the text of the Trust Program the complete recitation of its contents.

164.   Denies the allegations of Paragraph 164 of the Complaint, except admits that CIBC World Markets issued a report on WellCare dated February 13, 2006 and February 14, 2006, and respectfully refers the Court to those reports for the complete contents thereof.

165.   Denies the allegations of Paragraph 165 of the Complaint.

166.   Denies the allegations of Paragraph 166 of the Complaint, except admits that the Company issued a press release dated May 8, 2006 and respectfully refers the Court to that press release for the complete contents thereof.

167.   Denies the allegations of Paragraph 167 of the Complaint, except admits that the Company filed a Form 10-Q with the SEC on May 9, 2006; admits that Farha signed that 10-Q and respectfully refers the Court to the Form 10-Q for the complete recitation of its contents.

168.   Denies the allegations of Paragraph 168 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

169.   Denies the allegations of Paragraph 169 of the Complaint.

170.   Denies the allegations of Paragraph 170 of the Complaint, except admits that CIBC World Markets issued a report on WellCare on May 8, 2006 and respectfully refers the Court to that report for the complete contents thereof.

171.   Denies the allegations of Paragraph 171 of the Complaint, except admits that the Company issued a press release dated August 2, 2006 and respectfully refers the Court to that press release for the complete contents thereof.

172.   Denies the allegations of Paragraph 172 of the Complaint, except admits that the Company filed a Form 10-Q with the SEC on August 4, 2006; admits that Farha signed that 10-Q and respectfully refers the Court to the Form 10-Q for the complete recitation of its contents.

173.   Denies the allegations of Paragraph 173 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

174.   Denies the allegations of Paragraph 174 of the Complaint.

175.   Denies the allegations of Paragraph 175 of the Complaint, except admits that CIBC World Markets issued a report on WellCare on August 2, 2006, and respectfully refers the Court to that report for the complete contents thereof.

176.   Denies the allegations of Paragraph 176 of the Complaint, except admits that the Company issued a press release dated November 1, 2006 and respectfully refers the Court to that press release for the complete contents thereof.

177.   Denies the allegations of Paragraph 177 of the Complaint, except admits that the Company filed a Form 10-Q with the SEC on November 3, 2006; admits that Farha signed that 10-Q and respectfully refers the Court to the Form 10-Q for the complete recitation of its contents.

178.   Denies the allegations of Paragraph 178 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

179.   Denies the allegations of Paragraph 179 of the Complaint.

180.   Denies the allegations of Paragraph 180 of the Complaint, except admits that WellCare held a telephone conference call on November 2, 2006 in which Farha participated and respectfully refers the Court to the transcript of that call for the recitation of events at that call.

181.   To the extent Paragraph 181 attempts to incorporate Paragraphs 76-80 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 181 of the Complaint.

182.   Denies the allegations of Paragraph 182 of the Complaint, except admits that CIBC World Markets issued a report on WellCare dated November 1, 2006, and respectfully refers the Court to that report for the complete contents thereof.

183.   Denies the allegations of Paragraph 183 of the Complaint, except admits that the Company issued a press release dated February 13, 2007 and respectfully refers the Court to that press release for the complete contents thereof.

184.   Denies the allegations of Paragraph 184 of the Complaint.

185.   Denies the allegations of Paragraph 185 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

186.   Denies the allegations of Paragraph 186 of the Complaint.

187.   To the extent that Paragraph 187 attempts to incorporate Paragraphs 76-80 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 187 of the Complaint, except admits that WellCare had adopted a Trust Program and respectfully refers the Court to the text of the Trust Program the complete recitation of its contents.

188.   Denies the allegations of Paragraph 188 of the Complaint except admits that CIBC World Markets issued a report on WellCare on February 14, 2007 and respectfully refers the Court to that report for the complete contents thereof.

189.   To the extent Paragraph 189 attempts to incorporate Paragraphs 88-91 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 189 of the Complaint.

190.   Denies the allegations of Paragraph 190 of the Complaint, except admits that *The Tampa Tribune* published a story about WellCare dated April 11, 2007; denies knowledge or information sufficient to form a belief as to the truth as to what WellCare's spokesperson said to *The Tampa Tribune* and respectfully refers the Court to the story for the complete contents thereof.

