# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA FLORIDA

| | | |
|---|---|---|
| EASTWOOD ENTERPRISES, LLC,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>Plaintiff,<br><br>-v-<br><br>TODD S. FARHA, PAUL L. BEHRENS,<br>THADDEUS BEREDAY, and WELLCARE<br>HEALTH PLANS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>/ | No. 8:07-cv-1940-T-33EAJ<br>(Consolidated) |

## DEFENDANT PAUL BEHRENS' ANSWER
## TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Paul Behrens ("Behrens"), for his answer to Plaintiffs' Consolidated Class Action Complaint (the "Complaint") [Docket No. 96], responds through his counsel to each corresponding paragraph of the Complaint as follows:

No response is required to the table of contents, the Plaintiffs' unnumbered introductory paragraphs which precede paragraph 1 of the Complaint, or the headings in the Complaint; to the extent any response is required, denied. Except as admitted explicitly in this answer, all allegations of the Complaint are denied.

1.    Denied.

2.    The accuracy of quotations of or citations to published stock price information and other documents is denied to the extent inconsistent with the text of such published information and documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

1

3.     Denied.

4.     Denied.

5.     Denied.

6.     Denied.

7.     Denied as to any allegation relating to Mr. Behrens, except admitted that Mr. Behrens served as Chief Financial Officer of WellCare and that he sold certain shares in the Company; the accuracy of quotations of or citations to published stock price information is denied to the extent inconsistent with the text of such published information; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied, except admitted that Mr. Farha served as Chief Executive Officer of WellCare and that Mr. Bereday served as General Counsel and Chief Compliance Officer of WellCare.

8.     Denied as to any allegation relating to Mr. Behrens, except admitted that Mr. Behrens described certain analyst conclusions as inappropriate; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

9.     Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

10.     Denied as to any allegation relating to Mr. Behrens; admitted that on October 24, 2007 federal and state agents executed a search warrant at WellCare's Tampa headquarters; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

11.     Denied; the accuracy of quotations of or citations to published stock price information and other documents is denied to the extent inconsistent with the text of such published information and documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

12.     Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of citations to court documents is denied to the extent inconsistent with the text of the court documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

13.     Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

14.     Denied as to any allegation relating to Mr. Behrens; admitted that WellCare formed a Special Committee; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

15.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

16.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

17.    Denied; allegations of fraud and material inflation of financial statements are denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

18.    Denied; the accuracy of quotations of or citations to published stock price information and other documents is denied to the extent inconsistent with the text of such published information and documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

19.    Paragraph 19 is the Plaintiffs' characterization of their purported action, to which no response is required.  To the extent any response is required, denied.

20.     Paragraph 20 states a legal conclusion to which no response is required.  To the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

21.     Paragraph 21 states a legal conclusion to which no response is required.  To the extent any response is required, "the acts and practices complained of herein" are denied; admitted that WellCare's principal place of business is in Tampa, Florida, in this district; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

22.     Paragraph 22 states a legal conclusion to which no response is required.  To the extent any response is required, denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

23.     Denied; denied that Lead Plaintiff purchased shares of WellCare common stock at artificially inflated prices or suffered damages as a result of purported violations of the Exchange Act alleged in the Complaint; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

24.     Denied; denied that Lead Plaintiff purchased shares of WellCare common stock at artificially inflated prices or suffered damages as a result of purported violations of the Exchange Act alleged in the Complaint; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

25.     Denied; denied that Lead Plaintiff purchased shares of WellCare common stock at artificially inflated prices or suffered damages as a result of purported violations of the Exchange

Act alleged in the Complaint; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

26.     Denied; denied that Lead Plaintiff purchased shares of WellCare common stock at artificially inflated prices or suffered damages as a result of purported violations of the Exchange Act alleged in the Complaint; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

27.     Denied; denied that Lead Plaintiff purchased shares of WellCare common stock at artificially inflated prices or suffered damages as a result of purported violations of the Exchange Act alleged in the Complaint; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

28.     Admitted that the Court issued an Order in this case dated March 11, 2008; the accuracy of citations to court documents is denied to the extent inconsistent with the text of the court documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

29.     Denied, except admitted that WellCare has its principal place of business at 8725 Henderson Road, Renaissance One, Tampa, Florida; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

30.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied, except admitted that Mr. Farha was CEO, President and Chairman of WellCare during the purported Class Period.

