UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| Eastwood Enterprises, LLC, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 8:07-cv-1940-T-33EAJ |
| v. | ) | |
| | ) | |
| Todd S. Farha, Paul L. Behrens, Thaddeus Bereday, and WellCare Health Plans, Inc. | ) ) | |
| | ) | |
| Defendants. | ) | |

## NON-PARTY, CITRUS HEALTH CARE, INC.'S, MOTION TO QUASH SUBPOENA *DUCES TECUM*, OR IN THE ALTERNATIVE, TO REQUEST A PROTECTIVE ORDER, AND MEMORANDUM IN SUPPORT

Pursuant to Fed.R.Civ.P. 45(c)(3) and 26(c)(1), Citrus Health Care, Inc. ("Citrus"), a Health Maintenance Organization that is not a party in the above-mentioned case, hereby moves to quash the Subpoena *Duce Tecum* ("Subpoena") issued to it in this proceeding, or in the alternative, request a protective order. A copy of the Subpoena is contained in Attachment "A".

### INTRODUCTION

On or about January 21, 2010, the Subpoena was served upon Citrus by Defendant, Thaddeus Bereday ("Bereday"). Citrus has no current relationship to any of the named parties. Citrus has limited knowledge of the underlying litigation. Upon information and belief, Citrus believes the instant litigation arises from a lawsuit against WellCare Health Plans, Inc., et al., by its shareholders stemming from fraud allegations by the federal government. First and foremost, Citrus is a disinterested non-party; for this and the following reasons, Citrus moves to quash the

1

Subpoena, or in the alternative, request the issuance of an order to protect Citrus from annoyance, oppression, undue burden and expense, forbidding the disclosure of documents to Bereday. Second, the Subpoena is overly broad and unduly burdensome, as well as seeks irrelevant information. Third, many of the documents to be produced are confidential and proprietary and/or are considered trade secrets, and therefore should be protected from discovery. Fourth, disclosure of the requested information could be in violation of applicable federal law, including, but not limited to Health Insurance Portability and Accountability Act ("HIPPA") privacy rules.

## ARGUMENT

**1.    Disinterested Non-Party**

Most importantly, Citrus is not a party to this proceeding and has no interest in its outcome or any party thereto. Furthermore, the Subpoena would be burdensome even if issued to a party. However, because the Subpoena is issued to a non-party, it becomes even more unreasonably burdensome, and should be either quashed in its entirety. Most courts find that non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 subpoena. *WM High Yield v. O'hanlon*, 460 F. Supp.2d 891, 895 (S.D. Ind. 2006)(citing *United States v. Amerigroup Illinois, Inc.*, 2005 WL 3111972, at 4 (N.D. Ill. 2005)); see *North Carolina Right to Life, Inc. v. Leake* 2005 WL 2456982 (D.D.C. 2005); *Wyoming v. U.S. Dept. of Agriculture*, 208 F.R.D. 449, 452 (D.D.C. 2002); *In re Automotive Refinishing Paint*, 229 F.R.D. 482, 495 (E.D. Pa. 2005). As the First Circuit has explained, "[a]lthough discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to

*special weight* in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998)(emphasis in original). Relevancy of requested information is one of several factors a court must consider when determining undue burden. See *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662-63 (D.Kan. 2003)(to determine whether a Rule 45 subpoena is unduly burdensome, a court may weigh a number of factors including "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, and the burden imposed."). In addition to quashing, because a non-party is disinterested, a court has greater discretion to enter a protective order preventing disclosure. Such an order is not dependant on a legal privilege. *Farnsworth v. Procter & Gamble Co.*, 758 F2d 1545, 1548 (11th Cir. 1985). Fed.R.Civ.P. 26 provides that a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Lastly, courts have routinely granted motions to quash non-party subpoenas to non-parties even when the non-parties have a relationship to parties in suit. See generally *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451 (W.D. N.C. 2005) (quashing non-party subpoenas *duces tecum* to employee of defendant and career counseling company to defendant); *United States v. Amerigroup Illinois, Inc.*, 2005 WL 3111972 (N.D. Ill. 2005) (quashing non-party subpoena *duces tecum* to affiliated entity of defendant); *Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, at 3 (S.D. Fla. 2007) (quashing non-party subpoenas *duces tecum* to former employers of plaintiffs); *WM High Yield, supra* (quashing non-party subpoena *duces tecum* to former manager of dismissed plaintiff).

