UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

EASTWOOD ENTERPRISES, LLC, *et al.,*

    Plaintiff,

v.     Case No. 8:07-cv-1940-T-33EAJ

TODD S. FARHA, PAUL L. BEHRENS,
THADDEUS BEREDAY, and
WELLCARE HEALTH PLANS, INC.,

    Defendants.
_____

### GRAY ROBINSON'S OBJECTIONS TO AND MOTION TO QUASH OR MODIFY SUBPOENA FOR PRODUCTION OF DOCUMENTS

GrayRobinson, P.A. (GrayRobinson), having been served with a Subpoena to Produce Documents on February 12, 2010 by Defendant, Thaddeus Bereday, pursuant to Rule 45, Federal Rules of Civil Procedure, serves its Objections to the Subpoena, and moves this Court to quash or modify the subpoena as follows:

### OBJECTIONS TO THE SUBPOENA

GrayRobinson objects to the subpoena in that it is overbroad and would require undue burden and expense to comply. Request number 1 seeks documents related to each "engagement," defined as "any representation, matter, case, transaction, investigation, and/or project" for which GrayRobinson provided "any services, advice, consultation, opinion, or analysis of any nature to WellCare." Under this definition, GrayRobinson would be required to produce scores of files, many of which consist of GrayRobinson's representation of WellCare in real estate transactions. Upon information and belief, most of the engagements referenced in request number 1 are not related to the instant case in any manner.

Furthermore, the subpoena does not provide an exception or waiver for attorney-client privileged information, or attorney work product. Because of the nature of the relationship between GrayRobinson and WellCare, virtually all of GrayRobinson's documents may be subject to an attorney-client privilege or attorney work product privilege. The subpoena makes no exception or waiver for this fact, but instead requires GrayRobinson to prepare a privilege log.

## MOTION TO QUASH OR MODIFY THE SUBPOENA

GrayRobinson moves this Court to quash or modify the subpoena on the basis that it seeks matters not related to the "80/20" issue which is the subject of this action, which are attorney-client privileged, or to which an attorney work product privilege applies.

Rule 45(c)(3) requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(iii) and (iv).

As noted above, the subpoena does not provide an exception or waiver for attorney-client privileged information, or attorney work product. Additionally, if the subpoena is not limited to the "80/20" issue, GrayRobinson would be subjected to undue burden in searching its both its computer system and physical files for all documents related to every "engagement" as defined by the subpoena.

Notwithstanding its objections and this Motion to Quash or Modify the Subpoena, GrayRobinson will respond to a subpoena of more limited scope.

# 202055 v1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 15, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ George N. Meros, Jr.*
George N. Meros, Jr.
Florida Bar No. 263321
GrayRobinson, P.A.
301 South Bronough Street, Suite 600
Post Office Box 11189 (32302)
Tallahassee, Florida 32301
Telephone (850) 577-9090
Facsimile   (850) 577-3311
Email:  gmeros@gray-robinson.com

*Attorney for GrayRobinson, P.A.*

# 202055 v1