UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Tampa Division)

| | |
|---|---|
| EASTWOOD ENTERPRISES, LLC, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TODD S. FARHA, PAUL L. BEHRENS, )<br>THADDEUS BEREDAY, and )<br>WELLCARE HEALTH PLANS, INC., )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO:<br>8:07-CV-1940-T-33EAJ |

**NON-PARTY, PSYCHCARE, LLC'S, MOTION TO QUASH
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION,
OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES,
OR IN THE ALTERNATIVE TO REQUEST A PROTECTIVE ORDER**

COMES NOW the subpoenaed non-party, PSYCHCARE, LLC, by and through its attorney undersigned, and pursuant to Federal Rule of Civil Procedure 45, and files its Motion to Quash the Subpoena to Produce of Documents, Information, or Objects or to Permit Inspection of Premises, or in the Alternative to Request a Protective Order, and states:

1. On or about February 1, 2010, the Subpoena was served upon PSYCHCARE LLC by Defendant, Thaddeus Bereday ("Bereday"). A copy of the Subpoena is contained in Attachment "A."

2. PSYCHCARE LLC has no current relationship to any of the names parties, and has limited knowledge of the underlying litigation. Upon information and belief, PSYCHCARE LLC believes the instant litigation arises from a lawsuit against WellCare Health Plans, Inc., et al., by its shareholders stemming from fraud allegations by the federal government.

1

3. PSYCHCARE LLC, as a disinterested non-party to the litigation, moves to quash the subpoena, or in the alternative, requests that the Court issue a protective order to protect PSYCHCARE LLC from annoyance, oppression, undue burden and expense, and to forbid the disclosure of documents to Bereday. Additionally, the Subpoena is overly broad and unduly burdensome, and seeks irrelevant information. Most importantly, the documents sought to be produced are confidential and proprietary and/or are considered trade secrets, and should be protected from discovery under the applicable rules.

4. **Disinterested Non-Party**

As stated above, PSYCHCARE LLC is not a party to this proceeding and has no interest in its outcome or any party hereto. While the subpoena would be burdensome even if issued to a party, because it is issued to a non-party, it becomes even more unreasonably burdensome, and should be quashed in its entirety. Most Courts find that non-party status is a significant factor a court must consider when assessing burden for the purpose of a Rule 45 subpoena. See *WM High Yield v. O'hanlon,* 460 F.Supp.2d 891, 895 (S.D. Ind. 2006)(citing *United states v. Amerigroup Illinois, Inc.,* 2005 WL 3111972, at 4 (N.D. Ill. 2005)).

5. **Overly Broad and Burdensome**

PSYCHCARE LLC should not have to comply with the subpoena, as it is limitless in time and practically limitless in documents sought. Courts have routinely found such requests to be irrelevent and overbroad, and have quashed such requests for the same reasons. Overly broad requests are an undue burden to a non-party. See *Amerigroup Illinois, Inc., supra.* The Advisory Committee's Notes to the 1991 amendments to Fed.R.Civ.P 45 make clear that the amendments have "enlarge[d] the protections afforded persons who are required to assist the court by giving information or evidence." The rule "requires the court to protect all persons from undue burden

imposed by the use of the subpoena power." *Id.* This is not the discretionary language of Rule 26(c), under which a court "may make an order which justice requires to protect a party or person from … undue burden … " It is a "command [ ]." *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 41 (1st Cir. 2003).

The Court's analysis of what constitutes overly broad and unduly burdensome sways in favor of the non-party. Accordingly, the burden is shifted to Bereday to show the Subpoena is reasonable and relevant.

6. **Confidential and Proprietary and/or Trade Secrets**

Regardless of Bereday's motives behind seeking the documents requested pursuant to the subpoena, all such information is proprietary in nature, belonging to PSYCHCARE LLC, and therefore not discoverable. Fed.R.Civ.P 45(c)(3)(B)(i) is clear that a court may quash a subpoena that requires the disclosure of a "trade secret or other confidential research, development, or commercial information."

PSYCHCARE LLC has a reasonable expectation of privacy regarding its business transactions with all parties that it deals with. In addition to this reasonable expectation, PSYCHCARE LLC has spent significant sums of both time and money in developing means, methodologies, and methods of complying with the 80/20 statute and other AHCA requirements. Such means, methodologies and methods are what keep PSYCHCARE LLC competitive and profitable in a challenging industry. Thus the records requested in the subpoena are both confidential and proprietary, the disclosure of which would result in the type of unfair business advantage to Bereday which is contemplated and prohibited by the applicable rules.

7. For the foregoing reasons, non-party PSYCHCARE LLC respectfully requests that this Court quash the subpoena, or in the alternative, issue an order to protect PSYCHCARE

LLC from annoyance, oppression, undue burden and expense, and forbidding the disclosure of documents to Bereday.  Additionally, Bereday should reimburse PSYCHCARE LLC's expenses related to responding to the Subpoena.

                    Respectfully submitted,

                      MANUEL VAZQUEZ, P.A.
                      Attorney for non-party PSYCHCARE, LLC
                      Gables International Plaza
                      2655 Le Jeune Rd., Fifth Floor
                      Coral Gables, Florida  33134
                      Tel. No. (305) 445-2344
                      Fax No. (305) 445-4404

                    By __s/Manuel Vazquez_____
                        MANUEL VAZQUEZ, ESQ.
                         Florida Bar No. 132826

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all parties via CM/ECF this __16th__ day of __February__, 2010.

                    By __s/Manuel Vazquez_____
                        MANUEL VAZQUEZ, ESQ.
                         Florida Bar No. 132826