UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| EASTWOOD ENTERPRISES, LLC, et al. ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> TODD S. FARTHA, PAUL L. BEHRENS, ) <br> THADDEUS BEREDAY, and WELLCARE ) <br> HEALTH PLANS, INC. ) <br> ) <br> Defendant ) <br> ) | Civil Action No.: 8:07-cv-1940-T-33EAJ |

**NON-PARTY VISTA HEALTHPLAN OF SOUTH FLORIDA, INC.'S AND VISTA HEALTHPLAN, INC.'S AMENDED MOTION TO MODIFY AND/OR QUASH DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF DOCUMENTS WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW, non-party VISTA HEALTHPLAN OF SOUTH FLORIDA, INC. AND VISTA HEALTHPLAN, INC., ("VISTA") by and through it undersigned attorney, and pursuant to Federal Rule of Civil Procedure 45(c)(3)(A) files this Amended Motion to Modify and/or Quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (the "Subpoena") of Defendant Thaddeus Bereday, and states:

1. On January 21, 2010, non-party VISTA was served with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises of Defendant Thaddeus Bereday. The documents are due to be produced on February 16, 2010 but that deadline was extended to February 17, 2010 on agreement of counsel.

2.      Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i), the Subpoena fails to allow a reasonable time to comply with Requests # 2, 3, 4, 5, 6, 7, 8, and 9. It is estimated that it will take 90 days to search, identify, and gather any documents responsive to this request.

3.      Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), the Subpoena's Requests # 1, 4, 5, 6, 7, and 9, requires the disclosure of privileged and confidential materials, including, but not limited to, proprietary business information, trade secrets, and documents protected from production by the attorney client privilege, work product doctrine and accountant client privilege.

4.      Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), the Subpoena subjects VISTA to an undue burden to comply with Requests # 2, 3, 4, 5, 6, 7, 8, and 9. It is estimated that it will take extensive manpower to search, identify, and gather any documents responsive to this request.  The individuals needed to perform this task will need to be taken out of their regularly scheduled business responsibilities, creating a hardship for VISTA.

5.      Although served in excess of 14 days ago, VISTA should still be allowed to object to the Subpoena because it is overbroad on its face and exceeds the bounds of fair discovery.  The request seeks over 9 years worth of documents and necessarily could include documents that are protected from discovery by the attorney client privilege, work product doctrine or accountant client privilege.

6.      All requests which seek documents submitted to AHCA should be obtained directly from AHCA under Florida's "Sunshine Law".  <u>See Fla. Stat.</u> §119.01, et seq.

7. VISTA respectfully requests that this Honorable Court enter an Order Quashing those parts of the Subpoena which seek confidential, protected information; enter an Order limiting the scope of the requests so that compliance does not represent an undue burden; and extend the time period for compliance.

8. Pursuant to Local Rule 3.01(g), undersigned counsel conferred with the attorneys who issued the Subpoena for Defendant Bereday, but was unable to come to an agreement regarding the documents sought by the Subpoena.

## INCORPORATED MEMORANDUM OF LAW

Fed. R. Civ. P. **45**(c)(3)(A) states, *inter alia*, that upon timely motion, the issuing court must quash or modify a subpoena that either fails to allow a reasonable time to comply, requires disclosure of privileged or other protected matter (if no exception or waiver applies), or subjects a person to undue burden. Such a motion is timely when it is made on or before the time of compliance. Central States, et al v. GWT 2005 Inc., et al., 2009 WL 3255346 (N.D. Ill.); In re Kulzer, 2009 WL 961229 (N.D. Ind.).

VISTA should also be allowed to object to the Subpoena on other grounds because it is overbroad on its face and exceeds the bounds of fair discovery. As stated by the Court in In re Accutane, 2006 WL 1281598 (M.D. Fla.) (other citations omitted), "the failure to act [within 14 days after service] may not bar consideration of objections"

Here, the Subpoena on its face seeks documents from the time period of January 1, 2001 to the present, an overly broad period of time. The Subpoena also seeks documents that "relate" to audits, settlement agreements, and communications with AHCA. This

necessarily could include documents that are protected from discovery by the attorney client privilege, work product doctrine or accountant client privilege. The foregoing represents good cause why this Court should allow VISTA to quash the Subpoena. Any documents submitted to AHCA would be subject to Florida's "Sunshine Law". See Fla. Stat. §119.01, et seq. All requests which seek documents submitted to AHCA should be directed to AHCA.

Contrary to Fed. R. Civ. P. 45(c)(3)(A)(i), the Subpoena fails to allow a reasonable time to comply with Requests # 2, 3, 4, 5, 6, 7, 8, and 9. It is estimated that it will take 90 days to search, identify, and gather any responsive documents to this request. The Subpoena is returnable on February 17, 2010 by the agreement of the parties.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), the Subpoena's Requests # 1, 4, 5, 6, 7, and 9, also require the disclosure of privileged and confidential materials, including, but not limited to, proprietary business information, trade secrets, and documents protected from production by the attorney client privilege and work product doctrine.

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), the Subpoena further subjects VISTA to an undue burden to comply to Requests # 2, 3, 4, 5, 6, 7, 8, and 9. It is estimated that it will take extensive manpower to search, identify, and gather any responsive documents to this request. The individuals needed to perform this task will need to be taken out of their regularly scheduled business responsibilities for an extended period of time, creating a hardship for VISTA that cannot be justified in this case.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was sent via CM/ECF on this 17th day of February, 2010 to all parties of record.

Respectfully submitted,

Law Offices of
STEVEN M. ZIEGLER, P.A.
Attorneys for Vista Health plan of South Florida
Presidential Circle- Suite 375 South
4000 Hollywood Boulevard
Hollywood, Florida 33021
Tel: (954) 966-2696
Fax: (954) 966-2446
E-Mail: Bradley.Seldin@smzpa.com


By:    /s/ Bradley M. Seldin
         **BRADLEY M. SELDIN**
         **Florida Bar No. 0156353**