UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| EASTWOOD ENTERPRISES, LLC, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TODD S. FARHA, PAUL L. BEHRENS, THADDEUS BEREDAY, and WELLCARE HEALTH PLANS, INC.,<br><br>    Defendants. | CASE NO.:  8:07-cv-1940-T-33EAJ |

**DECLARATION OF KEITH E. EGGLETON IN SUPPORT OF DEFENDANT THADDEUS BEREDAY'S MEMORANDUM IN OPPOSITION TO MOTIONS TO QUASH FILED BY NON-PARTIES CITRUS HEALTH CARE, INC., PREFERRED MEDICAL PLAN, INC., VISTA HEALTHPLAN OF SOUTH FLORIDA, INC., VISTA HEALTHPLAN, INC. AND PSYCHCARE, LLC.**

I, Keith E. Eggleton, declare as follows:

1. I am a member of the firm of Wilson Sonsini Goodrich & Rosati, P.C., and am counsel for defendant Thaddeus Bereday in the above-captioned matter. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**Preferred Medical Plan, Inc., Vista Healthplan, Inc. and Vista Healthplan of South Florida, Inc.**

2. On January 19, 2010, I issued a subpoena *duces tecum* to Preferred Medical Plan, Inc. ("Preferred"). A true and correct copy of this subpoena, along with a corresponding proof of service, is attached hereto as Exhibit 1 (the "Preferred Subpoena").

3. On January 19, 2010, I issued a subpoena *duces tecum* to Vista Healthplan, Inc. ("Vista"). A true and correct copy of this subpoena, along with a corresponding proof of service, is attached hereto as Exhibit 2 (the "Vista Subpoena").

4. On January 19, 2010, I issued a subpoena *duces tecum* to Vista Healthplan of South Florida, Inc. ("VSF"). A true and correct copy of this subpoena, along with a corresponding proof of service, is attached hereto as Exhibit 3 (the "VSF Subpoena").

5. On February 3, 2010, Bradley Seldin of the Law Offices of Steven M. Ziegler, P.A. left a voicemail message for Dale Bish, an associate at my office, regarding a related subpoena our office had issued to Amerigroup Florida, Inc. ("Amerigroup"). That same day, Mr. Bish and I called Mr. Seldin and discussed background issues relating to this litigation and whether the Ziegler firm, which has done work for WellCare, might have a conflict of interest. Mr. Seldin indicated he would consider the potential conflict before engaging in a substantive dialogue regarding the subpoena. On February 9, 2010, Steven Ziegler left a voicemail message for me indicating that, in addition to Amerigroup, his office would represent Preferred and "some other plans" in connection with the subpoenas. When Mr. Bish and I called Mr. Ziegler on February 10, 2010, Mr. Ziegeler indicated that his office represented Amerigroup,

Preferred, Vista and VSF. Because Mr. Ziegler had another call scheduled that afternoon, we agreed to schedule a call the following day to discuss the four subpoenas.

6. On February 11, 2010, Mr. Bish and I participated in a conference call with Mr. Seldin and Andres Gonzalez (also of the Ziegeler firm) regarding the scope of the subpoenas. Mr. Seldin expressed concern that the subpoena called for information that he considered to be confidential and/or proprietary. During this call, I agreed to narrow certain requests and informed Messrs. Seldin and Gonzalez that a protective order had been entered by the Court to address confidentiality issues. At the end of our call, Mr. Seldin agreed to review the protective order, discuss issues with his respective clients, and get back to us. On February 12, 2010, Mr. Bish sent an email to Mr. Seldin, on which I was copied, enclosing a copy of the protective order entered in this litigation.

7. Following our February 11, 2010 call, neither Mr. Seldin nor anyone else at the Ziegler firm attempted to continue our meet and confer discussions prior to filing motions to quash on behalf of Preferred, Vista, and VSF.

