UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| Eastwood Enterprises, LLC, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 8:07-cv-1940-T-33EAJ |
| v. | ) | |
| | ) | |
| Todd S. Farha, Paul L. Behrens, Thaddeus Bereday, and WellCare Health Plans, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## NON-PARTY, CITRUS HEALTH CARE, INC.'S, MOTION REQUESTING LEAVE TO FILE ITS REPLY TO DEFENDANT, THADDEUS BEREDAY'S RESPONSE TO CITRUS HEALTH CARE, INC.'S MOTION TO QUASH AND MEMORANDUM IN SUPPORT

Pursuant to M.D. Fla. Loc. R. 3.01(c), Non-Party Citrus Health Care, Inc. ("Citrus"), by and through undersigned counsel, respectfully requests that this Honorable Court permit Citrus to file a reply or further memorandum - of a length no greater than ten (10) pages - to Defendant, Thaddeus Bereday's Response to Citrus's Motion to Quash, and Memorandum in Support. In support thereof, Citrus states:

1. On or about January 21, 2010, Defendant, Thaddeus Bereday ("Bereday") served Citrus with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises that contained a compliance date of February 16, 2010 ("Non-Party Subpoena").

2. On or about January 23, 2010, Citrus's counsel contacted Bereday's counsel by telephone, during which Citrus orally objected to the Non-Party Subpoena and informed Bereday's counsel that court intervention would be sought should the Non-Party Subpoena not be withdrawn. Citrus waited, but Bereday did not withdraw its Non-Party Subpoena.

1

3.   On February 15, 2010, Citrus filed its Motion to Quash, Or In the Alternative, Motion for a Protective Order. ("Motion to Quash").

4.   On March 4, 2010, approximately 17 days after Citrus filed its Motion to Quash, Bereday filed its memorandum in opposition to the Motion to Quash ("Memorandum in Opposition").

5.   In its Memorandum of Opposition, Bereday cites to Fed.R.Civ.P. 45(c)(2)(B) and case law as mandating that any objection (including motions to quash) must be delivered in writing within 14 days of service of a subpoena. Because the Motion to Quash was filed at 14 days from service, Bereday claims the Motion to Quash was untimely filed and thus resulted in a waiver of Citrus's ability to object to or quash the Non-Party Subpoena. Citrus requests to respond in turn with case law showing that not only did Citrus make a timely objection by telephone, but that Fed.R.Civ.P. 45(c)(2)(B) does not require a person served with an objectionable subpoena to follow its directives in lieu of filing a motion to quash pursuant to Fed.R.Civ.P. 45(c)(3) within the compliance period contained in a subpoena rather than 14 days from date of service.

6.   Finally, the Memorandum in Opposition was itself untimely filed pursuant to Local Rule 3.01(b), as it was filed more than ten days after the Motion to Quash was filed.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to M.D. Fla. Loc. R. 3.01(g), the undersigned certifies that he has consulted with counsel for Bereday and has been informed that Bereday objects to this Motion.

WHEREFORE, Non-Party Citrus respectfully request that this Honorable Court grant it permission to file a short ten (10) page or less reply to Bereday's response memorandum to address Bereday's newly raised factual and legal conclusions.

DATED: March 11, 2010.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by ☐ U.S. Mail, ☐ Facsimile Transmission, ☒ Electronic Transmission, this __11__ day of March, 2010, to Keith E. Eggleton, Wilson Sonsini Goodrich & Rosati, P.C., 650 Page Mill Road, Palo Alto, CA 94304.

RAILEY, HARDING & ALLEN, P.A.

By: _____
Robert L. Harding, Esquire
Florida Bar #: 451177
Rouselle A. Sutton, III, Esquire
Florida Bar #: 027092
15 North Eola Drive
Orlando, Florida 32801
Telephone: (407) 648-9119
Facsimile: (407) 648-8049
Attorneys for Citrus Health Care, Inc.