UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EASTWOOD ENTERPRISES, LLC, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TODD S. FARHA, PAUL L. BEHRENS, THADDEUS BEREDAY, and WELLCARE HEALTH PLANS, INC., <br><br> Defendants. | CASE NO.: 8:07-cv-1940-T-33EAJ |

**DEFENDANT THADDEUS BEREDAY'S MEMORANDUM IN OPPOSITION TO CITRUS HEALTH CARE, INC.'S MOTION REQUESTING LEAVE TO FILE TO REPLY BRIEF**

Defendant Thaddeus Bereday respectfully submits this opposition to Citrus Health Care, Inc.'s ("Citrus") Motion Requesting Leave to File Its Reply Brief ("Motion"). In its Motion, Citrus asserts that a reply brief – of up to 10 pages – is needed to make the following arguments: that "the Motion to Quash was filed at 14 days from service [of the subpoena]"; that Citrus "did make a timely objection by telephone"; and that Mr. Bereday's opposition brief was "untimely filed pursuant to Local Rule 3.01(b), as it was filed more than ten days after the Motion to Quash was filed." Motion ¶¶ 5-6.

Two of these arguments are wrong. Citrus did not file its motion to quash "at 14 days from service" of the subpoena. Citrus was hand-served with the subpoena on January 21 and filed its motion to quash on February 15 – *i.e.*, 25 days from service. Motion ¶¶ 1, 3. In addition, Mr. Bereday's opposition was timely pursuant to the Court's December 1, 2009 Amendment to Time Calculations and Rule 6(d) of the Federal Rules of Civil Procedure. *See* Amended Local Rule 3.01(b) ("Each party opposing a motion or application shall file within fourteen (14) days after service of the motion") (emphasis added); Fed. R. Civ. P. 6(d)

(extending time to respond by 3 days in the event of electronic service). In fact, Mr. Bereday's memorandum was filed a day early in light of the fact that Citrus filed an amended motion to quash on February 16. Thus, two of the three arguments in Citrus' Motion for Leave require no further briefing.

Citrus also requests leave to submit case law showing Citrus made a timely objection by telephone and that its motion to quash was timely. Mr. Bereday's counsel disagrees that any objection was made during counsel's January 23 telephone call, but that disagreement does not matter. Citrus' argument is foreclosed by Rule 45(c)(2)(B), which requires written objections. Further, Mr. Bereday does not argue that the motion to quash itself was untimely. Rather, it is Mr. Bereday's position that any objections were waived by Citrus' failure to timely object and Citrus has not met its burden under Rule 45(c)(3) because the subpoena served by Mr. Bereday is valid on its face and reasonable in its scope. There is no need for further briefing on the validity of, or burden associated with, the subpoena.

Dated: March 11, 2010

Respectfully submitted,

By: /s/ Keith E. Eggleton
Keith E. Eggleton (admitted *Pro Hac Vice*)
Dale R. Bish (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
keggleton@wsgr.com

Jack Fernandez,
Florida Bar No. 843751
ZUCKERMAN SPAEDER, LLP
101 East Kennedy Blvd., Suite 1200
Tampa, FL 33602
Telephone: (813) 321-8215
Facsimile: (813) 223-7961
jfernandez@zuckerman.com

Counsel for Defendant
THADDEUS BEREDAY

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send an electronic notice to all counsel of record who are registered to receive electronic notices. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants: NONE.

/s/ Keith E. Eggleton
Keith E. Eggleton
Attorney