UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| Eastwood Enterprises, LLC, et al.<br><br>Plaintiff,<br><br>v.<br><br>Todd S. Farha, Paul L. Behrens, Thaddeus Bereday, and WellCare Health Plans, Inc.<br><br>Defendants. | Civil Action No.: 8:07-cv-1940-T-33EAJ |

## NON-PARTY, CITRUS HEALTH CARE, INC.'S, MOTION TO QUASH PUBLIC PENSION FUND GROUP'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISIS IN A CIVIL ACTION, OR IN THE ALTERNATIVE, MOTION FOR A PROTECTIVE ORDER, AND MEMORANDUM IN SUPPORT

COMES NOW the subpoenaed non-party Citrus Health Care, Inc. ("Citrus"), by and through its attorney undersigned, and pursuant to Fed.R.Civ.P. 45(c)(3) and 26(c)(1), hereby files its Motion to Quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises ("Supoena"), or in the alternative, request a protective order, and states: .

### INTRODUCTION

1.  On or about March 16, 2010, the Subpoena was served upon Citrus by Public Pension Fund Group ("Pension Fund"). A copy of the Subpoena is contained in Attachment "A".

2.  Citrus has no current relationship with Pension Fund or to any of the named parties in the instant litigation. Further, Citrus has limited knowledge of the underlying litigation;

1

however, Citrus has yet again been called upon to disclose voluminous amounts of sensitive information to an entity to which it has no contact with.

3. First and foremost, Citrus is a disinterested non-party; for this and the following reasons, Citrus moves to quash the Subpoena, or in the alternative, request the issuance of an order to protect Citrus from annoyance, oppression, undue burden and expense, forbidding the disclosure of documents to Pension Fund. Second, the Subpoena is overly broad and unduly burdensome, as well as seeks irrelevant information. Third, many of the documents to be produced are confidential and proprietary and/or are considered trade secrets, and therefore should be protected from discovery. Fourth, disclosure of the requested information could be in violation of applicable federal law, including, but not limited to Health Insurance Portability and Accountability Act ("HIPPA") privacy rules.

## ARGUMENT

**1. Disinterested Non-Party**

Most importantly, Citrus is not a party to this proceeding and has no interest in its outcome or any party thereto. Furthermore, the Subpoena would be burdensome even if issued to a party. However, because the Subpoena is issued to a non-party, it becomes even more unreasonably burdensome, and should be either quashed in its entirety. Most courts find that non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 subpoena. *WM High Yield v. O'hanlon*, 460 F. Supp.2d 891, 895 (S.D. Ind. 2006)(citing *United States v. Amerigroup Illinois, Inc.*, 2005 WL 3111972, at 4 (N.D. Ill. 2005)); see *North Carolina Right to Life, Inc. v. Leake* 2005 WL 2456982 (D.D.C. 2005); *Wyoming v. U.S. Dept. of Agriculture*, 208 F.R.D. 449, 452 (D.D.C. 2002); *In re Automotive Refinishing Paint*, 229 F.R.D. 482, 495 (E.D. Pa. 2005). As the First Circuit has explained, "[a]lthough

discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998)(emphasis in original). Relevancy of requested information is one of several factors a court must consider when determining undue burden. See *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662-63 (D.Kan. 2003)(to determine whether a Rule 45 subpoena is unduly burdensome, a court may weigh a number of factors including "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, and the burden imposed."). In addition to quashing, because a non-party is disinterested, a court has greater discretion to enter a protective order preventing disclosure. Such an order is not dependant on a legal privilege. *Farnsworth v. Procter & Gamble Co.*, 758 F2d 1545, 1548 (11th Cir. 1985). Fed.R.Civ.P. 26 provides that a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Lastly, courts have routinely granted motions to quash non-party subpoenas to non-parties even when the non-parties have a relationship to parties in suit. See generally *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451 (W.D. N.C. 2005) (quashing non-party subpoenas *duces tecum* to employee of defendant and career counseling company to defendant); *United States v. Amerigroup Illinois, Inc.*, 2005 WL 3111972 (N.D. Ill. 2005) (quashing non-party subpoena *duces tecum* to affiliated entity of defendant); *Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, at 3 (S.D. Fla. 2007) (quashing non-party subpoenas

*duces tecum* to former employers of plaintiffs); *WM High Yield, supra* (quashing non-party subpoena *duces tecum* to former manager of dismissed plaintiff).

As noted above, courts have routinely quashed discovery requests to non-parties that have rather substantial ties to the litigating parties. In the matter at hand, not only is Citrus a non-party to the underlying action, it has no interest whatsoever in the underlying action, or the parties thereto. Citrus is truly a disinterested non-party. As such, Citrus should be afforded the widest latitude by this Court when evaluating the balance of competing needs of Pension Fund and Citrus. Because Citrus is so removed from the action, there should be no cognizable need that would trump the invasive burden of complying with the Subpoena. Annoyance, embarrassment, oppression, and undue burden and expense of compliance are improper burdens to impose upon a disinterested non-party that can derive no benefit by disclosure. Not only will Citrus gain no benefit, it could perhaps expose itself to future liability depending on the use of the information by Pension Fund; courts have routinely quashed for less cause.

