UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EASTWOOD ENTERPRISES, LLC, ET AL.

v.                                                                  CASE NO. 8:07-CV-1940-T-33EAJ

TODD S. FARHA, PAUL L. BEHRENS,
THADDEUS BEREDAY, AND
WELLCARE HEALTH PLANS, INC.

**UNITED STATES OF AMERICA'S APPLICATION TO INTERVENE
TO MOVE FOR ADJUSTMENT OF CASE SCHEDULING ORDER AND
TEMPORARY STAY OF PROCEEDINGS TO PREVENT ONGOING AND
FUTURE HARM TO FEDERAL CRIMINAL INVESTIGATION**

The United States of America (or the "government"), by A. Brian Albritton, United States Attorney for the Middle District of Florida, and by its undersigned attorneys, pursuant to Rule 24, FED. R. CIV. P., hereby respectfully moves to intervene in this civil action to move the Court to (1) schedule a case management conference in this civil action, (2) adjust the *Case Management and Scheduling Order* ("Case Scheduling Order") entered on December 3, 2009 (Doc. 155), and (3) stay this civil proceeding for a period of one hundred and fifty days, or provide other relief to the government as required in the interests of justice. The Government seeks to intervene because it has a direct and substantial interest in the subject matter of this action which, in significant part, overlaps with the subject of an ongoing federal grand jury investigation, now pending in the Middle District of Florida, Tampa Division. The government therefore seeks to intervene in this action to request a limited stay of the civil proceedings, with any appropriate adjustments to the Court's Case Scheduling Order, to avoid prejudice or harm to the government's ongoing federal criminal investigation and the parties in this case. As set forth in *Intervenor United States of America's Motion for a Case Management Conference,*

*Adjustment of Case Scheduling Order, and for Temporary Stay of Proceedings to Prevent Ongoing and Future Harm to Federal Criminal Investigation* ("Government's Motion to Stay Proceedings"), filed in conjunction with this application, the conduct at issue in this civil action overlaps with a significant aspect of the ongoing federal criminal investigation.

MEMORANDUM IN SUPPORT

The Government seeks to intervene in this action based on two provisions of Rule 24, FED. R. CIV. P.  First, Rule 24(a)(2) provides for intervention as of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest."  Second, Rule 24(b)(2) provides for permissive intervention "when the applicant's claim or defense and the main action have a question of law or fact in common."  The Government respectfully submits that its application satisfies both of those provisions.

Intervention As Of Right

In the Eleventh Circuit, an applicant may be entitled to intervention of right when:

(1)   the application is timely;
(2)   the applicant has an interest relating to the property or transaction which is the subject of the action;
(3)   the applicant is so situated that a disposition of the action, as a practical    matter, may impede its ability to protect that interest; and
(4)   the applicant demonstrates that his interest is represented inadequately by the existing parties to the suit.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989), *citing Athens Lumber Co., Inc. V. Federal Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982).  In other words, a party is entitled to intervene as a matter of right "if the party's interest in the subject matter of the

litigation is direct, substantial, and legally protectable." *Georgia v. United States Army Corps of Eng'rs.*, 302 F.3d 1242, 1249 (11th Cir. 2002) (hereinafter "*Corps of Eng'rs*").

In light of the parallel nature of the proceedings, as more fully explained in the Government's Motion to Stay Proceedings and the *United States of America's Amended Motion For an Immediate Limited Stay of Discovery* (Doc. 218) (the "Government's Motion to Stay Discovery"), the government is entitled to intervene as of right pursuant to Rule 24(a)(2). First, there is no question that the government's motion is timely; the government learned of the inappropriate manner in which civil defendants Farha, Behrens, and Bereday (the "Former WellCare Executives") were engaging in civil discovery in this action only approximately two weeks prior to filing the Government's Motion to Stay Discovery. Following responses by all parties, Magistrate Judge Jenkins held a hearing on May 25, 2010. Thereafter, on June 3, 2010, the magistrate judge entered an Order (Doc. 235), which generally denied the government's motion to stay discovery in this case, but included provisions that addressed some of the government's concerns as to the ongoing harms created by the discovery practice in this case. Based upon the magistrate judge's analysis that the parties in this action would be significantly prejudiced by the current Case Scheduling Order if any stay of discovery were allowed, the government is seeking a modification of the Case Scheduling Order and a temporary stay of the proceedings in this case. As of this date, only two depositions have been taken by the parties. Per the government's understanding, the next deposition is scheduled to occur on June 24, 2010.

