UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EASTWOOD ENTERPRISES, LLC, et al., )
)
Plaintiffs, )
)
vs. ) Case No. 8:07-cv-1940-VMC-EAJ
)
TODD S. FARHA, PAUL L. BEHRENS, )
THADDEUS BEREDAY, and WELLCARE )
HEALTH PLANS, INC. )
)
Defendants. )

## UNOPPOSED MOTION TO SEAL DEPOSITION TESTIMONY OF TOM WARRING AND JACK SHI TEMPORARILY PENDING AHCA DECISION ON CONFIDENTIALITY DESIGNATION

Defendants Todd S. Farha, Paul Behrens and Thaddeus Bereday (the "Individual Defendants"), pursuant to Local Rule 1.09, respectfully move this Court to enter an Order permitting the Individual Defendants to file under seal portions of transcripts containing the deposition testimony of AHCA employees Tom Warring and Jack Shi for the purpose of responding to the Government's motion to intervene to alter the case management order and stay these proceedings (the "Motion to Intervene"). No party to this case opposes this Motion to Seal.

Nor do the Individual Defendants or any other party to this case seek to designate such portions of the depositions Confidential under the Protective Order. However, non-party AHCA has indicated that it could not make the Confidentiality determination until it reviewed all the deposition exhibits, which it had been unable to review in time for Individual Defendants to file their Response to the Motion today, as the Individual

Defendants said they would in their Notice filed last week, thus necessitating this Unopposed Motion to Seal. In support of this Motion the Individual Defendants state:

1. On June 18, 2010, the United States Government filed its Motion to Intervene (Dkt. No. 239), as well as a Motion For a Case Management Conference, Adjustment of Case Scheduling Order, and Temporary Stay of Proceedings (Dkt. No. 240) (collectively, the "Government Motions").

2. That same day, the Individual Defendants filed a notice with the Court stating their intent to file a response to the Government Motions on June 22, 2010 (the "Response"). Dkt. No. 241. The Individual Defendants have drafted, and are prepared to file, that Response. The Individual Defendants intend to file the Response promptly upon the Court's ruling on this Motion to Seal.

3. Because the Government Motions are based, in part, on two depositions taken in this action from June 9-11, 2010 of Tom Warring and Jack Shi, two employees at Florida's Agency for Health Care Administration ("AHCA"), the Individual Defendants' response includes excerpts from that testimony so that the Court may have before it a complete record.

4. Deposition testimony in this litigation is subject to a Stipulated Protective Order entered by the Court. Specifically, On January 25, 2010, the Court entered its Order granting the parties' Consent Motion for Entry of Order for the Protection of Confidential and Privileged Information (the "Protective Order"). Dkt. No. 165. The Protective Order incorporated by reference the provisions of the parties' Stipulation and Order for the Protection of Confidential and Privileged Information (the "Stipulation"). Dkt. 164 Ex. A.

5. Although the Individual Defendants do not believe the selected excerpts of the deposition transcripts appearing in their Response contain "Confidential" information as defined in the Protective Order – and no party has designated any portions of those transcripts "Confidential" – paragraph 5 of the Stipulation provides the parties and AHCA, as the "Producing Party", 14 calendar days from the date of their receipt of the deposition transcripts to designate such transcript or any portion thereof as "Confidential." Prior to the lapse of those 14 days, all parties are obligated to treat the testimony on a confidential basis. The transcripts were received on June 16, 2010. Accordingly, AHCA and the parties have until June 30, 2010, to designate any portion of the transcripts as Confidential Information.

6. In an effort to avoid filing documents under seal, the Individual Defendants contacted counsel for the other parties in this action (*i.e.*, Lead Plaintiffs and WellCare) to determine whether they intended to designate any portion of the transcript "Confidential." Counsel for Lead Plaintiffs stated they do not intend to designate any portion of the transcripts "Confidential." WellCare's counsel stated it does not intend to designate any portion of the transcript "Confidential," except for those portions discussing documents that WellCare had previously produced and marked "Confidential." The Individual Defendants do not intend to include excerpts of any testimony that contain substantive discussions of those documents and have taken care to avoid excerpting any such pages.

7. In addition to the other parties, counsel for the Individual Defendants contacted counsel at AHCA to confirm that neither AHCA nor the two employees intended to designate the testimony "Confidential." Counsel for AHCA responded that she was not in a position to make such a determination without first (a) consulting AHCA's General

Counsel and the Assistant United States Attorney ("AUSA") on this matter; and (b) reviewing the exhibits to the deposition transcripts. The AUSA advised that he had no objection to the public filing of the deposition testimony contained within the Response and accompanying exhibits. However, counsel for AHCA was unable to review the deposition exhibits prior to the filing of this Motion and, therefore, did not make a final determination as to the Confidentiality decision. Counsel for AHCA stated that in the meantime, they believe the filing should be under seal and all should be treated as Confidential.

