UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| EASTWOOD ENTERPRISES, LLC, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>TODD S. FARHA, PAUL L. BEHRENS, THADDEUS BEREDAY, and WELLCARE HEALTH PLANS, INC.,<br><br>        Defendants. | ) CASE NO.:  8:07-cv-1940-T-33EAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT TODD S. FARHA, PAUL BEHRENS, AND THADDEUS BEREDAY'S MEMORANDUM OF LEGAL AUTHORITY IN OPPOSITION TO THE UNITED STATES' APPLICATION TO INTERVENE TO MOVE FOR ADJUSTMENT OF CASE SCHEDULING ORDER AND TEMPORARY STAY OF PROCEEDINGS**

**<u>PUBLIC REDACTED VERSION</u>**

## TABLE OF CONTENTS

Page

INTRODUCTION ..............................................................................................................1

STATEMENT OF FACTS ................................................................................................2

I.    THE INDIVIDUAL DEFENDANTS' COMPLIANCE WITH THE COURT
ORDER ...................................................................................................................3

II.    THE AHCA DEPOSITIONS..................................................................................3

III.   THE GOVERNMENT'S SECOND ATTEMPT TO STAY THESE
PROCEEDINGS ....................................................................................................4

ARGUMENT ....................................................................................................................6

I.    THE GOVERNMENT HAS NOT MET THE REQUIREMENTS FOR RULE
24(A) INTERVENTION. ......................................................................................6

II.    THE GOVERNMENT HAS NOT MET THE REQUIREMENTS FOR RULE
24(B) INTERVENTION AND THE COURT SHOULD EXERCISE ITS
DISCRETION BY DENYING SUCH RELIEF .....................................................8

     A.    The Government's Tactics Will Unduly Prejudice the Adjudication of
the Individual Defendants' Rights ..................................................................9

     B.    The Government's Tactics Will Unduly Delay These Proceedings ................15

     C.    The Court Should Exercise Its Discretion To Deny the Application To
Intervene Under Rule 24(b)(2) Because The Government's Restyled
Motion To Stay Is An Improper Evasion of Rule 72......................................18

CONCLUSION................................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ash v. Providence Hosp.*, No. 08-0525, 2009 WL 424586
(S.D. Ala. Feb. 17, 2009) .......................................................................18

*Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989) ......................................6

*Decicco v. United Rentals, Inc.*, 602 F. Supp. 2d 325 (D. Conn. 2009) ...................13

*Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003) .......................................19

*First Bank Bus. Capital, Inc. v. Agriprocessors, Inc.*, No. C08-1035,
2009 WL 2584842 (N.D. Iowa Aug. 18, 2009), *aff'd*,
2009 WL 2905540 (N.D. Iowa Sept. 4, 2009) ........................................7, 8

*Ford v. Haley*, 195 F.3d 603 (11th Cir. 1999) ..........................................19

*Funke v. Life Fin. Corp.*, 237 F. Supp. 2d 458 (S.D.N.Y. 2002) ..........................13

*In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549 (S.D.N.Y. 2004) ...............13

*Karnes v. Fleming*, No. H-07-0620, 2008 WL 4528223
(S.D. Tex. July 31, 2008) .......................................................................20

*L.C. 1 v. Delaware*, No. 07-675, 2009 WL 3806335 (D. Del. Nov. 13, 2009) .................20

*Madura v. Countrywide Home Loans, Inc.*, No. 806-cv-2073-T-24TBM,
2008 WL 961165 (M.D. Fla. Apr. 7, 2008) ...........................................19

*Moore v. Fieser*, No. 88-1134, 1989 WL 89940 (D. Kan. July 14, 1989) ...................19

*Nelson v. All Am. Life & Fin. Corp.*, 889 F.2d 141 (8th Cir. 1989) ........................13

*Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-J-99,
2007 WL 433362 (M.D. Fla. Feb. 6, 2007) ...........................................19

*Royal Ins. Co. v. Latin Am. Aviation Servs., Inc.*, 210 F.3d 1348
(11th Cir. 2000) .................................................................................19

*S.E.C. v. Chestman*, 861 F.2d 49 (2d Cir. 1988) ........................................7

*S.E.C. v. Fraser*, No. CV-09-00443, 2009 WL 1531854
    (D. Ariz. June 1, 2009)......................................................................................16

*Slater v. Progress Energy Serv. Co.*, No. 8:09-cv-208, 2010 WL 1408431
    (M.D. Fla. Apr. 6, 2010) ...............................................................................19

*Tolz v. Geico Gen. Ins. Co.*, No. 08-80663, 2010 WL 384745
    (S.D. Fla. Jan. 27, 2010) ...............................................................................19

