```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

EASTWOOD ENTERPRISES, LLC,
Individually and on Behalf of
All Others Similarly Situated,

       Plaintiffs,

v.                      CASE NO:   8:07-cv-1940-T-33EAJ

TODD S. FARHA, PAUL L. BEHRENS,
THADDEUS BEREDAY, and
WELLCARE HEALTH PLANS, INC.,

       Defendants.
_____/

**ORDER**

    This cause comes before the Court pursuant to Intervenor United States of America's Motion for a Case Management Conference, Adjustment of Case Scheduling Order, and for Temporary Stay of Proceedings to Prevent Ongoing and Future Harm to Federal Criminal Investigation ("Second Motion to Stay")(Doc. # 240).  Defendants Farha, Behrens and Bereday ("Individual Defendants") filed a Response thereto (Doc. # 256).

I.   <u>Background</u>

    This Court entered its Case Management and Scheduling Order (Doc. # 155) on December 3, 2009.  The United States moved for an immediate limited stay of discovery ("First Motion to Stay" Doc. # 218) on May 13, 2010.  An order was

entered by the Magistrate Judge denying the United States' First Motion to Stay (Doc. # 235) on June 3, 2010. The Magistrate Judge's order made clear that issues relating to the Case Management and Scheduling Order are properly addressed to the District Judge and that, absent an adjustment to the Case Management Scheduling Order, the parties in this action would be prejudiced should discovery be delayed for any reason. The United States now moves this Court to schedule a case management conference in this civil action, adjust the Case Management and Scheduling Order, and stay this civil proceeding for a period of 150 days.

   The United States asks that this case be stayed for 150 days to avoid prejudice to a related criminal investigation pending before a grand jury. Specifically, the United States is requesting such relief in order to allow the government to expeditiously conclude the ongoing criminal investigation prior to any further civil discovery by the parties and to ameliorate any potential harms to the parties in this civil action.

   Individual Defendants contend that if the Court grants the United States' Second Motion to Stay, any such adjustments to the case management deadlines should likewise be made to the case management deadlines in Wellcare Health Plans, Inc.

2

v. Farha, et al., 8:07-cv-1952-T-33EAJ. Individual Defendants also submit that document discovery as well as "depositions of various third parties to which the government does not object" can and should continue even if the Court grants the Second Motion to Stay.

II. Standard of Review

"[A] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 364 (11th Cir. 1994)(quoting United States v. Kordel, 397 U.S. 1, 12 & n.27 (1970)). "While a stay in a civil proceeding when no indictment has yet issued in the criminal proceeding is rare, issuing such a stay is within [a] court's inherent powers." S.E.C. v. Healthsouth Corp., 261 F. Supp. 2d 1298, 1327 (N.D. Ala. 2003).

In some instances, a stay may be justified by a litigant's use of civil discovery procedures to circumvent the limitations imposed by the criminal discovery rules.[1] See

---

[1] "A criminal defendant is entitled to rather limited discovery, with no general right to obtain the statements of the Government's witnesses before they have testified." Degen v. United States, 517 U.S. 820, 825 (1996)(citing Fed. R. Crim. P. 16(a)(2), 26.2). "In a civil case, by contrast, a party is entitled as a general matter to discovery of any

3

Application of Eisenberg, 654 F.2d 1107, 1113 (5th Cir. Unit B Sept. 1981).[2]  As explained in Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962):

> The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first.  Administrative policy gives priority to the public interest in law enforcement.  This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

Id. at 487.

III. Analysis

The Magistrate Judge discussed and gave weight in her order denying the United States' First Motion to Stay to the fact that delaying the discovery would almost certainly prejudice the Individual Defendants in their defense of this suit because only a brief period of time would remain between the end of the stay and the case deadlines and trial date. "There is no reason to believe that the October 20, 2010

---

information sought if it appears 'reasonably calculated to lead to the discovery of admissible evidence.'" Id. at 825-26 (quoting Fed. R. Civ. P. 26(b)(1)).

[2]The case law of the former Fifth Circuit rendered prior to the close of business on September 30, 1981 has been adopted as binding precedent in this judicial circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

deadline for discovery and dispositive motions or the February 2011 trial date will be extended if discovery is stayed." (Doc. # 235 at 7).

This Court, upon reconsideration of the circumstances in this case,[3] finds that a continuance of the discovery and dispositive motions deadline and the February 2011 trial date is warranted. The Court notes that, as set forth in his Motion for Protective Order, Defendant Behrens does not object to a 150-day stay of discovery. As to document discovery and depositions of various third parties, this Court is not inclined to allow document discovery and depositions of various third parties during the stay.

The Court finds that special circumstances are present in this case such that the interests of justice require a stay of this civil proceeding for 150 days due to the related criminal proceeding. Considerations of this Court include, but are not limited to, the acknowledged use of civil discovery to combat the criminal investigation and future prosecution, the ongoing use of civil discovery to investigate the criminal

---

[3] At the January 6, 2010 status conference, the undersigned advised the parties that this case would be tried within three years of when it was filed as required by the Civil Justice Reform Act and this Court's Local Rules (Doc. # 161 at 41:18-22).

investigation, the resulting inequities to the government caused by asymmetrical discovery, the premature disclosures to the Individual Defendants and others of potential government witnesses and information, and the impact of the ongoing civil discovery on the integrity of the criminal investigation.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Intervenor United States of America's Motion for a Case Management Conference, Adjustment of Case Scheduling Order, and for Temporary Stay of Proceedings to Prevent Ongoing and Future Harm to Federal Criminal Investigation (Doc. # 240) is **GRANTED** to the extent that this case is **STAYED** for a period of 150 days from the date of this Order. On December 17, 2010, the stay will be automatically lifted. The Court will thereupon enter an amended case management and scheduling order resetting the pertinent deadlines in this case. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case during the period of the stay.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of July, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6

Copies:

All Counsel of Record