```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

EASTWOOD ENTERPRISES, LLC
Individually and on Behalf of
All Others Similarly Situated,

       Plaintiffs,

v.                              CASE NO:  8:07-cv-1940-T-33EAJ

TODD S. FARHA, PAUL L. BEHRENS,
THADDEUS BEREDAY, and
WELLCARE HEALTH PLANS, INC.,

       Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Lead Plaintiffs' Motion for an Appeal Bond (Doc. # 284). Lead Plaintiffs move this Court for an order requiring objector Todd Brachman to post an appeal bond in the amount of $5,025,000 pursuant to Federal Rule of Appellate Procedure 7 in order to pursue his appeal. Mr. Brachman has failed to file a response thereto.

Lead Plaintiffs ask this Court to require a $25,000 appeal bond for the costs of the appeal and a $5,000,000 appeal bond to cover the damages that the class may suffer as a result of the appeal. The Court finds that the case law supports the request for the appeal bond for the costs of the appeal but not for an appeal bond to cover damages.

Federal Rule of Appellate Procedure 7 provides in pertinent part:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

Fed. R. App. P. 7; see also Pedraza v. United Guar. Corp., 313 F.3d 1323, 1328 (11th Cir. 2002). The purpose of this rule is to protect the appellee from the risk of nonpayment by the appellant, if appellee wins the appeal. See Adsani v. Miller, 139 F.3d 67, 75 (2d Cir. 1998).

The Court finds that an appeal bond for costs of the appeal is warranted in this case. Mr. Brachman filed a deficient objection and did not appear at the final settlement hearing, but has filed a *pro se* Notice of Appeal from this Court's Order and Judgment (Doc. # 276), Order Approving Plan of Allocation (Doc. # 277), Order Granting Lead Counsel's Application for an Award of Attorneys' Fees and Reimbursement of Expenses (Doc. # 278), and Judgment (Doc. # 281). The Court agrees with Lead Plaintiffs that Mr. Brachman has no standing to appeal, as he has failed to establish that he is a Class Member and did not file a Proof of Claim form, and his appeal has no merit

An appeal here will entail significant costs, including

copying costs for briefs and compilation of the substantial appellate record. Lead Plaintiffs argue that the copy costs alone, taxed at the Eleventh Circuit rate of $0.25 per page for commercial reproduction, will likely amount to tens of thousands of dollars. This Court agrees that a $25,000 bond for these taxable costs is appropriate. See, e.g., In re Currency Conversion Fee Antitrust Litig., No. M 21-95, 2010 WL 1253741, at *3 (S.D.N.Y. Mar. 5, 2010); Berry v. Deutsche Bank Trust Co. Am., 632 F. Supp. 2d 300, 308 (S.D.N.Y. 2009); Baker v. Urban Outfitters, Inc., No. 01 CV 5440 LAP, 2006 WL 3635392, at *2 (S.D.N.Y. Dec. 12, 2006); In re Initial Pub. Offering Sec. Litig., 728 F. Supp. 2d 289, 294 (S.D.N.Y. 2010).

As for the $5,000,000 appeal bond to cover damages, the two cases cited by Lead Plaintiffs in support of their argument that district courts have required objectors to post appeal bonds in the an amount to cover the damages that the entire class will lose as a result of the appeal are unavailing. In Allapattah Servs., Inc. v. Exxon Corp., No. 91-0986-CIV, 2006 WL 1132371, at *18 (S.D. Fla. Apr. 7, 2006), the district court prospectively ordered an objector, if it filed an appeal, to post a $13 million bond to cover the damages the class would suffer. The district court cited to

Pedraza in support of its ability to order an appeal bond in an amount sufficient to cover the damages that the class will lose as a result of the appeal. Id. The Eleventh Circuit in Pedraza, however, did not address or approve including potential damages to a class in an appeal bond. Pedraza, 313 F.3d 1323.

Likewise, Lead Plaintiffs cite to In re Compact Disc Minimum Advertised Price Antitrust Litig., No. MDL 1361, 2003 WL 22417252, at *1 (D. Me. Oct. 7, 2003), to support the argument that damages resulting from delay or disruption of settlement administration caused by a frivolous appeal may be included in a Rule 7 bond. The district court in Compact Disc, however, cites to In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 124, 128 (S.D.N.Y. 1999), as its authority for including damages in an appeal bond. In re Compact Disc, 2003 WL 22417252, at *1. In re NASDAQ, however, appears to be the only case in the Second Circuit that supports this argument. The clear majority of cases in that circuit hold that damages for delay cannot be included in Rule 7 bonds where no underlying statute provides for the inclusion of such costs. See In re Initial Public Offering, 728 F. Supp. 2d at 296-97; In re Air Cargo Shipping Servs. Antitrust Litig., No. 06-MD-1775, 2010 WL 1049269, at *2 (E.D.N.Y. Mar. 22, 2010);

4

In re AOL Time Warner, Inc., Sec. & "ERISA" Litig., No. 02 Cv. 5575(SWK), 2007 WL 2741033, at *4 (S.D.N.Y. Sept. 20, 2007); In re Currency Conversion, 2010 WL 1253741, at *3.

As such, the Court finds that Lead Plaintiffs have not met their burden of establishing a right to an appeal bond to cover delay damages to the class.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Lead Plaintiffs' Motion for an Appeal Bond (Doc. # 284) is **GRANTED IN PART**.

(2) Mr. Brachman shall post an appeal bond in the amount of $25,000 (twenty-five thousand) with the Clerk of Court on or before **July 28, 2011**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of July, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record

5