191.   Denies the allegations of Paragraph 191 of the Complaint.

192.   Denies the allegations of Paragraph 192 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

193.   Denies the allegations of Paragraph 193 of the Complaint, except admits that the Company issued a press release dated April 30, 2007 and respectfully refers the Court to that press release for the complete contents thereof.

194.   Denies the allegations of Paragraph 194 of the Complaint, except admits that the Company issued a press release dated May 7, 2007 and respectfully refers the Court to that press release for the complete contents thereof.

195.   Denies the allegations of Paragraph 195 of the Complaint, except admits that the Company filed a Form 10-Q with the SEC on May 9, 2007; admits that Farha signed that Form 10-Q; and respectfully refers the Court to the Form 10-Q for the complete recitation of its contents.

196.   Denies the allegations of Paragraph 196 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

197.   Denies the allegations of Paragraph 197 of the Complaint.

198.   Denies the allegations of Paragraph 198 of the Complaint, except admits that the Company held a conference call on May 8, 2007 and respectfully refers the Court to the transcript of that call for a recitation of events during this call.

199.   With respect to those allegations contained in Paragraph 199 concerning defendants other than Farha, no response is required and plaintiffs are left to their own proofs.  To the extent a response is required, Farha denies the allegations of Paragraph 199 of the Complaint, except admits that the Company held a conference call on May 8, 2007 and respectfully refers the Court to the transcript of that call for a recitation of events during this call.

200.   With respect to those allegations contained in Paragraph 200 concerning defendants other than Farha, no response is required and plaintiffs are left to their own proofs.  To the extent a response is required Farha denies the allegations of Paragraph 200 of the Complaint, except admits that the Company held a conference call on May 8, 2007 and respectfully refers the Court to the transcript of that call for a recitation of events during this call.

201.   Denies the allegations of Paragraph 201 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

202.   To the extent Paragraph 202 attempts to incorporate Paragraph 101 of the Complaint, Farha incorporates his responses to that paragraph as if set forth in this paragraph. With respect to any new allegations, Farha denies the allegations of Paragraph 202 of the Complaint.

203.   Denies the allegations of Paragraph 203 of the Complaint, except admits that the Company held a conference call on May 8, 2007 and respectfully refers the Court to the transcript of that call for a recitation of events during this call.

204.   To the extent Paragraph 204 attempts to incorporate Paragraphs 76-80, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 204 of the Complaint.

205.   Denies the allegations of Paragraph 205 of the Complaint except admits that CIBC World Markets issued reports on WellCare dated March 12, 2007, May 1, 2007 and May 7, 2007; admits that Stifel Nicolaus issued a report about WellCare dated May 8, 2007; and respectfully refers the Court to those reports for the complete contents thereof.

206.   Denies the allegations of Paragraph 206 of the Complaint, except admits that on May 16, 2007.

207.   To the extent Paragraph 207 attempts to incorporate Paragraphs 76-80 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 207 of the Complaint.

208.   Denies the allegations of Paragraph 208 of the Complaint.

209.   Denies the allegations of Paragraph 209 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

210.   Denies the allegations of Paragraph 210 of the Complaint.

211.   To the extent Paragraph 211 attempts to incorporate Paragraphs 76-80 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 211 of the Complaint.

212.  Denies the allegations of Paragraph 212 of the Complaint, except admits that WellCare issued a press release dated August 2, 2007 and respectfully refers the Court to a copy of that press release for the complete contents thereof.

213.  Denies the allegations of Paragraph 213 of the Complaint, except admits that the Company filed a Form 10-Q with the SEC on August 3, 2007; admits that Farha signed that 10-Q; and respectfully refers the Court to the Form 10-Q for the complete recitation of its contents.

214.  Denies the allegations of Paragraph 214 of the Complaint, except admits that the Company filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for complete recitations of its contents.

215.  Denies the allegations of Paragraph 215 of the Complaint.

216.  Denies the allegations of Paragraph 216 of the Complaint, except admits that Credit Suisse issued a report on WellCare dated August 2, 2007 and respectfully refers the Court to the full text of that report for the complete contents thereof.

217.  To the extent Paragraph 217 attempts to incorporate Paragraphs 106-109 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 217 of the Complaint.

218.  Denies the allegations of Paragraph 218 of the Complaint.

219.  To the extent Paragraph 219 attempts to incorporate Paragraphs 114-27 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 219 of the Complaint.

220.  Denies the allegations of Paragraph 220 of the Complaint, except denies knowledge or information upon which to admit or deny the allegations concerning the first sentence of that paragraph.