31.     Denied, except admitted that Mr. Behrens was WellCare's Chief Financial Officer and Senior Vice President during the purported Class Period, sold certain shares in the Company, resigned from WellCare in 2008, and was an accounting partner at Ernst & Young LLP before he

joined the Company; the remaining allegations and any allegations inconsistent with the foregoing are denied.

32.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied, except admitted that Mr. Bereday was Senior Vice President, General Counsel, and Secretary of WellCare during the purported Class Period, and was WellCare's Chief Compliance Officer.

33.     Denied as to any allegation relating to Mr. Behrens, except admitted that Behrens participated in certain aspects of the management of WellCare and was involved in certain aspects of operations including accounting and reporting; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

34.     Paragraph 34 states a legal conclusion to which no response is required.  To the extent any response is required, denied that the Complaint adequately sets forth any such action, or that the Plaintiffs are entitled to damages or any other relief from or against Mr. Behrens; as to the remaining allegations, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

35.     Denied, except admitted that WellCare common stock was traded on the New York Stock Exchange; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

36.     Paragraph 36 states a legal conclusion to which no response is required.  To the extent any response is required, denied.

37.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

38.    Paragraph 38 state a legal conclusions to which no response is required.  To the extent any response is required, denied.

39.    Paragraph 39 state a legal conclusions to which no response is required.  To the extent any response is required, denied.

40.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

41.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied, except admitted that Medicaid provides medical care to indigent and disabled persons and is funded by state and federal governments.

42.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied, except admitted that Medicare is a federal program that provides a variety of hospital, medical, and prescription drug benefits.

43.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied, except admitted that governments contract with and pay premiums to certain health maintenance organizations to provide coverage to Medicaid and Medicare recipients.

44.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

45.    Denied as to any allegation relating to Mr. Behrens; admitted that on October 24, 2007 federal and state agents executed a search warrant at WellCare's Tampa headquarters; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or

documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

46.     Denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

47.     Denied; the accuracy of quotations of or citations to published financial information and other documents is denied to the extent inconsistent with the text of such published information and documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

48.     Denied; the accuracy of quotations of or citations to published analyst statements or financial information is denied to the extent inconsistent with the text of the published statements or information referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

49.     Denied; the accuracy of quotations of or citations to published statements or financial information is denied to the extent inconsistent with the text of the published statements or information referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

50.     Denied, except admitted that in October 2007, federal and state agents executed a search warrant at WellCare's corporate headquarters; the accuracy of quotations of or citations to published stock price or other financial information is denied to the extent inconsistent with the

text of the published stock price or other financial information; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

51.    Denied.

52.    Denied.

53.    The accuracy of quotations of or citations to published financial information is denied to the extent inconsistent with the text of the published financial information referenced in the paragraph; the remaining allegations are denied.

54.    The accuracy of quotations of or citations to published financial information and documents is denied to the extent inconsistent with the text of the published information and documents referenced in the paragraph; the remaining allegations are denied.

55.    The accuracy of quotations of or citations to published financial information is denied to the extent inconsistent with the text of the published financial information referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

56.    To the extent Paragraph 56 states legal conclusions, no response is required; to the extent any response is required, denied.

57.    To the extent Paragraph 57 states legal conclusions, no response is required; to the extent any response is required, denied.

58.    The accuracy of citations to documents is denied to the extent inconsistent with the text of the referenced documents; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

59.    Denied.

60.    Denied.

61.     Denied.

62.     Denied.

63.     Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of citations to court documents is denied to the extent inconsistent with the text of the court documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

64.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

65.     Denied; the second sentence is denied; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence, therefore denied.

66.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

67.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

68.     Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

69.     Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to financial statements, accounting literature, or other documents is denied to the extent inconsistent with the text of the documents; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

70.     Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

71.     Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

72.     Denied.

73.     Denied.

74.     Denied; the first sentence is denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

75.     Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; the remaining allegations are denied.

76.     The paragraph states a legal conclusion to which no response is required; to the extent any response is required, denied.

77.     Denied.

78.     To the extent Paragraph 78 states legal conclusions, no response is required; to the extent any response is required, denied; the accuracy of citations to laws or documents is denied to the extent inconsistent with the text of the referenced laws or documents.

79.    To the extent Paragraph 79 states legal conclusions, no response is required; to the extent any response is required, denied; the accuracy of citations to laws or documents is denied to the extent inconsistent with the text of the referenced laws or documents.