As noted above, courts have routinely quashed non-party discovery requests to non-parties that have rather substantial ties to the litigating parties. In the matter at hand, not only is

Citrus a non-party to the underlying action, it has no interest whatsoever in the underlying action, or the parties thereto. Citrus is truly a disinterested non-party. As such, Citrus should be afforded the widest latitude by this Court when evaluating the balance of competing needs of Bereday and Citrus. Because Citrus is so removed from the action, there should be no cognizable need that would trump the invasive burden of complying with the Subpoena[1]. Annoyance, embarrassment, oppression, and undue burden and expense of compliance are improper burdens to impose upon a disinterested non-party that can derive no benefit by disclosure. Not only will Citrus gain no benefit, it could perhaps expose itself to future liability depending on the use of the information by Bereday; courts have routinely quashed for less cause. Furthermore, it greatly concerns Citrus that such a request is made by a party that is subject to both a shareholder lawsuit and federal fraud allegations. For the foregoing reasons, the Subpoena should be quashed.

2.   **Overly Broad Request**

Citrus should not have to comply with a discovery request that is limitless in time and practically limitless in documents sought. Courts have routinely found such requests irrelevant and overbroad, and quashed such requests for the same reasons. Courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Fed.R.Civ.P 26. *Barrington, supra*, at 3 (S.D. Fla. 2007); see, e.g., *Chamberlain v. Farmington Saving Bank*, 2007 WL 2786421, at 1 (D.Conn. 2007)("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."); *Stewart v. Mitchell Transport*, 2002 WL 1558210, at 3 (D.Kan. 2002); see also Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to ... discovery rules."). Furthermore, when

---

[1] In addition, the Subpoena is also overbroad, as well as requests irrelevant information that is also confidential, proprietary and/or trade secrets.

4

relevancy of requested information is not apparent, the burden is on the party seeking discovery to show relevancy of the discovery request. *Dean v. Anderson*, 2002 WL 1377729, at 2 (D.Kan. 2002). Finally, in addition to the relevance requirement for the documents requested, a subpoena cannot be overbroad in its reach. See *Barrington, supra* (finding the subpoena *duces tecum* overly broad on its face). Overly broad requests are an undue burden on a non-party. See *Amerigroup Illinois, Inc., supra.* Fed.R.Civ.P 45(c)(3)(A)(iv) mandates that a court "shall quash or modify" a subpoena if it "subjects a person to undue burden." The Advisory Committee's Notes to the 1991 amendments to Fed.R.Civ.P 45 make clear that the amendments have "enlarge[d] the protections afforded persons who are required to assist the court by giving information or evidence." The rule "requires the court to protect all persons from undue burden imposed by the use of the subpoena power." *Id.* This is not the discretionary language of Rule 26(c), under which a court "may make any order which justice requires to protect a party or person from ... undue burden...." It is a "command [ ]." *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 41 (1st Cir. 2003).

In the instant case, because Citrus is a disinterested non-party, the unwanted burden thrust upon it is a factor entitled to *special weight*. The Court's analysis of what constitutes overly broad and unduly burdensome sways in favor of the non-party. Therefore, the burden is shifted to Bereday to show the Subpoena is reasonable as well as relevant; however, Bereday will be unable to make such a showing. The Subpoena is precisely the type of unsupported fishing expedition frowned upon by courts. See *Nw. Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 931 (7th Cir. 2004)(subpoena for records unduly burdensome where requesting party could not articulate a proper use). Citrus can only guess as to the purpose for the documents requested pursuant to the Subpoena. It would appear that Bereday is seeking Citrus's means, methods and

methodology of complying with the "80/20 statute" (as defined in the Subpoena). If such is the case, the Subpoena asks for a much broader swath of materials than is required to accomplish such an objective. Also, such a purpose does not appear to have any relevance to anything at issue. How Citrus complied with the 80/20 statute is not relevant to Bereday's failure to comply with the 80/20 statute. Further, it is important to note that the Supoena is not limited in quantity or type of documents requested, or to a time certain in which such documents may have existed. Courts have found such requests to be overbroad and unduly burdensome. See *Schaaf, supra* (finding a subpoena *duces tecum* for documents within the last ten years to be overly broad and burdensome). Lastly, if Bereday is seeking documents to make any sort of showing of compliance, lack thereof, or difficulty of complying with the 80/20 statute, Bereday is in essence seeking to gain public oversight of private entities. This would be an impermissible power grab from the governmental entities tasked with regulating Medicaid Health Maintenance Orginizations. Because Bereday's request is overbroad and unduly burdensome, as well as not relevant to any issue pertaining to the instant litigation, this Court should quash the Subpoena, or in the alternative, issue a protective order preventing Citrus's disclosure of such requested documents.