8. On February 16, 2010, Mr. Seldin served objections on behalf of Amerigroup, but to the best of my knowledge, at no point has Preferred, Vista or VSF served objections to the subpoenas other than in their respective motions to quash.

**Citrus Health Care, Inc.**

9. On January 19, 2010, I issued a subpoena *duces tecum* to Citrus Health Care, Inc. ("Citrus"). A true and correct copy of this subpoena, along with a corresponding proof of service, is attached hereto as Exhibit 4 (the "Citrus Subpoena").

10. On January 22, 2010, Robert Harding of Railey Harding & Allen, P.A. called me regarding the Citrus Subpoena. Mr. Harding informed me that he acts as counsel for Citrus. During our call, Mr. Harding expressed concern about the subpoena. I told Mr. Harding that I was willing to discuss the scope of the subpoena. Mr. Harding said he would get back to me. Following this call, neither Mr. Harding nor anyone else contacted me regarding the Citrus Subpoena. To the best of my knowledge, no one has contacted anyone else at my office

regarding the Citrus Subpoena and neither I, nor anyone else at my office, has received written objections other than the motion to quash regarding the Citrus Subpoena.

**PsychCare, LLC.**

11. On January 29, 2010, Mr. Bish issued a subpoena *duces tecum* to PsychCare, LLC. ("PsychCare"). A true and correct copy of this subpoena, along with a corresponding proof of service, is attached hereto as Exhibit 5 (the "PsychCare Subpoena").

12. On February 10, 2010, I received electronic notice that PsychCare had filed objections to the PsychCare Subpoena with the Court. Other than receiving these objections and the subsequent motion to quash, neither I nor, to the best of my knowledge, anyone else at my office, has been contacted in any way by PsychCare or anyone acting on behalf of PsychCare regarding the PsychCare Subpoena.

**Documents Received From State of Florida**

13. Since November 2007, our co-counsel in this litigation (initially, the Colson Hicks Eidson firm and, thereafter, the Zuckerman Spaeder firm) have issued several public information requests to certain Florida state agencies, including the Agency for Health Care Administration ("AHCA") on topics relating to this litigation. Exhibits 6 through 16, attached hereto, are true and correct copies of documents that AHCA has produced in response to those requests, which we understand to be copies of: an email between Christina Lopez and Kenneth Thurston dated April 30, 2003 (Exh. 6); a memorandum from Grant Dearborn to Kim Kellum dated April 19, 2004 (Exh. 7); an email between Marie Talton and Jill Harvey, Thomas Warring, Christina Lopez, and Glenda Newman dated June 3, 2002 (Exh. 8); Preferred's Financial Worksheet for the Calculation of Behavioral Health Care Ratio for the Calendar Year 2006 dated March 19, 2007 (Exh. 9); the final audit report and exhibits prepared by Buttner Hammock & Company, P.A. ("Buttner Hammock") regarding Preferred (Exh. 10); VSF's Financial Worksheet for the Calculation of Behavioral Health Care Ratio for the Calendar Year 2006 dated March 19, 2007 (Exh. 11); the audit report and exhibits prepared by Buttner Hammock regarding VSF (Exh. 12); Vista's Financial Worksheet for the Calculation of

Behavioral Health Care Ratio for Calendar Year 2006 dated March 19, 2007 (Exh. 13); the audit report and exhibits prepared by Buttner Hammock regarding Vista (Exh. 14); the audit report and exhibits prepared by Buttner Hammock regarding Citrus (Exh. 15); a letter from Citrus to AHCA dated February 13, 2009 (Exh. 16).

      I declare under the penalty of perjury that the foregoing is true and correct.  Executed this 4th day of March, 2010 at Palo Alto, California.

                                                  /s/ Keith E. Eggleton
                                                    Keith E. Eggleton

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 4, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send an electronic notice to all counsel of record who are registered to receive electronic notices.  I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:  NONE.

                                                                                        /s/ Keith E. Eggleton  
                                                                                        Keith E. Eggleton  
                                                                                       Attorney