**2.    Overly Broad Request**

Overly broad requests are an undue burden on a non-party. See *Amerigroup Illinois, Inc., supra*. Furthermore, when relevancy of requested information is not apparent, the burden is on the party seeking discovery to show relevancy of the discovery request. *Dean v. Anderson*, 2002 WL 1377729, at 2 (D.Kan. 2002). In addition to the relevance requirement for the documents requested, a subpoena cannot be overbroad in its reach. See *Barrington, supra* (finding the subpoena *duces tecum* overly broad on its face). Fed.R.Civ.P 45(c)(3)(A)(iv) mandates that a court "shall quash or modify" a subpoena if it "subjects a person to undue burden." The Advisory Committee's Notes to the 1991 amendments to Fed.R.Civ.P 45 make clear that the amendments have "enlarge[d] the protections afforded persons who are required to assist the

court by giving information or evidence." The rule "requires the court to protect all persons from undue burden imposed by the use of the subpoena power." *Id.* This is not the discretionary language of Rule 26(c), under which a court "may make any order which justice requires to protect a party or person from ... undue burden...." It is a "command [ ]." *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 41 (1st Cir. 2003).

In the instant case, because Citrus is a disinterested non-party, the unwanted burden thrust upon it is a factor entitled to *special weight.* The Court's analysis of what constitutes overly broad and unduly burdensome begins in favor of the non-party. Therefore, the burden is shifted to Pension Fund to show the Subpoena is reasonable as well as relevant; however, Pension Fund will be unable to make such a showing. The Subpoena is precisely the type of unsupported fishing expedition frowned upon by courts. See *Nw. Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 931 (7th Cir. 2004)(subpoena for records unduly burdensome where requesting party could not articulate a proper use). Citrus can only guess as to the purpose for the documents requested pursuant to the Subpoena. It is important to note that the Subpoena is not limited in quantity or type of documents requested. Courts have found such requests to be overbroad and unduly burdensome. See *Schaaf, supra* (finding a subpoena *duces tecum* for documents within the last ten years to be overly broad and burdensome).

3.  **Confidential and Proprietary and/or Trade Secrets**

Regardless to Pension Fund's motives behind seeking the documents requested pursuant to the Subpoena, all such information is proprietary in nature, belonging to Citrus, and therefore not discoverable. Fed.R.Civ.P 45(c)(3)(B)(i) is clear that a court may quash a subpoena that requires the disclosure of a "trade secret or other confidential research, development, or commercial information."

5

Citrus has a reasonable expectation of privacy regarding its business transactions. In addition to its reasonable expectation, Citrus has spent significant sums of both time and money in developing means, methodologies and methods of complying with applicable statutes, including the 80/20 statute (as defined in defendant Thaddeus Bereday's subpoena to Citrus) and other AHCA requirements. Such means, methodologies and methods are what keep Citrus competitive and profitable in a challenging industry. Thus, the records related thereto are both confidential and proprietary. Additionally, Citrus has established a "personal right" regarding the requested documents. cf. *Clayton Brokerage Co., Inc. v. Clement,* 87 F.R.D. 569, 571 (D.Md. 1980) (bank customer had no legitimate expectation of privacy in the contents of checks, deposit slips and other banking documents subpoenaed from his bank and, therefore, lacked standing to challenge the subpoena issued to the bank). Pension Fund cannot meet the requirements of Fed.R.Civ.P 45(c)(3)(C)(i) of showing a substantial need for the requested information that cannot otherwise be met without undue hardship. Because of Citrus's reasonable expectation of privacy, expenditure of large amounts of time and effort in creating the requested documents that contain confidential, trade secrets and proprietary analyses, methodologies, financial records, negotiations and contracts, etc., the Subpoena should be quashed.

4. **Privacy Laws**

A portion of the information requested by the Subpoena is on file with the various departments and agencies tasked with overseeing and working with HMOs. Also, the remaining balance of information requested contains patient information, the disclosure of which is specifically prohibited by HIPAA. Citrus is considered a "covered entity" under the HIPAA privacy laws pursuant 45 C.F.R. §163.103, and must comply with the privacy requirements of HIPAA. Covered entities are prohibited from disclosing "individually identifiable health

information" that is deemed to be "protected health information". *Id.* Pursuant to 45 C.F.R. §164.502, a covered entity may not use or disclose protected health information, subject to statutorily enunciated exceptions. Pension Fund does not meet any of the exceptions to Citrus's requirement of non-disclosure.

## CONCLUSION

For the foregoing reasons, non-party Citrus Health Care, Inc. respectfully requests this Court quash the Subpoena, or in the alternative, issue an order to protect Citrus from annoyance, oppression, undue burden and expense, forbidding the disclosure of documents to Pension Fund. Finally, Pension Fund should reimburse Citrus's expenses related to responding to the Subpoena.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to M.D. Fla. Loc. R. 3.01(g), the undersigned certifies that he has consulted with counsel for Pension Fund and has been informed that Pension Fund objects to this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by ☒ U.S. Mail, ☐ Facsimile Transmission, ☐ Electronic Transmission, this 24 day of March, 2010, to Keith E. Eggleton, Wilson Sonsini Goodrich & Rosati, P.C., 650 Page Mill Road, Palo Alto, CA 94304.

RAILEY, HARDING & ALLEN, P.A.

By: _____
Robert L. Harding, Esquire
Florida Bar #: 451177
Rouselle A. Sutton, III, Esquire
Florida Bar #: 027092
15 North Eola Drive
Orlando, Florida 32801
Telephone: (407) 648-9119
Facsimile: (407) 648-8049
Attorneys for Citrus Health Care, Inc.