The second *Chiles* factor is satisfied here, in that the government indisputably has a direct and substantial interest in the subject matter of this action, because the pending federal criminal investigation concerns, in significant part, the same transactions involved in this action.

Thus, the government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

The third and fourth *Chiles* factors are also satisfied. Absent intervention, the government's ability to enforce the criminal laws implicated in this civil action will be adversely affected. The public interest in enforcement of the criminal laws cannot, and should not be expected to, be protected adequately by any party to this civil suit. Although both the civil complaint and the Middle District of Florida's ongoing federal criminal investigation concern fraud against the Florida Medicaid program via the Agency for Health Care Administration ("AHCA"), the entity charged with administering the program, the federal criminal investigation is also focused on other potential violations of federal criminal laws, including possible violations of 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), 1001 (false statements), 287 (false claims), and possible violations of securities laws.

The Supreme Court has explicitly held that the 'inadequate representation' requirement of Rule 24(a) is satisfied if the [proposed intervenor] shows that representation of his interest 'may be inadequate' and that "burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10 (1972); *see Corps of Eng'rs*, 302 F.3d at 1255; *Chiles*, 865 F.2d at 1214. The United States here has certainly met that burden; no party to this action is properly situated or motivated to adequately represent the government's interests with respect to the enforcement of the criminal statutes under consideration. *See SEC v. Downe*, 1993 WL 22126, *12 ("even though the SEC is involved in this action, the United States Attorney may have an interest in this litigation which is

4

qualitatively different from the SEC's interest"). Accordingly, the Court should grant the government's application pursuant to Rule 24(a)(2).

<u>Permissive Intervention</u>

Alternatively, the government's application readily satisfies the standard for permissive intervention under Rule 24(b)(2). That provision requires only that the government's claim and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties. Rule 24(b)(2). *Corps of Eng'rs*, 302 F.2d 1250, citing *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1981). As set forth more fully in the Government's Motion to Stay Proceedings, a primary aspect of the ongoing federal criminal investigation is the fraudulent conduct of WellCare Health Plans, Inc. ("WellCare"), through its officers and employees – specifically including the Former WellCare Executives – against the Florida Medicaid program, in calculating WellCare's payback obligations to AHCA under Florida Statute Section 409.912(4)(b) (sometimes referred to as the "80/20 payback provision"). Thus, the ultimate determination of any person's guilt or innocence on federal criminal charges will turn on many of the same factual and legal issues presented in this civil action. Accordingly, intervention is appropriate under Rule 24(b)(2). *Downe*, 1993 WL 22126, *11 (granting permissive intervention where grand jury investigation and SEC enforcement action involved common questions of law and fact); *First Merchants*, 1989 WL 25214, *2 (granting permissive intervention in private securities fraud action).

CONCLUSION

For the forgoing reasons, the government respectfully requests that this Court grant this application to intervene so that the government can move the Court to (1) schedule a case

management conference in this civil action, (2) adjust the *Case Management and Scheduling Order* ("Case Scheduling Order") entered on December 3, 2009 (Doc. 155), and (3) stay this civil proceeding for a period of one hundred and fifty days, or provide other relief to the government as required in the interests of justice.