8. In light of AHCA's position, and the context of the Government Motions, the Individual Defendants do not believe there is an alternative at this time to filing these documents under seal. Therefore, for the reasons set forth above, the Individual Defendants respectfully request an order, pursuant to Local Rule 1.09, granting leave for the following documents to be conditionally filed under seal:

   a. Exhibits 1-3 to the Memorandum of Legal Authority in Opposition to the United States' Application to Intervene to Move for Adjustment of Case Scheduling Order and Temporary State of Proceedings ("Opposition to Application to Intervene"), which consist of excerpts from depositions of third parties Mr. Tom Warring and Mr. Jack Shi;

   b. Those portions of the Individual Defendants' Opposition to Application to Intervene that quote or describe the deposition testimony; and

   c. Those portions of the Individual Defendants' Opposition to Motion to Stay (if necessary) that quote or describe the deposition testimony.

9. The Individual Defendants believe that the duration of the seal will be limited to fewer than 10 days because it is their intention to submit excerpts that are not "Confidential" under the terms of the Stipulated Protective Order. Should AHCA or any other party believe that such documents should remain under seal, they may make an appropriate motion before that time.

10. Courts permit the sealing of documents where there is a compelling interest in protecting the information and the sealing of these documents is narrowly tailored to that interest. Trailer Bridge, Inc. v. PCS Nitrogen, Inc., 2009 WL 2231704 (M.D. Fla. 2009)(citing Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992)).

11. The brief duration of the seal requested by this Motion is narrowly tailored to address any interest that AHCA may have in protecting information contained within the deposition transcripts, while allowing the Individual Defendants to timely file their Response and include therein essential supporting documentation.

WHEREFORE, the Individual Defendants respectfully request that the Court enter its Order (a) permitting the Individual Defendants to file under seal the documents identified in paragraph 8 above; (b) directing that the seal automatically be lifted on the earlier of the date AHCA determines it has no objections to the public filing or July 1, 2010, whichever is sooner; and (c) granting the Individual Defendants such other and further relief as this Court deems proper.

## Rule 3.01(g) Certification

The undersigned have consulted with counsel for the other parties to this action (*i.e.*, Lead Plaintiffs and WellCare) and said counsel have no objection to the relief requested herein.

Dated: June 22, 2010                                    Respectfully submitted,


By: /s/ *Keith E. Eggleton*                              By: /s/ *Jack Fernandez*
Keith E. Eggleton (admitted *Pro Hac Vice*)              Morris "Sandy" Weinberg, Jr.
Dale R. Bish (admitted *Pro Hac Vice*)                   Florida Bar No. 486401
WILSON SONSINI GOODRICH &                                Jack Fernandez
 ROSATI, P.C.                                            Florida Bar No. 843751
650 Page Mill Road                                       ZUCKERMAN SPAEDER, LLP
Palo Alto, CA 94304                                      101 East Kennedy Blvd., Suite 1200
Telephone:   (650) 493-9300                              Tampa, FL 33602
Facsimile:   (650) 565-5100                              Telephone:   (813) 321-8215
keggleton@wsgr.com                                       Facsimile:   (813) 223-7961
                                                         jfernandez@zuckerman.com

Counsel for Defendant
THADDEUS BEREDAY

By: /s/Michael K. Lowman
Michael K. Lowman (admitted *Pro Hac Vice*)

Thomas C. Newkirk (admitted *Pro Hac Vice*)

JENNER & BLOCK LLP
1099 New York Ave., N.W.
Washington D.C. 20001
Telephone: (202) 639-6099
Facsimile: (202) 661-4926
tnewkirk@jenner.com

Howard S. Suskin (admitted *Pro Hac Vice*)
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-2604
Facsimile: (312) 840-7604
hsuskin@jenner.com

Counsel for Defendant
TODD FARHA

By: /s/ Michael Matthews
Michael P. Matthews
Florida Bar No. 063988
Lauren L. Valiente
Florida Bar No. 034775
FOLEY & LARDNER LLP
100 North Tampa St., Ste. 2700
Tampa, FL 33602
Telephone: (813) 229-2300
Facsimile: (813) 221-4210

Counsel for Defendant
PAUL BEHRENS

By: /s/ Douglas J. Titus
Douglas J. Titus, Jr.
Florida Bar No. 213756
Peter E. George
Florida Bar No. _____
GEORGE & TITUS, PA
100 South Ashley Dr., Suite 1290
Tampa, FL 33602
Telephone: (813) 273-0355
Facsimile: (813) 276-1515
dtitus@georgeandtitus.com

By: /s/ John F. Lauro
John F. Lauro, Esq.
Florida Bar No. 0794074
LAURO LAW FIRM
Suite 3100 – Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Telephone: (813) 222-8990
Facsimile: (813) 222-8991
jlauro@laurolawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send an electronic notice to all counsel of record who are registered to receive electronic notices. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants: NONE.


/s/ Michael P. Matthews
Michael P. Matthews
Attorney