*United States v. Kordel*, 397 U.S. 1 (1970) .........................................................18

*United States v. Lot 5, Fox Grove, Alachua County, Florida*, 23 F.3d 359
    (11th Cir. 1994)...............................................................................................18

*United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829
    (8th Cir. 2009)...................................................................................................7

*Worlds v. Dep't. of Health & Rehabilitative Servs.*, 929 F.2d 591
    (11th Cir. 1991)...............................................................................................18

## RULES

Fed. R. Civ. P. 72(a) ............................................................................................19

## MISCELLANEOUS

S. Rep. No. 101-416 (1990) ..................................................................................16

# INTRODUCTION

On June 3, 2010 this Court issued its Order Denying the United States' Amended Motion for an Immediate Limited Stay of Discovery (the "Order"). Docket Entry ("DE") 235. The Order struck a balance by allowing the Individual Defendants the right to proceed with their defense in this case while requiring notice to the Government of discovery and allowing the Government to attend depositions. That process is working – the Government has attended depositions, has not objected to any new discovery served by the parties, and has not raised with the Court any new concerns.

Rather than proceed as directed by the Court, the Government has filed a new Application to Intervene and Motion to Stay, raising the exact same issues already addressed by the Court. In repeating its request for a stay, the Government claims it "is not disputing the analysis in [the Court's] Order" but is simply "seeking a modification of the Case Schedule Order and a temporary stay of the proceedings in this case." This is a distinction without a difference. The Government is seeking the exact same relief it sought before – to stop discovery and keep the Individual Defendants from defending themselves. The Government has merely put a different caption and title on its second motion in an attempt to evade the requirements and standards ("clearly erroneous" and "contrary to law") of Rule 72(a) – as the Government did not file objections to the Court's Order.

By way of its renewed motion, the Government is once again seeking to prevent the Individual Defendant from defending themselves. Following the Order, counsel for the Individual Defendants deposed two officials from Florida's Agency for Health Care Administration ("AHCA"). The testimony established facts central to the Individual Defendants' defense and directly disproved Lead Plaintiffs' allegations that WellCare's payments to Harmony Behavioral Health represented "sham transactions designed to hide profits from the Company's state regulators." Compl. ¶¶ 60, 71. The facts being revealed in discovery are favorable to the Individual Defendants – individuals who must defend this civil case. Notably, these facts were discovered from AHCA officials whom, as admitted to the

Court, the Government had never "sat down . . . and really reviewed all the documents and information" either before, or in the two and one-half years after, sending 200 agents to WellCare in October 2007.

In addition to demonstrating the absence of any fraud, these depositions demonstrated that the protections of the Order are reasonable and workable. During three days of testimony, the Government lodged only two general objections – one of which was withdrawn – and, ultimately, did not object to the use of a single exhibit. Despite the professionalism of counsel during these depositions, the Government's motions repeat the speculative accusations about obstruction of justice and seek to prevent the Individual Defendants from uncovering the truth and defending themselves in this litigation.

The Individual Defendants respectfully submit that the Court should deny the Government's Application to Intervene. The Government has no right to mandatory intervention under Rule 24(a) and the Court should exercise its discretion and deny the Government's request for permissive intervention under Rule 24(b). The Government – which already has approval to be involved in the discovery in this case and raise any concerns about that discovery with the Court – should not be allowed to intervene to take another shot at the same arguments that have been addressed by the Court and for the purpose of submitting a motion intended to evade the objection requirements and standards of Rule 72 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

This Court is familiar with the factual background of this litigation, which was summarized in the Individual Defendants' First Opposition (DE 228)[1] as well as

---

[1] As used herein, "First Application to Intervene" refers to the Government's May 12, 2010 Application to Intervene (DE 216); "First Motion to Stay" refers to the Government's May 13, 2010 Amended Motion For An Immediate Limited Stay of Discovery (DE 218); "First Opposition" refers to the Individual Defendants' May 19, 2010 Opposition to the Government's Amended Motion to Stay (DE 228); "Second Application to Intervene" refers to the Government's June 18, 2010 Application to Intervene (DE 239); "Second Motion to Stay" refers to the Government's June 18, 2010 Motion For Case Management Conference, Adjustment of Case Scheduling Order, And For Temporary Stay of Proceedings (DE 240).

Mr. Bereday's Opposition to Motion to Quash Filed By Non-Parties Citrus Health Care, Inc., et al. (DE 182). The Court is also familiar with the procedural history and arguments made in connection with the Government's First Motion to Stay. This submission will, therefore, describe the events that have transpired since the issuance of the Court's Order.