221.   Denies the allegations of Paragraph 221 of the Complaint, except admits the first sentence of that paragraph.

222.   Paragraph 222 of the Complaint contains conclusions of law or calls for expert opinion to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

223.   Paragraph 223 of the Complaint contains conclusions of law or calls for expert opinion to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

224.   Paragraph 224 of the Complaint contains conclusions of law or calls for expert opinion to which no response is required. To the extent that a response is required, Farha denies the allegations of this paragraph, except admits WellCare filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for the complete contents thereof.

225.   Paragraph 225 of the Complaint contains conclusions of law or calls for expert opinion to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

226.   Paragraph 226 of the Complaint contains conclusions of law or calls for expert opinion to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

227.   Paragraph 227 of the Complaint contains conclusions of law or calls for expert opinion to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph, except admits WellCare filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for the complete contents thereof.

228.  Denies the allegations of Paragraph 228 of the Complaint, except admits WellCare filed a Form 8-K with the SEC on July 25, 2008 and respectfully refers the Court to that Form 8-K for the complete contents thereof.

229.  Denies the allegations of Paragraph 229 of the Complaint.

230.  Denies the allegations of Paragraph 230 of the Complaint.

231.  Paragraph 231 of the Complaint contains conclusions of law or calls for expert opinion to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

232.  Denies the allegations of Paragraph 232 of the Complaint.

233.  Paragraph 233 of the Complaint contains conclusions of law or calls for expert opinion to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

234.  Paragraph 234 of the Complaint contains conclusions of law or calls for expert opinion to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

235.  Paragraph 235 of the Complaint contains conclusions of law or calls for expert opinion to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

236.  Denies the allegations of Paragraph 236 of the Complaint.

237.  Denies the allegations of Paragraph 237 of the Complaint.

238.  Denies the allegations of Paragraph 238 of the Complaint.

239.  Denies the allegations of Paragraph 239 of the Complaint.

240.   To the extent Paragraph 240 purports to incorporate Paragraphs 114-17 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 240 of the Complaint.

241.   To the extent Paragraph 241 purports to incorporate Paragraphs 114-17 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 241 of the Complaint.

242.   To the extent Paragraph 242 purports to incorporate Paragraphs 63-71 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 242 of the Complaint.

243.   To the extent Paragraph 243 purports to incorporate Paragraphs 118-27 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 243 of the Complaint.

244.   To the extent Paragraph 244 purports to incorporate Paragraphs 92-105 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 244 of the Complaint.

245.   Denies the allegations of Paragraph 245 of the Complaint.

246.   Denies the allegations of Paragraph 246 of the Complaint, except denies knowledge or information upon which to admit or deny the allegations concerning transactions in WellCare stock made by other defendants and, accordingly, the aggregate amount of WellCare stock sales alleged in this paragraph.

247.   Denies the allegations of Paragraph 247, except admits that Farha sold 16,608 WellCare shares on October 10, 2007 at prices between $112.31 and $113 per share for approximately $1.9 million in proceeds.

248.  With respect to those allegations contained in Paragraph 248 concerning defendants other than Farha, no response is required and Plaintiffs are left to their own proofs.  To the extent a response is required, denies knowledge or information upon which to admit or deny the allegations of this paragraph.

249.  With respect to those allegations contained in Paragraph 249 concerning defendants other than Farha, no response is required and Plaintiffs are left to their own proofs.  To the extent a response is required, denies knowledge or information upon which to admit or deny the allegations of this paragraph.

250.  To the extent Paragraph 250 purports to incorporate Paragraphs 171-75 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 250 of the Complaint.

251.  To the extent Paragraph 251 purports to incorporate Paragraphs 176-82 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 251 of the Complaint.

252.  To the extent Paragraph 252 purports to incorporate Paragraphs 183-88 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 252 of the Complaint.

253.  To the extent Paragraph 253 purports to incorporate Paragraphs 193-205 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 253 of the Complaint.

254.  With respect to those allegations contained in Paragraph 254 concerning defendants other than Farha, no response is required and Plaintiffs are left to their own proofs.  With respect to those allegations related to Farha, denies the allegations contained in this paragraph, except

admits that Farha sold 165,000 WellCare shares in a secondary offering on December 22, 2004 and received approximately $5 million in proceeds.