80.    Denied.

81.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

82.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

83.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

84.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

85.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

86.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

87.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

88.    Denied as to any allegation relating to Mr. Behrens, except admitted that Mr. Behrens described certain analyst conclusions as inappropriate; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

89.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

90.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

91.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

92.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

93.     Denied, except admitted that the Company announced Imtiaz Sattaur's resignation in April 2007; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

94.     Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

95.     Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

96.     Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

97.     Denied as to any allegation relating to Mr. Behrens, except admitted that Mr. Behrens described certain analyst conclusions as inappropriate and stated that the reinsurance agreements had been approved by the appropriate regulatory authorities, that as of March 31,

2007 the difference between reinsurance premiums paid or payable and reinsurance recoveries had no material impact on Florida Medicaid medical result in 2006, and that WellCare provided required disclosure in statutory filings; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

98.    Denied; "These tactics had their intended effect" is denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

99.    Denied, except admitted that there was a telephone conference between Mr. Behrens and Mr. Borsch in May 2007; the accuracy of quotations of or citations to analyst reports is denied to the extent inconsistent with the text of the reports; any remaining allegations are denied.

100.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

101.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

102.    Denied as to any allegation relating to Mr. Behrens, except admitted that Mr. Behrens described certain analyst conclusions as inappropriate and stated that the reinsurance agreements had been approved by the appropriate regulatory authorities, that as of March 31, 2007 the difference between reinsurance premiums paid or payable and reinsurance recoveries had no material impact on Florida Medicaid medical result in 2006, and that WellCare provided required disclosure in statutory filings; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

103.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

104.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

105.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

106.    Denied as to any allegation relating to Mr. Behrens; admitted that on October 24, 2007 federal and state agents executed a search warrant at WellCare's Tampa headquarters; lack

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

107.    Denied as to any allegation relating to Mr. Behrens, except admitted that documents and data were seized; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

108.    Denied; the allegations of fraud are denied; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

109.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

110.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

111.    Denied; the first sentence is denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

112.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

113.    Denied; the allegations of fraud are denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

114.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of citations to court documents is denied to the extent inconsistent with the text of the court documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

115.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of citations to court documents is denied to the extent inconsistent with the text of the court documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

116.    Denied as to any allegation relating to Mr. Behrens, except admitted that Mr. Behrens supervised Mr. Behrens' department; the accuracy of quotations of or citations to conference call transcripts is denied to the extent inconsistent with the text of the transcripts; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

117.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of citations to court documents is denied to the extent inconsistent with the text of the court documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

118.    Admitted that WellCare formed a Special Committee and filed a Form 8-K with the SEC on July 21, 2008; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; the remaining allegations are denied.

119.    Admitted that WellCare filed a Form 8-K with the SEC on July 21, 2008; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; the remaining allegations are denied.

120.    Admitted that WellCare filed a Form 8-K with the SEC on July 21, 2008; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; the remaining allegations are denied.

121.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

122.    Denied as to any allegation relating to Mr. Behrens, except admitted that Mr. Behrens resigned; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

123.    Denied as to any allegation relating to Mr. Behrens, except admitted that Mr. Behrens did not continue to receive payments or benefits after his resignation date other than those described in his January 25, 2008 Separation Agreement and any documents referenced or incorporated therein; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

124.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

125.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

126.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

127.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

128.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

129.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

130.    Denied; the first sentence is denied; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence, therefore denied.

131.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

132.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

133.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

134.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

135.    Denied; the first sentence and "This pattern began" are denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

136.    Denied as to any allegation relating to Mr. Behrens, except admitted that he signed and certified the document referenced in the paragraph as set forth in the text of that document; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

137.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

138.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph.