3. **Confidential and Proprietary and/or Trade Secrets**

Regardless to Bereday's motives behind seeking the documents requested pursuant to the Subpoena, all such information is proprietary in nature, belonging to Citrus, and therefore not discoverable. Fed.R.Civ.P 45(c)(3)(B)(i) is clear that a court may quash a subpoena that requires the disclosure of a "trade secret or other confidential research, development, or commercial information." However, the disclosing party must establish a personal right regarding the documents that are alleged to be proprietary or confidential. *Auto-Owners Insurance Company v.*

*Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 2005). The rule is not absolute, Fed.R.Civ.P 45(c)(3)(C)(i) allows a court to order production if the serving party shows a substantial need for the material that cannot be otherwise met without undue hardship.

Citrus has a reasonable expectation of privacy regarding its business transactions with all parties it deals with, including Behavioral Care, Inc. In addition to its reasonable expectation, Citrus has spent significant sums of both time and money in developing means, methodologies and methods of complying with the 80/20 statute and other AHCA requirements. Such means, methodologies and methods are what keep Citrus competitive and profitable in a challenging industry. Thus, the records related thereto are both confidential and proprietary. Additionally, the requested information is rivalrous in nature, i.e. its possession by Bereday would result in a gain that would precisely correspond to the loss endured by Citrus. For instance, someone entering into the cola industry should not be permitted to subpoena Coke's secret formula in hopes of then becoming competitive. Additionally, Citrus has established a "personal right" regarding the requested documents. cf. *Clayton Brokerage Co., Inc. v. Clement*, 87 F.R.D. 569, 571 (D.Md. 1980) (bank customer had no legitimate expectation of privacy in the contents of checks, deposit slips and other banking documents subpoenaed from his bank and, therefore, lacked standing to challenge the subpoena issued to the bank). Bereday cannot meet the requirements of Fed.R.Civ.P 45(c)(3)(C)(i) of showing a substantial need for the requested information that cannot otherwise be met without undue hardship. In fact, it appears that Bereday's discovery is merely a fishing expedition to discover that which it could not accomplish itself, compliance with the 80/20 statute, and similarly related requirements of ACHA. To permit such discovery would expressly go against the free market principles of our capitalistic society, at the direct cost of Citrus. Because of Citrus's reasonable expectation of privacy, expenditure of large amounts of

time and effort in creating the requested documents that contain confidential, trade secrets and proprietary analyses, methodologies, financial records, negotiations and contracts, etc., the Subpoena should be quashed, or in the alternative, a protective order should be issued preventing Citrus's disclosure of such requested documents.

4.  **Privacy Laws**

A portion of the information requested by the Subpoena is on file with the various departments and agencies tasked with overseeing and working with HMOs. This information is available to Bereday pursuant to a proper public information request. Moreover, Bereday has a pre-existing working relationship with these state entities, which would make a public information request a more proper means of obtaining the information than from Citrus via non-party discovery. Also, the remaining balance of information requested contains patient information, the disclosure of which is specifically prohibited by HIPAA. Citrus is considered a "covered entity" under the HIPAA privacy laws pursuant 45 C.F.R. §163.103, and must comply with the privacy requirements of HIPAA. Covered entities are prohibited from disclosing "individually identifiable health information" that is deemed to be "protected health information". *Id.* Pursuant to 45 C.F.R. §164.502, a covered entity may not use or disclose protected health information, subject to statutorily enunciated exceptions. Bereday does not meet any of the exceptions to Citrus's requirement of non-disclosure. For this reason, the Subpoena should be quashed, or in the alternative, a protective order should be issued preventing Citrus's disclosure of such protected health information.

## CONCLUSION

For the foregoing reasons, non-party Citrus respectfully requests this court quash the Subpoena, or in the alternative, issue an order to protect Citrus from annoyance, oppression,

undue burden and expense, forbidding the disclosure of documents to Bereday. Finally, Bereday should reimburse Citrus's expenses related to responding to the Subpoena.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by ☐ U.S. Mail, ☐ Facsimile Transmission, ☐   Electronic Transmission, this __15__ day of February, 2010, to Keith E. Eggleton, Wilson Sonsini Goodrich & Rosati, P.C., 650 Page Mill Road, Palo Alto, CA 94304.

                                          RAILEY, HARDING & ALLEN, P.A.

                                          By: _____
                                                  Robert L. Harding, Esquire
                                                  Florida Bar #: 451177
                                                  Rouselle A. Sutton, III, Esquire
                                                  Florida Bar #: 027092
                                                  15 North Eola Drive
                                                  Orlando, Florida 32801
                                                  Telephone: (407) 648-9119
                                                  Facsimile: (407) 648-8049
                                                  Attorneys for Citrus Health Care, Inc.