          Respectfully submitted,

          A. BRIAN ALBRITTON
          United States Attorney


By:   s/ *Jay G. Trezevant*
       Jay G. Trezevant
       Assistant United States Attorney
       Florida Bar No. 802093
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       Telephone:  (813) 274-6312
       Facsimile:  (813) 274-6103
       E-mail:  jay.trezevant@usdoj.gov


By:   s/ *Cherie L. Krigsman*
       Cherie L. Krigsman
       Assistant United States Attorney
       Florida Bar No. 0048764
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       Telephone:  (813) 274-6344
       Facsimile:  (813) 274-6103
       E-mail:  cherie.krigsman@usdoj.gov

N:\W\p_motion for status conference, modification of cso, and for stay_revised_intervention and memo motion_Times New Roman_6-18-10.wpd

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | | |
|---|---|---|
| Sara Louise Alpert<br>Lauro Law Firm | Robert L. Harding<br>Railey & Harding, PA | Manuel Vazquez<br>Manuel Vazquez, PA |
| Laura E. Besvinick<br>Hogan Lovells US LLP | David C. Cimo<br>Genovese, Joblove & Battista, PA | Joshua L. Crowell<br>Labaton Sucharow, LLP |
| Hugh Higgins<br>Lauro Law Firm | Kim E. Miller<br>Kahn Swick & Foti, LLC | Thomas A. Dubbs<br>Labaton Sucharow, LLP* |
| Nathaniel M. Lacktman<br>Foley & Lardner, LLP | Carlos E. Sardi<br>Genovese, Joblove & Battista, PA | James W. Johnson<br>Labaton Sucharow, LLP |
| John F. Lauro<br>Lauro Law Firm | Peter Erik George<br>George & Titus, PA | Michael W. Stocker<br>Labaton Sucharow, LLP |
| Michael P. Matthews<br>Foley & Lardner, LLP* | Michael K. Lowman<br>Jenner & Block, LLP | Laura Gundersheim<br>Bernstein, Litowitz, Berger & Grossmann, LLP |
| Nancy J. Sennett<br>Foley & Lardner, LLP* | George Henry Mernick, III<br>Hogan Lovells US LLP | Scott Carter Ilgenfritz<br>Johnson, Pope, Bokor, Ruppel & Burns, LLP |
| Lauren Lisette Valiente<br>Foley & Lardner, LLP* | Thomas C. Newkirk<br>Jenner & Block, LLP | John Rizio-Hamilton<br>Bernstein, Litowitz, Berger & Grossmann, LLP |
| Dale R. Bish<br>Wilson, Sonsini, Goodrich & Rosati, PC | Howard S. Suskin<br>Jenner & Block, LLP* | Jeremy Robinson<br>Bernstein, Litowitz, Berger & Grossmann, LLP |
| Keith E. Eggleton<br>Wilson, Sonsini, Goodrich & Rosati, PC | Douglas Jules Titus, Jr.<br>George & Titus, PA | Michael Woolley<br>Labaton Sucharow, LLP |
| Jack E. Fernandez, Jr.<br>Zuckerman Spaeder, LLP* | Allen Winsor<br>GrayRobinson, PA | Ronald Sturgis Holliday<br>DLA Piper US, LLP |

| Jack Reise<br>Robbins Geller Rudman & Dowd LLP | Bradley Seldin<br>Law Office of Steven M. Ziegler, PA | David F. Wertheimer<br>Hogan Lovells US LLP |
|---|---|---|
| Kelly A. Bennett<br>Agency for Health Care Administration | Laura Schulteis Kwaterski<br>Foley & Lardner, LLP | Michael Sevi<br>DLA Piper US, LLP |
| Steven B. Singer<br>Bernstein, Litowitz, Berger & Grossmann, LLP | Morris Weinberg, Jr.<br>Zuckerman Spaeder, LLP | Ellen M. Wheeler<br>Foley & Lardner, LLP |

By: s/ *Jay G. Trezevant*
Jay G. Trezevant
Assistant United States Attorney
Florida Bar No. 802093
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-274-6312
Facsimile: 813-274-6103
E-mail: jay.trezevant@usdoj.gov