## I.      The Individual Defendants' Compliance with the Court Order

The Individual Defendants have been acting in accordance with the procedures established by the Order. Specifically, the Individual Defendants compiled all discovery requests that had been issued (by any party) and provided them to the Government on June 8th. Counsel for the Individual Defendants have provided the Government with three days advance notice for all additional discovery being served, including document and deposition subpoenas. The Government has not objected to a single discovery request or subpoena.

The parties (including Plaintiffs and the Individual Defendants) resumed efforts to schedule depositions around the country and have currently set 10 depositions in the next 30 days, with many more after that. The Government has been provided (electronically and via overnight mail) a copy of each deposition notice. It has not lodged a single objection.

## II.     The AHCA Depositions

On June 9th and 10th, counsel for the Individual Defendants and counsel for Lead Plaintiffs deposed Mr. Tom Warring – the Bureau Chief of AHCA's Managed Healthcare division, which is the division that regulates Florida's HMOs, including WellCare's Florida-based plans (Healthease and Staywell). On June 11th, counsel for the Individual Defendants deposed Jack Shi – the Database Administrator of AHCA's Medicaid division – whose responsibilities include calculating premium rates paid to HMOs and determining the portion of the rate attributable to the provision of behavioral health services (*i.e.*, the denominator in the 80/20 calculation). Counsel for WellCare attended each deposition but did not ask any questions or lodge any objections. Assistant United States Attorney Jay Trezevant participated in each deposition telephonically.

-3-

These depositions lasted three days with a record comprising more than 800 pages of testimony and 115 exhibits. Despite the voluminous testimony on issues that, as discussed below, pertain to the core of Lead Plaintiffs' fraud claims against defendants, the Government lodged only two general objections. *See* Exh. 1 at 248-50, 372-79; Exh. 2 at 81-85; Exh. 3 at 217-19. Ultimately the Government expressly withdrew one of its objections. Exh. 2 at 81-85, 108, 114. Moreover, counsel for the Individual Defendants sought the Government's permission before inquiring on certain topics (*see* Exh. 1 at 376-79) and made sure the Government had no objection to *Lead Plaintiffs'* use of the Special Committee's findings about which the Government now complains. *See* Second Motion to Stay at 22 n.16. Ultimately, the Government did not object to the use of a single exhibit, and the only unresolved question is whether Individual Defendants can properly ask whether the Government prepared the witness for these civil depositions, an issue that the parties agreed could be brought before this Court for resolution. Exh. 1 at 372-74; Exh. 3 at 217-18.

## III.  The Government's Second Attempt to Stay These Proceedings

Two days after these depositions – on Sunday, June 11th – the Government informed counsel for the Individual Defendants that

> [h]aving reviewed the U.S. Magistrate Judge's Order in the Eastland [sic] Enterprises case concerning the government's motion to stay civil discovery, the government is presently considering filing a motion requesting (1) a status conference in the civil action before the U.S. District Court Judge presiding over the action, (2) an adjustment of the Case Management and Scheduling Order, and (3) a stay of the civil proceedings for a period of one hundred and fifty days, or other relief to the government as required in the interests of justice.

Exh. 4 at 6.

When asked to meet and confer regarding this second motion, the Government again made unfounded insinuations regarding prior statements made by defense counsel. *See id.* at 5 ("given earlier representations concerning various communications with the government, it

-4-

is probably best that we communicate in writing via email"; "While the government certainly has no concerns as to any representations made <u>by you</u> (or anyone in <u>your</u> office) in the earlier filings or during the hearing . . .") (emphasis added).  When asked for the basis of this insinuation, the Government remained silent.  *Id.* at 3-5.

After refusing to meet and confer orally, the Government explained the reason for its renewed motion in an email:

> While Magistrate Judge Jenkins' Order did provide some relief to some of the ongoing harm, the government's primary concerns – i.e., asymmetrical discovery and discovery of the government's Criminal Division investigation – remain.  The government therefore believes that the requested stay of proceedings is necessary to protect its interests.

Exh. 4 at 2; *see also* Second Motion to Stay at 9.  These allegations of "ongoing harm" to the Government's grand jury investigation are, of course, the very same arguments set forth in the Government's First Motion and the subject of the Order.  First Motion to Stay at 15-16; Order at 7-8 ("a stay of discovery is not warranted based on the current record.  The United States has not demonstrated that the grand jury investigation will be adversely affected absent a stay.").  When asked "what, if anything, has changed since the filing of your last motion to stay discovery that justifies a new motion to stay the case," the Government did not articulate a single change in circumstances.  *See* Exh. 5 at 1.