255.   In response to this paragraph, Farha incorporates his responses to Paragraph 247 and 254 as if fully incorporated herein.  With respect to those allegations contained in Paragraph 255 concerning defendants other than Farha, no response is required and Plaintiffs are left to their own proofs.  To the extent a response is required, Farha denies the allegations of Paragraph 255 of the Complaint, except admits, based upon plaintiffs' arbitrary definition of the purported class period, that Farha's sales of WellCare stock before the purported class period were less than his sales of WellCare stock during the purported class period.

256.   Denies the allegations of Paragraph 256 of the Complaint, except admits that WellCare's 2007 proxy states that Farha's sales of WellCare stock from 2005 on were pursuant to trading plan adopted pursuant to SEC Rule 10b5-1(c)(1) and that WellCare's general counsel, Bereday, approved Farha's 10b5-1 trading plan.

257.   Denies the allegations of Paragraph 257 of the Complaint, except admits that the *St. Petersburg Times* published a story dated October 26, 2007 concerning WellCare and respectfully refers the Court to that story for the complete contents thereof.

258.   Denies the allegations of Paragraph 258 of the Complaint, except admits that the SEC's Director of Enforcement gave a speech on March 8, 2007 and respectfully refers the Court to the text of that speech for the complete contents thereof.

259.   Denies the allegations of Paragraph 259 of the Complaint.

260.   To the extent Paragraph 260 purports to incorporate Paragraphs 135-48 and 159-64 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein. With respect to any new allegations, Farha denies the allegations of Paragraph 260 of the Complaint, except admits that Farha sold 219,000 WellCare shares on July 6, 2005 pursuant to a

33

secondary offering; admits Farha sold 193,000 WellCare shares pursuant to a secondary offering on March 13, 2006; admits that WellCare issued prospectuses in connection with those secondary offerings; and respectfully refers the Court to those prospectuses for the complete contents thereof.

261.  With respect to those allegations contained in Paragraph 261 concerning defendants other than Farha, no response is required and Plaintiffs are left to their own proofs.  To the extent a response is required, denies knowledge or information upon which to admit or deny the allegations of this paragraph.

262.  With respect to those allegations contained in Paragraph 262 concerning defendants other than Farha, no response is required and Plaintiffs are left to their own proofs.  To the extent a response is required, denies knowledge or information upon which to admit or deny the allegations of this paragraph.

263.  With respect to those allegations contained in Paragraph 263 concerning defendants other than Farha, no response is required and Plaintiffs are left to their own proofs.  With respect to Farha, denies the allegations of this paragraph, except admits that the Company filed a proxy statement with the SEC in 2007 and respectfully refers the Court to that filing for the complete contents thereof.

264.  With respect to those allegations contained in Paragraph 264 concerning defendants other than Farha, no response is required and Plaintiffs are left to their own proofs.  With respect to Farha, denies the allegations of this paragraph, except admits Farha received in FY 2004 $311,538 in salary, a cash bonus of $600,000, a restricted stock award of 20,000 shares of WellCare, and a stock option grant of 81,315 options; admits Farha received in FY 2005 $400,000 in salary, a cash bonus of $400,000, a restricted stock award of 220,000 shares of

WellCare, and a stock option grant of 220,000 options; and admits that Farha received in FY 2006 salary of $400,000, a cash bonus of $400,000, and a stock option award of 200,000 options.

265.   Denies the allegations of Paragraph 265 of the Complaint, except admits that Farha received a "Performance Share Award" and respectfully refers the Court to WellCare's public filings for a description of the conditions governing the "Performance Share Award."

266.   With respect to those allegations contained in Paragraph 266 concerning defendants other than Farha, no response is required and Plaintiffs are left to their own proofs.  With respect to Farha, denies the allegations of this paragraph, except admits that Farha received a 100,000 stock option grant in March of 2006 and respectfully refers the Court to the 2007 WellCare proxy for the complete contents thereof.

267.   With respect to those allegations contained in Paragraph 267 concerning defendants other than Farha, no response is required and Plaintiffs are left to their own proofs.  To the extent a response is required, Farha denies the allegations of Paragraph 267 of the Complaint, except admits that WellCare filed a shareholder proxy statement on April 27, 2007 and respectfully refers the Court to that proxy for the complete contents thereof.

268.   To the extent Paragraph 268 purports to incorporate Paragraphs 131-217 of the Complaint, Farha incorporates his responses to those paragraphs as if set forth herein.  With respect to any new allegations, Farha denies the allegations of Paragraph 268 of the Complaint.