139.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

140.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

141.    Denied; the accuracy of citations to documents is denied to the extent inconsistent with the text of the referenced documents; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

142.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

143.    Denied; the first and last sentences are denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

144.    Denied; the first sentence is denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the

paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

145.    Denied as to any allegation relating to Mr. Behrens, except admitted that he signed and certified the document referenced in the paragraph as set forth in the text of that document; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

146.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

147.    Denied.

148.    Denied; the first and last sentences are denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

149.    Denied; the first sentence is denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

150.    Denied as to any allegation relating to Mr. Behrens, except admitted that he signed and certified the document referenced in the paragraph as set forth in the text of that document; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

151.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

152.    Denied.

153.    Denied; the first and last sentences are denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

154.    Denied; the first sentence is denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

155.    Denied as to any allegation relating to Mr. Behrens, except admitted that he signed and certified the document referenced in the paragraph as set forth in the text of that document; the accuracy of quotations of or citations to documents is denied to the extent

26

inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

156.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

157.    Denied.

158.    Denied; the first, fifth, and sixth sentences are denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

159.    Admitted, except that the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph.

160.    Denied as to any allegation relating to Mr. Behrens, except admitted that he signed and certified the document referenced in the paragraph as set forth in the text of that document; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

161.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

162.    Denied.

163.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

164.    Denied; the first and third sentences are denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

165.    Denied; the fifth sentence is denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

166.    The accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

167.     Denied as to any allegation relating to Mr. Behrens, except admitted that he signed and certified the document referenced in the paragraph as set forth in the text of that document; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

168.     Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

169.     Denied.

170.     Denied; the first and third sentences are denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

171.     Denied; the first sentence is denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

172.    Denied as to any allegation relating to Mr. Behrens, except admitted that he signed and certified the document referenced in the paragraph as set forth in the text of that document; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

173.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

174.    Denied.

175.    Denied; the first and last sentences are denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

176.    The accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

177.    Denied as to any allegation relating to Mr. Behrens, except admitted that he signed and certified the document referenced in the paragraph as set forth in the text of that

document; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

178.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

179.    Denied.

180.    The accuracy of quotations of or citations to conference call transcripts is denied to the extent inconsistent with the text of the transcripts; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

181.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

182.    Denied; the first and last sentences are denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

183.    The accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

184.    Denied as to any allegation relating to Mr. Behrens, except admitted that he signed and certified the document referenced in the paragraph as set forth in the text of that document; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

185.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

186.    Denied.

187.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

188.    Denied; the first, third, fourth, and fifth sentences are denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents

referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

189.    Denied as to any allegation relating to Mr. Behrens, except admitted that Mr. Behrens described certain analyst conclusions as inappropriate; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

190.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

191.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

192.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

193.    Denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the

published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

194.    The accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

195.    Denied as to any allegation relating to Mr. Behrens, except admitted that he signed and certified the document referenced in the paragraph as set forth in the text of that document; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

196.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

197.    Denied.

198.    Denied as to any allegation relating to Mr. Behrens, except admitted that Mr. Behrens described certain analyst conclusions as inappropriate and stated that the reinsurance agreements had been approved by the appropriate regulatory authorities, that as of March 31, 2007 the difference between reinsurance premiums paid or payable and reinsurance recoveries had no material impact on Florida Medicaid medical result in 2006, and that WellCare provided

required disclosure in statutory filings; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied; the characterization of using a subsidiary "to hide profits" is denied; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

199.    Denied, except admitted that in a conference call on May 8, 2007 Mr. Behrens described certain analyst conclusions as inappropriate and stated that the reinsurance agreements had been approved by the appropriate regulatory authorities, that as of March 31, 2007 the difference between reinsurance premiums paid or payable and reinsurance recoveries had no material impact on Florida Medicaid medical result in 2006, and that WellCare provided required disclosure in statutory filings; the accuracy of quotations of or citations to conference call transcripts is denied to the extent inconsistent with the text of the transcripts; any remaining allegations are denied.

200.    Denied, except admitted that in a conference call on May 8, 2007 Mr. Behrens described certain analyst conclusions as inappropriate and stated that the reinsurance agreements had been approved by the appropriate regulatory authorities, that as of March 31, 2007 the difference between reinsurance premiums paid or payable and reinsurance recoveries had no material impact on Florida Medicaid medical result in 2006, and that WellCare provided required disclosure in statutory filings; the characterization of "hiding profits" is denied; the accuracy of quotations of or citations to conference call transcripts is denied to the extent inconsistent with the text of the transcripts; any remaining allegations are denied.