Although restyled with a different caption, there is nothing new about this second motion, and the Government was well-aware that "a stay will likely temporarily delay the ultimate resolution of the civil claims" when it asked the Court to stay discovery.  *See* First Motion to Stay at 14.  Moreover, the trial schedule was specifically addressed in the parties' briefs and during oral argument on the First Motion.  For example, the Government characterized completing discovery in 30 days as "an impediment" but explained that "we don't think 120 days is so harmful to anybody that it should be denied."  DE 240, Exh. 1 at 94.  Although acknowledging the burden to the Individual Defendants and the impact on the

Court's calendar, the Government refused to consider any meaningful compromise – either before or during the hearing – that would alleviate these concerns. *See id.* at 94 ("THE COURT: What about the proposal that the individual defendants will defer depositions of any Wellcare employees or principals?"); *see also* DE 228, Exhs. I & R.

**ARGUMENT**

Though the Government seeks to intervene in this proceeding for the sole purpose of obtaining a stay (*see* Second Application to Intervene at 1), the instant question before the Court is whether the Government has met the requirements for intervention as of right under Rule 24(a) or permissive intervention under Rule 24(b). For the reasons set forth below, the Government has not met the applicable standard under either theory.

**I.     The Government Has Not Met the Requirements for Rule 24(a) Intervention.**

The Government correctly cites the standard for mandatory intervention in its opening brief. The applicant must show:  (1) the application is timely; (2) an interest relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede its ability to protect that interest; and (4) that its interest is represented inadequately. Second Application to Intervene at 2 (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). The Government cannot meet this standard, and its conclusory arguments to the contrary are insufficient.

First, despite the Government's claim that "there is no question that the government's motion is timely" because it only recently learned of the discovery in this case (Second Application to Intervene at 3), the record before the Court suggests otherwise. *See, e.g.,* DE 228, Exh. R (Declaration of Thomas Newkirk); DE 240, Exh. 1 (The Court: Are you saying that -- are you denying that Wellcare consulted with you before responding to the discovery requests? MR. TREZEVANT: Wellcare came to the government and said that discovery is going to go forward in the case. And we had a general discussion about producing documents

and records and things like that in the investigation.");[2] *see also First Bank Bus. Capital, Inc. v. Agriprocessors, Inc.*, No. C08-1035, 2009 WL 2584842, at *3 (N.D. Iowa Aug. 18, 2009) (denying motion to intervene where government was aware of parallel civil cases but did not intervene in "its early stages" despite "the potential [of] using discovery obtained in the civil action to defend against the criminal charges ha[d] existed" for months), *aff'd*, 2009 WL 2905540 (N.D. Iowa Sept. 4, 2009).

Second, the Government's claim that it "indisputably" has an adequate interest in the case under Rule 24(a) is wrong. Second Application to Intervene at 3-4 (citing *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)). In *Chestman*, the district court denied the Government's motion to intervene as of right under Rule 24(a) and, instead, granted permissive intervention under Rule 24(b). As other courts have explained,

> The Court in *Chestman* does not discuss the language in Rule 24(a)(2), which requires the movant's interest to relate "to the property or transaction that is the subject of the action." While the government may have an interest in intervening to prevent discovery in a civil case from being used in a related criminal action, Rule 24(a)(2) does not recognize that interest. Rather, the interest which authorizes intervention as a matter of right must relate to the "transaction" that is the subject of the action. *United States v. Metropolitan St. Louis Sewer Dist.*, 569 F.3d 829, 840 (8th Cir. 2009) ("A court must carefully analyze whether the proposed intervenor's asserted interest really is bound up with the subject matter of the litigation."). In this case, the "transaction" which is the subject matter of the action are the parties' notes, guarantees, and related activities. The Government claims no interest in those matters. The Government's interest here is in the litigation *process*, not in the subject matter of the litigation. Accordingly, the Court concludes that the Government's interest in limiting discovery is not one that is recognized by Rule 24(a)(2).

---

[2] Indeed, the Government's Second Motion to Stay raises even more questions regarding when the Government learned about the discovery requests at issue. *See* Second Motion to Stay at 5 ("In or around early May of this year, the <u>undersigned</u> Assistant U.S. Attorneys learned . . . .") (emphasis added). Despite several opportunities to do so, the Government has never made an unequivocal statement that it was unaware of the attempts by Lead Plaintiffs and the Individual Defendants to obtain the materials about which it now complains. Notably, WellCare's counsel has never refuted the statements set forth in Mr. Newkirk's declaration.

*First Bank*, 2009 WL 2584842, at *5.

Here, the Government acknowledges that its interests lie only in the litigation process – *i.e.*, preventing the Individual Defendants from taking further discovery that would "degrade" the Government's investigation. Second Application to Intervene at 3-4; Second Motion to Stay at 2. The Government's interest is insufficient for purposes of Rule 24(a). *First Bank*, 2009 WL 2584842, at *5 ("The Court concludes that the Government's interest in limiting discovery prior to the trial of a related criminal action does not meet the requirements for intervention as a matter of right found in Rule 24(a)(2).").