269.   Denies the allegations of Paragraph 269 of the Complaint.

270.   Denies the allegations of Paragraph 270 of the Complaint.

271.   Paragraph 271 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph, except admits that WellCare's stock was traded on the NYSE and admits WellCare filed periodic reports with the SEC and NYSE.

272.  Paragraph 272 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

273.  Paragraph 273 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

274.  Paragraph 274 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

275.  Paragraph 275 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

276.  Denies the allegations of Paragraph 276 of the Complaint.

277.  Denies the allegations of Paragraph 277 of the Complaint.

278.  Farha repeats and realleges his responses set forth in Paragraphs 1-277, as if fully set forth herein.

279.  Denies the allegations of Paragraph 279 of the Complaint, except admits that this count is purportedly asserted on behalf of all members of the purported class for alleged violations of Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

280.  Denies the allegations of Paragraph 280 of the Complaint.

281.  Denies the allegations of Paragraph 281 of the Complaint.

282.  Denies the allegations of Paragraph 282 of the Complaint.

283.  Denies the allegations of Paragraph 283 of the Complaint.

284.   Denies the allegations of Paragraph 284 of the Complaint.

285.   Denies the allegations of Paragraph 285 of the Complaint.

286.   Denies the allegations of Paragraph 286 of the Complaint.

287.   Denies the allegations of Paragraph 287 of the Complaint.

288.   Denies the allegations of Paragraph 288 of the Complaint.

289.   Denies the allegations of Paragraph 289 of the Complaint.

290.   Farha repeats and realleges his responses set forth in Paragraphs 1-289, as if fully set forth herein.

291.   Denies the allegations of Paragraph 291 of the Complaint, except admits that this count is purportedly asserted on behalf of all members of the purported class for alleged violations of Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a).

292.   Paragraph 292 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

293.   Paragraph 293 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

294.   Paragraph 294 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

295.   Paragraph 295 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph.

296.   Farha repeats and realleges his responses set forth in Paragraphs 1-295, as if fully set forth herein.

297.   Denies the allegations of Paragraph 297 of the Complaint, except admits that this count is purportedly asserted on behalf of all members of the purported class for alleged violations of Section 20A of the Exchange Act, 15 U.S.C. §78t-1.

298.   Denies the allegations of Paragraph 298 of the Complaint.

299.   Paragraph 299 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Farha denies the allegations of this paragraph, except denies knowledge or information upon which to admit or deny the allegations concerning stock transactions of other defendants and the plaintiffs.

300.   Denies knowledge or information upon which to admit or deny the allegations of Paragraph 300 of the Complaint.

301.   Denies the allegations of Paragraph 301 of the Complaint.

302.   Denies the allegations of Paragraph 302 of the Complaint.

303.   Denies the allegations of Paragraph 303 of the Complaint.

WHEREFORE, Farha, by his attorneys, respectfully requests judgment granting the following relief:

a.   dismissing the Complaint against Farha with prejudice;

b.   awarding the costs of defending this action, including attorneys' fees, costs and disbursements; and

c.   granting such other relief as this Court may deem just and necessary.

DATED:  November 30, 2009                    Respectfully submitted,


                                             s/ Douglas J. Titus, Jr.
                                             Douglas Jules Titus, Jr.
                                             Florida Bar Number 213756
                                             **GEORGE & TITUS, PA**
                                             Suite 1290
                                             100 South Ashley Drive
                                             Tampa, FL  22602
                                             Telephone:  (813) 273-0355
                                             Facsimile:   (813) 276-1515


                                             Thomas C. Newkirk *admitted pro hac vice*
                                             Michael K. Lowman *admitted pro hac vice*
                                             **JENNER & BLOCK LLP**
                                             Suite 900
                                             1099 New York Avenue, NW
                                             Washington, DC  20001
                                             Telephone:  (202) 639-6000
                                             Facsimile:   (202) 639-6066


                                             Howard S. Suskin *admitted pro hac vice*
                                             **JENNER & BLOCK LLP**
                                             353 N. Clark Street
                                             Chicago, IL  60654-3456
                                             Telephone:  (312) 923-2604
                                             Facsimile:   (312) 840-7604


                                             ***Counsel for Defendant Todd S. Farha***

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2009, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send an electronic notice to all

counsel of record.


s/ Douglas Jules Titus, Jr.
Douglas Jules Titus, Jr.