201.    Denied.

202.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

203.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

204.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

205.    Denied; the first and last sentences are denied; denied as to any allegation relating to Mr. Behrens; the characterization of "hide profits" is denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

206.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

207.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

208.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; the described reporter and regulator statements are denied; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

209.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

210.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

211.    Denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

212. Denied; the first sentence is denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

213. Denied as to any allegation relating to Mr. Behrens, except admitted that he signed and certified the document referenced in the paragraph as set forth in the text of that document; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

214. Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

215. Denied.

216. Denied; the third sentence is denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

217. The first and last sentences are denied; the third sentence is denied, except admitted that on October 24, 2007 federal and state agents executed a search warrant at

WellCare's Tampa headquarters; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

218.    Denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

219.    Denied.

220.    Denied; the allegation of fraud is denied; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

221.    The allegations of false statements, accounting errors, and GAAP violations are denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

222.    The allegations of accounting improprieties, errors, misstatements, mistakes, irregularities, fraud, misleading financial statements, and intentional misstatements are denied; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with

the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

223.    Paragraph 223 states legal conclusions to which no response is required.  To the extent any response is required, allegations of GAAP violations are denied; the accuracy of quotations of or citations to legal, regulatory, accounting standard and other documents and information is denied to the extent inconsistent with the text of such documents and information; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

224.    Denied.

225.    Admitted to the extent that the accuracy of quotations of or citations to published legal, regulatory, accounting standard and other documents and information is consistent with the text of such published documents and information, otherwise denied.

226.    Admitted to the extent that the accuracy of quotations of or citations to published legal, regulatory, accounting standard and other documents and information is consistent with the text of such published documents and information, otherwise denied.

227.    The second and third sentences are denied; the first sentence states a legal conclusion as to which no response is required; to the extent any response is required, the accuracy of quotations of or citations to legal, regulatory, accounting standard and other documents and information is denied to the extent inconsistent with the text of such documents and information; any remaining allegations are denied.

228.    Admitted that WellCare filed a Form 8-K with the SEC on July 21, 2008; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; any remaining allegations are denied.

229.    Denied.

230.    Denied; the second sentence is denied; as to the first sentence, the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; any remaining allegations are denied.

231.    Admitted to the extent that the accuracy of quotations of or citations to published legal, regulatory, accounting standard and other documents and information is consistent with the text of such published documents and information, otherwise denied.

232.    Denied.

233.    Denied; the first and third sentences are denied; as to the second sentence, the accuracy of quotations of or citations to legal, regulatory, accounting standard and other documents and information is denied to the extent inconsistent with the text of such documents and information; any remaining allegations are denied.

234.    Denied; the first and last sentences are denied; as to the second and third sentences, the accuracy of quotations of or citations to legal, regulatory, accounting standard and other documents and information is denied to the extent inconsistent with the text of such documents and information; any remaining allegations are denied.

235.    Denied; the second sentence is denied; as to the first sentence, the accuracy of quotations of or citations to legal, regulatory, accounting standard and other documents and information is denied to the extent inconsistent with the text of such documents and information; any remaining allegations are denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied; the second sentence is denied; the accuracy of citations to court documents is denied to the extent inconsistent with the text of the court documents referenced in the paragraph; any remaining allegations are denied.

241.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of citations to court documents is denied to the extent inconsistent with the text of the court documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

242.    Denied.

243.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

244.    Denied as to any allegation relating to Mr. Behrens except admitted that Mr. Behrens described certain analyst conclusions as inappropriate; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

245.    Denied.

246.    Denied as to any allegation relating to Mr. Behrens, except admitted that he sold certain shares of WellCare stock during the purported Class Period; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

247.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

248.    Denied, except admitted that Mr. Behrens sold certain shares of WellCare stock during the purported Class Period as reflected in Company records; the accuracy of the referenced chart and alleged percentage of holdings sold in this paragraph are denied; all remaining allegations and all allegations inconsistent with the foregoing are denied.

249.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

250.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

251.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

252.    Denied; denied as to any allegation relating to Mr. Behrens; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents

referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

253.    Denied as to any allegation relating to Mr. Behrens except admitted that in a conference call on May 8, 2007 Mr. Behrens described certain analyst conclusions as inappropriate and stated that the reinsurance agreements had been approved by the appropriate regulatory authorities, that as of March 31, 2007 the difference between reinsurance premiums paid or payable and reinsurance recoveries had no material impact on Florida Medicaid medical result in 2006, and that WellCare provided required disclosure in statutory filings; the accuracy of quotations of or citations to published stock price or other financial information or documents is denied to the extent inconsistent with the text of the published information or documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