Finally, the Government's analysis of the third and fourth factors of Rule 24(a) (*i.e.*, impediment of its ability to protect any claimed interests) ignores this Court's prior efforts "to protect against such prejudice" by imposing reasonable conditions and limitations on the Individual Defendants' discovery requests. *See* Order at 8-9 (requiring notice to the Government of pending and future discovery requests, and permitting observation of depositions). In other words, the Court has already provided the Government with a procedure by which it can protect its own interest. Indeed, the Court's framework is working and the Government has failed to articulate any change in circumstances that would justify renewing its request. *Id.* ("[s]hould the Former Executives alter the nature of their discovery requests in a way that might prejudice the criminal investigation, the United States is not precluded from renewing its request for a stay.").

Because the Government has failed to demonstrate it is entitled to intervention as a matter of right, the Court should deny its application to intervene under Rule 24(a).

## II.   The Government Has Not Met the Requirements for Rule 24(b) Intervention and the Court Should Exercise Its Discretion By Denying Such Relief

The Government moves, in the alternative, for permissive intervention under Rule 24(b)(2). Second Application to Intervene at 5. The Government's Rule 24(b) analysis is insufficient. Indeed, the Second Application to Intervene does not even attempt to address

the requirement that "intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Id.* at 5.  The Individual Defendants respectfully submit that the Court should exercise its discretion and deny permissive intervention.

### A.    The Government's Tactics Will Unduly Prejudice the Adjudication of the Individual Defendants' Rights

The Government's efforts here are an attempt to prevent the Individual Defendants from defending themselves in this case.  This concern is even more pressing given that the discovery has – and will continue to – demonstrate that no fraud was committed by these defendants or any other individuals at WellCare.

As the Court knows, the crux of Lead Plaintiffs' allegations is that WellCare engaged in "sham transactions" with its wholly-owned subsidiary (Harmony Behavioral Health) "to hide profits from the Company's state regulators."  Compl. ¶¶ 60, 71 ("By forming a subsidiary and categorizing it as a provider, the Company could report all of the subsidiary's expenses – even administrative costs – as direct medical expenses.").  In one deposition alone, the Individual Defendants established that its payments to Harmony were neither "sham transactions" nor "hidden from state regulators."









Indeed, WellCare was not the first managed care plan to report its 80/20 expenses using subcapitated payments to affiliate entities.  For example, Florida Health Partners – one of the state's Prepaid Mental Health Plans ("PMHP") that has been subject to a similar 80/20 requirement for the past 14 years (long before the legislature enacted the 80/20 Statute) – calculates its 80/20 expenses using subcapitated amounts paid to its affiliated entities.[4]





These facts alone defeat any allegation that WellCare or the Individual Defendants committed a fraud by virtue of using payments from its HMOs to Harmony as the basis for calculating the HMOs' 80/20 expenses. *See Nelson v. All Am. Life & Fin. Corp.*, 889 F.2d 141, 150 (8th Cir. 1989) ("Where there is honest disagreement over an act or omission's legality because the directly controlling law is unclear or ambiguous, complete disregard will usually not be found."); *Funke v. Life Fin. Corp.*, 237 F. Supp. 2d 458, 468-69 (S.D.N.Y. 2002) (no scienter where "the accounting principle on which plaintiffs rely was not a long-standing, well-recognized rule"); *In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 567 (S.D.N.Y. 2004) (no scienter where "the applicable accounting principle might be simple, *i.e.*, whether all the risks and rewards of ownership transferred upon shipment of the goods, [but] the application of that principle to the facts is complex"); *Decicco v. United Rentals, Inc.*, 602 F. Supp. 2d 325, 342 (D. Conn. 2009) (no scienter where the text of the Agreement was susceptible of two reasonable interpretations).

---

[5] As the Court recalls, AHCA engaged Buttner Hammock & Associates to perform an audit of the various plans subject to the 80/20 Statute shortly after the search at WellCare.  In connection with its audit, Buttner Hammock concluded there were several reasonable ways for the PMHPs to report their costs, including the use of subcapitation to its affiliated entities and therefore asked AHCA which method should be used.



This testimony undermines Lead Plaintiffs' allegations that WellCare's revenues

were overstated in 2004. *See, e.g.*, Compl. ¶ 135. To the contrary, its 2004 revenues appear

to have been *understated* by virtue of AHCA's erroneous – yet undisclosed – calculations:



The Government's repeated attempts, including the present application, to prevent the

Individual Defendants from taking proper discovery to establish they did nothing wrong

unquestionably prejudices the rights of these individuals to an adjudication of these claims.