254.    The first sentence is denied; denied as to any allegation relating to Mr. Behrens except admitted that Mr. Behrens sold certain shares of WellCare stock as reflected in Company records; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

255.    Denied as to any allegation relating to Mr. Behrens except admitted that Mr. Behrens sold certain shares of WellCare stock as reflected in Company records; the accuracy of the referenced chart and alleged percentage of holdings sold relating to Mr. Behrens are denied; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

44

256.    Denied as to any allegation relating to Mr. Behrens except admitted that Mr. Behrens sold certain WellCare shares pursuant to an approved Rule 10b5-1 trading plan; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

257.    Denied as to any allegation relating to Mr. Behrens, except admitted that Mr. Behrens sold certain shares of WellCare stock as reflected in Company records and that he sold certain WellCare shares pursuant to an approved Rule 10b5-1 trading plan; the accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

258.    The accuracy of quotations of or citations to documents is denied to the extent inconsistent with the text of the documents referenced in the paragraph; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

259.    Denied; denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

260.    Denied; the third, fourth, and fifth sentences are denied; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

261.   Denied, except admitted that Mr. Behrens sold shares in the Company, including certain sales not pursuant to a Rule 10b5-1 trading plan, on the dates and in the amounts reflected in Company records; all remaining allegations and all allegations inconsistent with the foregoing are denied.

262.   Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

263.   Denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

264.   Denied as to any allegation relating to Mr. Behrens, except admitted that he received certain compensation in the amounts reflected in Company records; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

265.   Denied as to any allegation relating to Mr. Behrens except admitted that Mr. Behrens received certain equity awards in the amounts reflected in Company records; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

266.   Denied as to any allegation relating to Mr. Behrens except admitted that Mr. Behrens received certain equity awards in the amounts reflected in Company records; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

267.   Denied as to any allegation relating to Mr. Behrens except admitted that Mr. Behrens received certain stock options in the amounts reflected in Company records; lack

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

268. Denied.

269. Denied.

270. Denied.

271. This paragraph states a legal conclusion to which no response is required. To the extent any response is required, admitted that WellCare common stock was traded on the New York Stock Exchange and that WellCare filed periodic public reports with the SEC; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

272. This paragraph states a legal conclusion to which no response is required. To the extent any response is required, denied.

273. This paragraph states a legal conclusion to which no response is required. To the extent any response is required, denied.

274. This paragraph states a legal conclusion to which no response is required. To the extent any response is required, denied.

275. This paragraph states a legal conclusion to which no response is required. To the extent any response is required, denied.

276. Denied.

277. Denied.

278. Incorporate by reference answers to other paragraphs as if fully set forth herein, otherwise denied.

279. Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Incorporate by reference answers to other paragraphs as if fully set forth herein, otherwise denied.

291.    Denied.

292.    Denied.

293.    This paragraph states a legal conclusion to which no response is required.  To the extent any response is required, denied as to any allegation relating to Mr. Behrens; lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, relating to individuals or entities other than Mr. Behrens, therefore denied.

294.    Denied.

295.    Denied.

296.    Incorporate by reference answers to other paragraphs as if fully set forth herein, otherwise denied.

297.    Denied.

298.    Denied.

299.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied, except admitted that Mr. Behrens sold WellCare shares on the dates and in the amounts reflected in Company records.

300.    Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

301.    Denied.

302.    Denied.

303.    This paragraph states a legal demand for jury to which no response is required. To the extent any response is required, denied.

Except as otherwise explicitly admitted herein, deny each and every allegation and heading contained in the Complaint, including the Wherefore clause and prayer for relief, and put plaintiffs to their strict proof thereof.

WHEREFORE, Mr. Behrens prays that the Court enter judgment as follows:

1. That judgment be entered in favor of Mr. Behrens;

2. That Plaintiffs take nothing from Mr. Behrens by this Complaint, and that the Complaint be dismissed with prejudice;

3. Awarding costs, including attorneys' fees, disbursements expert witness fees, and court hearing costs, incurred herein; and

4. For such other relief as the Court deems just and proper.

Dated: November 30, 2009.