### B.     The Government's Tactics Will Unduly Delay These Proceedings

In addition to prejudicing these individuals' rights to defend themselves from baseless

accusations, there is no question that the proposed relief would "delay the adjudication" of

these rights. Putting aside that the sole purpose of this motion is delay, the Government's

mere act of seeking to intervene (again) and moving to stay these proceedings (again) will

necessarily cause delay. Undoubtedly, scheduling depositions will become difficult with the

uncertainty of this motion looming. Third parties will attempt to use the motion, as they did

with the Government's earlier motion, as a pretext for prolonging their compliance with

subpoenas – many of which have been outstanding for more than five months. And, rather

than press forward with the substantive defense of these claims, counsel is forced to spend

time re-briefing issues on which the Court has already ruled.

More fundamentally, these individuals are entitled to the prompt and fair adjudication

of their rights in this forum, especially given the vitriolic allegations leveled against them by

Lead Plaintiffs. *See S.E.C. v. Fraser*, No. CV-09-00443, 2009 WL 1531854, at *3 (D. Ariz. June 1, 2009). It is remarkable that the United States Government – the entity charged with protecting the civil liberties of its citizens – would file a document with the Court stating "any claims . . . that the civil action must proceed unabated so that the executives can 'clear their names' should be rejected." Second Motion to Stay at 23 n.17.

In its Order, this Court found that further delay will "almost certainly prejudice" the parties to this litigation and that the District Court intends to try this case consistent with the requirements of the Civil Justice Reform Act and the Court's Local Rules. Order at 8 n.6. The purpose of such rules is to ensure basic notions of fairness by "promot[ing] for all citizens, rich or poor, individual or corporation, plaintiff or defendant, the just, speedy and inexpensive resolution of civil disputes in our Nation's federal courts." S. Rep. No. 101-416, at 1 (1990). These principles and policies – to which the Government ought to aspire – are not rendered moot when the Government initiates an investigation and then allows those proceedings to languish for years.

The Government's suggestion that "we're not proceeding slow. We're actually moving right along" is absurd. DE 240, Exh. 1 at 35. During oral argument, the Government acknowledged that, despite sending 200 armed agents to WellCare in October 2007, accepting a guilty plea from Mr. West in 2007 and entering a Deferred Prosecution Agreement from WellCare over a year ago, it never "[sat] down with these individuals [at AHCA] and really review[ed] all the documents and information." *Id.* at 92-93. Had the Government proceeded at a diligent pace, it would not be "secur[ing] complete and truthful sworn testimony from core witnesses" two and half years after sending armed agents to WellCare. Second Motion to Stay at 22. Indeed, despite requesting 120 days (in May) to conduct its investigation, the Government now (in June) says it requires 150 days. This pattern of delay weighs strongly against granting the Government's Application.

&ast;  &ast;  &ast;  &ast;

As the Individual Defendants explained in their prior submissions to this Court, discovery in this case will establish these individuals did not commit fraud. Indeed, the first two depositions in this case – taken within one week of the Order – have done just that. And it will continue. In addition to demonstrating the reasonableness of WellCare's 80/20 reporting methodology, discovery will establish WellCare created this corporate structure and utilized this 80/20 methodology with the advice and consent of outside counsel, among other exculpatory facts.

Thus, the Government is correct in one-respect: the "polluting" spread of "previously unknown information" – which, in civil cases, is described as the truth-finding process – will "degrade" the ability of any entity to pursue unfounded fraud claims against these individuals or any of the twenty "former officers and employees" whom the Government repeatedly references in its public announcements.[6] There is nothing nefarious, however, about using proper discovery of the underlying facts to defeat Lead Plaintiffs' claims and to share that information with the Government. *Compare* Second Motion to Stay at 7 (citing oral argument excerpts) *with* Stipulated Protective Order (DE 164, Exh. 1) ¶ 13 (allowing parties to provide discovery material to government agency "in connection with any investigation or proceeding commenced by the Government"); *see also* Order at 4, 8 (distinguishing discovery into underlying facts as opposed to discovery into government reports).

The Government's efforts, if allowed to persist, will continue to prejudice and delay the Individual Defendants' right to a fair adjudication of these claims and, therefore, weighs

---

[6] In its Motion, the Government alleges that "the investigative team involved in the ongoing grand jury investigation has identified a number of former WellCare officers *and employees* who the available evidence reveals are the individuals primarily responsible for the fraudulent conduct at issue. Second Motion to Stay at 4 (emphasis added). Similarly, during oral argument, the Government stated when "we refer to officers and employees of Wellcare . . . . it's a phrase meant to capture all of the conduct of probably 20 people or more." DE 240, Exh. 1 at 37. These types of statements will induce potential witnesses to assert their Fifth Amendment rights, further obstructing to the truth-seeking purpose of civil discovery.