/s/ Michael P. Matthews
Michael P. Matthews (FL Bar No. 063988)
Lauren Valiente (FL Bar No. 034775)
Foley & Lardner LLP

100 North Tampa Street
Suite 2700
Tampa, Florida  33602
Phone number:  813.229.2300
Facsimile number:  813.221.4210

And

Nancy J. Sennett
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI  53202-5367
Phone number:  414.297.5503
Facsimile number:  414.297.4900
***Attorneys for Paul L. Behrens***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 30, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Carlos E. Sardi<br>David C. Cimo<br>Kim E. Miller<br>Genovese, Joblove & Battista, PA<br>44th Floor<br>100 SE 2nd Street<br>Miami , FL 33131-2311<br>csardi@gjb-law.com<br>dcimo@gjb-law.com<br>kimmiller225@yahoo.com | Thomas A. Dubbs<br>Labaton Sucharow, LLP<br>34th Floor<br>140 Broadway<br>New York , NY 10005-1108<br>(212) 907-0700<br>tdubbs@labaton.com |
| Steven B. Singer<br>Laura Gundersheim<br>John Rizio-Hamilton<br>Bernstein Litowitz Berger & Grossmann LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 554-1400<br>Facsimile: (212) 554-1444<br>steven@blbglaw.com<br>laurag@blbglaw.com<br>johnr@blbglaw.com | Keith E. Eggleton<br>Dale R. Bish<br>Pamela E. Glazner<br>WILSON SONSINI GOODRICH & ROSATI,<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>T: 650.493.9300<br>F: 650.565.5100<br>Keggleton@wsgr.com<br>dbish@wsgr.com |
| Scott C. Ilgenfritz, FBN 394084<br>Johnson, Pope, Bokor, Ruppel & Burns, LLP<br>Post Office Box 1100<br>Tampa, Florida 33601<br>Telephone: (813) 225-2500<br>Facsimile: (813) 223-7118<br>scotti@jpfirm.com | James W. Johnson<br>Michael Stocker<br>Labaton Sucharow LLP<br>140 Broadway<br>New York, New York 10005<br>Telephone: (212) 907-0700<br>Facsimile: (212) 818-0477<br>jjohnson@labaton.com<br>mstocker@labaton.com |
| Jack E. Fernandez, Jr.<br>Zuckerman Spaeder, LLP<br>101 E. Kennedy Blvd.<br>Suite 1200<br>Tampa, Florida 33602<br>T: 813.221-1010<br>F: 813.223.7961<br>jfernandez@zuckerman.com<br>Joshua L. Crowell | Steven Douglas Knox<br>Ronald Sturgis Holliday<br>DLA PIPER LLP US<br>100 North Tampa St.,Suite 2200<br>Tampa, Florida 33602<br>Telephone: (813) 229-2211<br>Facsimile: (813) 229-1447<br>Douglas.knox@dlapiper.com<br>ronald.holliday@dlapiper.com |

| | |
|---|---|
| Kelso Anderson<br>Michael W. Stocker<br>Labaton Sucharow, LLP<br>34th Floor<br>140 Broadway<br>New York , NY 10005<br>(212) 907-0700<br>jcrowell@labaton.com<br>kanderson@labaton.com<br>mstocker@labaton.com | George Henry Mernick, III<br>Hogan & Hartson, LLP<br>555 13th Street Northwest<br>Washington, DC  20004<br>(202) 637-5726<br>ghmernick@hhlaw.com |
| Howard S. Suskin<br>Jenner & Block, LLP<br>330 N Wabash Ave<br>Chicago , IL 60611-7603<br>(312) 923-2604<br>hsuskin@jenner.com | Michael K. Lowman<br>Jenner & Block, LLP<br>1099 New York Ave., NW, Suite 900<br>Washington , DC 20001-4412<br>(202) 942-4596<br>mlowman@jenner.com |
| Thomas C. Newkirk<br>Jenner & Block, LLP<br>1099 New York Ave., NW, Suite 900<br>Washington , DC 20001-4412<br>(202)639-6099<br>tnewkirk@jenner.com | Jack Reise<br>Coughlin, Stoia, Geller, Rudman & Robbins, LLP<br>Suite 500<br>120 E Palmetto Pk Rd<br>Boca Raton , FL 33432<br>(561) 750-3000<br>Fax: 561/750-3364<br>jreise@csgrr.com |
| Douglas Jules Titus, Jr.<br>George & Titus, P.A.<br>Suite 1290<br>100 North Ashley Drive<br>Tampa, Florida  33602<br>(813) 273-0355<br>dtitus@georgeandtitus.com | |

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: NONE.

/s/ Michael P. Matthews
Attorney