-17-

strongly against granting this motion under Rule 24(b).

**C.      The Court Should Exercise Its Discretion To Deny the Application To Intervene Under Rule 24(b) Because The Government's Restyled Motion To Stay Is An Improper Evasion of Rule 72**

In considering a motion to intervene under Rule 24(b), the Court is afforded broad discretion. *Worlds v. Dep't. of Health & Rehabilitative Servs.*, 929 F.2d 591, 595 (11th Cir. 1991) ("'If there is no right to intervene as of right under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) . . . .'") (citations omitted). The Individual Defendants respectfully submit that the Court can, and should, utilize that discretion to prevent the Government from improperly evading this Court's prior Order and circumventing the clear requirements of the Federal Rules of Civil Procedure.

Although restyled with a different caption, the Government's renewed motion to stay seeks the same relief – staying these proceedings – and is subject to the same legal analysis as its initial motion. *Compare* First Motion to Stay at 8-14 *with* Second Motion to Stay at 10-16 (duplicating 10 verbatim paragraphs). Under whatever caption it chooses, the Government bears a "heavy burden" to demonstrate "substantial and irreparable prejudice" if the civil action is allowed to proceed. First Opposition at 8 (citing *United States v. Lot 5, Fox Grove, Alachua County, Florida*, 23 F.3d 359, 364 (11th Cir. 1994) (affirming denial of stay motion) (citing *United States v. Kordel*, 397 U.S. 1, 12 & n.27 (1970))).

This Court has already found that the Government failed to meet this burden. *See* DE 235 at 8 ("a stay of discovery is not warranted based on the current record. The United States has not demonstrated that the grand jury investigation will be adversely affected absent a stay."). The Government has not articulated any new facts or circumstances that would change the record. Because the Government has not objected under Rule 72(a) – and is affirmatively "not disputing the analysis in that Order" (Second Motion to Stay at 1) – that finding controls. *Ash v. Providence Hosp.*, No. 08-0525, 2009 WL 424586, at *2 (S.D. Ala.

Feb. 17, 2009) (denying defendant's motion to remand where "[s]imply put, any objection by Baxter relating to the failure of the Magistrate Judge to grant its Motion to Stay is not properly before this Court"); *cf. Farrow v. West*, 320 F.3d 1235, 1249 n.21 (11th Cir. 2003) (refusing to revisit issue that petitioner "waived . . . in the district court by not objecting to the magistrate judge's ruling"); *Royal Ins. Co. v. Latin Am. Aviation Servs., Inc.*, 210 F.3d 1348, 1350 (11th Cir. 2000) ("No appeal was taken from [the magistrate judge's order] . . . . While there are exceptions to the law of the case doctrine . . . none apply here.").

The purpose behind the Government's tactic is plain: evading the statutory burden of proof imposed by Rule 72(a). That Rule provides:

> A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Government knows it cannot establish this Court's Order was "clearly erroneous" or "contrary to law" and so it does not try.[7] Nothing in the Federal Rules of Civil Procedure, however, provides that a party – much less the United States Government – is entitled to evade this statutory standard of review by filing a new motion with a different title. *See Moore v. Fieser*, No. 88-1134, 1989 WL 89940, at *1 (D. Kan. July 14, 1989) (rejecting attempt to circumvent Rule 72(a) by filing a second motion that "did not present any change in circumstances since filing the earlier motion" and noting "[i]f such a practice were allowed and employed with any frequency, it would foreseeably be a substantial burden

---

[7] As the Court is well-aware, this is an "extremely deferential" standard. *See Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-J-99, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007); *Tolz v. Geico Gen. Ins. Co.*, No. 08-80663, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010). "A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Slater v. Progress Energy Serv. Co.*, No. 8:09-cv-208, 2010 WL 1408431, at *2 (M.D. Fla. Apr. 6, 2010) (citing *Ford v. Haley*, 195 F.3d 603, 617 (11th Cir. 1999)); *Madura v. Countrywide Home Loans, Inc.*, No. 806-cv-2073-T-24TBM, 2008 WL 961165, at *1 (M.D. Fla. Apr. 7, 2008).

to a magistrate's case load."); *L.C. 1 v. Delaware*, No. 07-675, 2009 WL 3806335, at *1 (D. Del. Nov. 13, 2009) (rejecting attempt to evade Rule 72 by filing amended complaint after magistrate judge granted motion to dismiss); *Karnes v. Fleming*, No. H-07-0620, 2008 WL 4528223, at *10 (S.D. Tex. July 31, 2008) (denying motion for reconsideration which court characterized as an attempt to "circumvent Rule 72(a)").

Rather than rush back to Court – presumably seeking a different audience – the Government ought to make a good-faith attempt to proceed under the framework established by this Court. The Individual Defendants believe the restrictions and conditions in the Order are working. The Government has not objected to any new discovery request or deposition and lodged only a single concern during three days of critical testimony – a concern that the Government itself acknowledges was handled in a professional manner to accommodate the Government's stated concerns. Second Motion to Stay at 18 n.15.[8]

The Individual Defendants respectfully submit that the Court need not indulge the Government's attempt to evade the Court's Order and the Federal Rules of Civil Procedure and, on that basis alone, can and should exercise its considerable discretion under Rule 24(b) and deny the Government's Second Application to Intervene.

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that this Court deny the Government's Second Application to Intervene. If the Application is granted, the Individual Defendants will file an opposition to the Second Motion to Stay.

---

[8] Similarly, the Government expresses concern that deponents were provided with a presentation prepared by WellCare's Special Committee, "which the government believes contained an overview of the allegations at issue in the government's criminal investigation." *See* Second Motion to Stay at 22 n.16. As the record reflects, it was counsel for the Individual Defendants – not the Government – who raised concerns regarding the use of this document. Exh. 2 at 82. Rather than object to Lead Plaintiffs' use of the document, the Government stated "I will tell you this. It sounds as if the report being discussed is a report that may have been made for or presented to the SEC. In any event, it wasn't -- it doesn't sound like it was something made specifically at my request or anyone I am working with's request. And obviously I don't want to even remotely attempt to unnecessarily limit the discovery outside really what I think the intent of Magistrate Judge Jenkins; the language in Magistrate Judge Jenkins' order." *Id.*

Dated:  June 23, 2010                        Respectfully submitted,


By: /s/ Keith E. Eggleton_____             By: /s/ Jack Fernandez_____
Keith E. Eggleton (admitted *Pro Hac Vice*)   Morris "Sandy" Weinberg, Jr.
Dale R. Bish (admitted *Pro Hac Vice*)        Florida Bar No. 486401
WILSON SONSINI GOODRICH &                     Jack Fernandez
   ROSATI, P.C.                 Florida Bar No. 843751
650 Page Mill Road                            ZUCKERMAN SPAEDER, LLP
Palo Alto, CA 94304                           101 East Kennedy Blvd., Suite 1200
Telephone:   (650) 493-9300                   Tampa, FL 33602
Facsimile:   (650) 565-5100                   Telephone:   (813) 321-8215
keggleton@wsgr.com                            Facsimile:   (813) 223-7961
                                              jfernandez@zuckerman.com
Counsel for Defendant
THADDEUS BEREDAY

By: /s/ Thomas C. Newkirk_____             By: /s/ Douglas J. Titus_____
Thomas C. Newkirk (admitted *Pro Hac Vice*)   Douglas J. Titus, Jr.
Michael K. Lowman (admitted *Pro Hac Vice*)   Florida Bar No. 213756
JENNER & BLOCK LLP                            Peter E. George
1099 New York Ave., N.W.                      Florida Bar No. 571938
Washington D.C. 20001                         GEORGE & TITUS, PA
Telephone:   (202) 639-6099                   100 South Ashley Dr., Suite 1290
Facsimile:   (202) 661-4926                   Tampa, FL 33602
tnewkirk@jenner.com                           Telephone:   (813) 273-0355
                                              Facsimile:   (813) 276-1515
                                              dtitus@georgeandtitus.com
Howard S. Suskin (admitted *Pro Hac Vice*)
353 N. Clark Street
Chicago, IL 60654-3456
Telephone:   (312) 923-2604
Facsimile:   (312) 840-7604
hsuskin@jenner.com


Counsel for Defendant
TODD FARHA

By: */s/ Michael Matthews* \
Michael P. Matthews \
Florida Bar No. 063988 \
Lauren L. Valiente \
Florida Bar No. 034775 \
FOLEY & LARDNER LLP \
100 North Tampa St., Ste. 2700 \
Tampa, FL 33602 \
Telephone:    (813) 229-2300 \
Facsimile:    (813) 221-4210

Counsel for Defendant \
PAUL BEHRENS

By: */s/ John F. Lauro* \
John F. Lauro, Esq. \
Florida Bar No. 0794074 \
LAURO LAW FIRM \
Suite 3100 – Bank of America Plaza \
101 East Kennedy Boulevard \
Tampa, FL 33602 \
Telephone:    (813) 222-8990 \
Facsimile:    (813) 222-8991 \
jlauro@laurolawfirm.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 23, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send an electronic notice to all counsel of record who are registered to receive electronic notices.  I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:  NONE.

/s/ Keith E. Eggleton
Keith E. Eggleton
Attorney